# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 3:13-cr-00016 (JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK, | : | |
| | : | |
| Defendant. | : | November 15, 2013 |
| | : | |

## JESSE C. LITVAK'S
## PROPOSED VOIR DIRE QUESTIONS

The defendant, Jesse C. Litvak, respectfully requests that the Court ask the following

questions of prospective jurors during voir dire in this matter:

1.      Please state the following:

    a.  Your occupation;

    b.  Educational background;

    c.  Hobbies and interests;

    d.  Whether you are married;

    e.  Whether you have been divorced;

    f.  Whether you have been married more than once;

    g.  Whether you have any children and their ages;

    h.  How long you have lived in Connecticut.

2.      The Attorneys in this case for the government are:  Assistant U.S. Attorney

Jonathan Francis and Assistant U.S. Attorney Eric Glover.  In addition, the defendant is

represented by the following attorneys:  Attorney Patrick Smith, Attorney John Hillebrecht, Attorney Sarah Zimmer, and Attorney Ross Garber.  Does anyone know any of the named attorneys or been associated with them in any way?

3.      Are you familiar with any of the people or the events that you have been told may be involved in this case?

4.      Have you read or heard anything about this case prior to your time here in court today?

5.      Have you ever sought employment with the federal government, including the U.S. Attorney's Office or the United States Post Office?

6.      Have you ever sought employment with the state government, including any police department, the State's Attorney's office, or any other law enforcement agency?  Have you or has any of your close friends or relatives attended law school and/or worked in the legal industry?

7.      Have you ever worked in the financial industry, including working for a bank, working as a financial planner, or as an accountant?

8.      Have you, or has a close friend or relative, ever made or lost so much money on an investment of any kind that it affected your lifestyle?

9.      Have you been following news stories about the financial crisis, or have you read any books or seen any movies about alleged misconduct in the financial, and/or mortgage-backed securities industries?  If so, what have you seen?  Would these experiences affect your ability to sit as an impartial juror?

10.     Do you believe that a person's employment in the financial industry makes him or her more to blame for the financial crisis?  Please explain your answer.

11.     Do you read any financial periodicals, such as Barron's, The Wall Street Journal, or the financial sections of any newspapers?  If so, which ones?

12.     Have you ever testified as a witness in any legal proceeding?  If yes, please explain.

13.     Have you, or has a close friend or relative, ever been the victim of a crime, including crimes that involve money?

    a.  If so, state the nature of the crime and date of the crime.

    b.  Was the crime solved?

    c.  What, if any, loss or injury was sustained?

    d.  Were you satisfied with law enforcement's efforts and the final outcome?

14.     Have you, or has a close friend or relative, ever assisted law enforcement in the investigation of any sort of complaint?  If yes, please explain.

15.     Have you, or has a close friend or relative, ever assisted law enforcement in the investigation of any complaint that involved real estate, financial, and/or mortgage lending industries?  If yes, please explain.

16.     Have you, or has anyone close to you, ever been accused of committing a crime?  If yes, please explain.

17.     Have you, or has anyone close to you, had a favorable or unfavorable interaction with anyone involved in local, state, or federal law enforcement?  If yes, please explain.

18.     Have you ever before served as a trial juror?  If so, please tell us whether you served as a juror in criminal and/or civil case(s) and without telling us the verdict, please tell us whether or not a verdict was reached.

19.     Have you ever served as a grand juror?

20.     Do you have any beliefs about police officers or federal agents—positive or negative—that might affect your ability to judge the credibility of a law enforcement agent?

21.     Do you have any responsibility or issue that would prevent you from serving as a juror in this case or impair your ability to concentrate during trial?

22.     Do you have any physical or medical problems that might make jury service difficult?

23.     Have you had any experiences in your life that make you question whether, in this particular case, you might have some difficulty being fair, open-minded and impartial throughout all the stages of trial, including the deliberations?

24.     You have heard that Mr. Litvak has been charged in an "indictment."  An indictment is nothing more than a piece of paper that notifies the defendant that he is being charged with committing certain crimes.  Do you think that you will have any difficulty accepting this principle of law?  It is the bedrock foundation of our criminal justice system that you must presume that Mr. Litvak did not commit the crimes as charged—that he is innocent. Is there anybody who thinks he or should would have difficulty presuming that Mr. Litvak is innocent?

25.     Would you make it a matter of conscience and a moral commitment to be fair and impartial at all stages of this trial, including deliberations?

26.     As I have instructed you, under the law which you must apply, Mr. Litvak is

presumed to be innocent and the burden of proof beyond a reasonable doubt is entirely upon

the prosecution.  Mr. Litvak has absolutely no burden.  Does any of you feel that a defendant

must persuade you of his innocence before you find him not guilty?

27.     Under our legal system, the facts are for the jury to determine, and the law is

for the court.  These two areas are separate and distinct.  At the end of the case, the court will

instruct you as to what the law is.  You are required to accept the law as it is explained to you.

It will be your job to determine what the facts are in accordance with the law that is applicable,

as the court explains it.  Do you think that you will be able to accept the law as the judge

explains it, even if you disagree with it?

28.     As you have heard, the government has charged Mr. Litvak with securities

fraud, TARP fraud, and making false statements to the government.  The prosecution may

present evidence that Mr. Litvak made false or misleading statements.  At the end of the case,

as part of my instructions, I will explain to you that not every false or misleading statement is a

crime.  Each of the crimes charged will require the prosecution to prove what is called

materiality or importance.  Will you be able to accept and follow my instructions that false or

misleading statements must be proven to be material beyond a reasonable doubt?

29.     Under our law, the defendant has the right to decide whether or not to present

evidence because the defendant has no burden of proof at all and is presumed innocent.  If Mr.

Litvak elects not to testify or not to present any evidence, the Court will instruct you that you

must not draw any inferences against him based on that decision.  Do you understand that the

defendant's decision not to testify must not enter into a jury's deliberation on the case against a

defendant?  The reason for this rule is that all persons who are accused are presumed to be

innocent persons, and by their plea of not guilty, they have stated to you that they are not

guilty.  It is the prosecutor who must, if he can, establish by evidence that Mr. Litvak is guilty

beyond a reasonable doubt.  Do you believe you would have difficulty accepting and following

that rule?

       30.     The government has charged Mr. Litvak with having committed more than one

crime.  As I mentioned before, those charges are not evidence.  Does the fact that he is

charged with more than one crime affect your ability to presume him innocent of the charges

he faces?

       31.     Do you understand that if you are selected to serve, you must deliberate on each

charge pending against Mr. Litvak individually and return a verdict on each charge?

       32.     If you believe or have any feeling or suspect that certain facts exist but that

these facts have not been proven beyond a reasonable doubt, would you be willing to disregard

those feelings or suspicions and decide this case solely on the evidence or lack of evidence?

       33.     If, at the conclusion of the case, you felt convinced that the defendant may have

committed some crime, but you were not convinced beyond a reasonable doubt that he is guilty

of the precise crime on which you are sitting in judgment, would you hesitate to find him not

guilty as charged?

       34.     If you are selected as a juror and you are deliberating and there is a dispute as to

what the law is on a particular point, would you feel comfortable asking that a note be sent to

the judge for further instruction?

35.    If you are selected as a juror and you are deliberating and one of your fellow jurors is not following the law, would you feel comfortable telling that fellow juror that the case can only be decided based on the facts as applied to the law as the judge has explained it?

36.    If 11 other jurors held the view opposite your own, would you change your vote simply to get the matter over with or do you understand that deliberations require you to vote your conscience and that unless in good conscience the 11 others persuade you, the law requires you to hold your position?

37.    Do you have any concern about your ability to be fair and impartial in this particular case?

38.    Is there any reason at all that you can think of that would make it difficult in any way for you to serve as a juror in this case, or that makes you reluctant to serve?

Respectfully submitted,

**THE DEFENDANT,
JESSE C. LITVAK**


By:   /s/ Ross H. Garber
      Ross H. Garber
      Fed. Bar No. ct17689
      SHIPMAN & GOODWIN LLP
      1 Constitution Plaza
      Hartford, Connecticut 06103
      Tel:  (860) 251-5000
      Fax:  (860) 251-5099
      E-mail:  rgarber@goodwin.com

      Patrick J. Smith (admitted *pro hac vice*)
      Sarah B. Zimmer (admitted *pro hac vice*)
      DLA Piper LLP (US)
      1251 Avenue of the Americas, 27th Floor
      New York, New York 10020
      Tel.:  (212) 335-4500
      Fax:  (212) 884-8509
      E-mail:  patrick.smith@dlapiper.com
              sarah.zimmer@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:   /s/ Ross H. Garber
Ross H. Garber