UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA   :       :       Crim. No. 3:13CR19(JCH)
                                                   :
          v.                                       :
                                                   :
JESSE C. LITVAK                            :       November 15, 2013

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1.      Do you, a member of your family, or a close friend know the prosecutors in this

case, Assistant United States Attorneys Jonathan N. Francis or Eric J. Glover?

2.      The following attorneys are Assistant United States Attorneys in the Office of the

United States Attorney for the District of Connecticut:

Deirdre M. Daly, Acting United States Attorney

| Bridgeport Office | Hartford Office |
|---|---|
| Harold H. Chen | Michael Ahearn |
| Tracy Dayton | William A. Collier |
| Brenda M. Green | Natasha Dye |
| Rahul Kale | Jonathan S. Freimann |
| Paul A. Murphy | Carolyn A. Ikari |
| Ann M. Nevins | Brian P. Leaming |
| Krishna R. Patel | Paul H. McConnell |
| Alina P. Reynolds | David C. Nelson |
| Stephen B. Reynolds | Lisa E. Perkins |
| Vanessa Richards | Deborah R. Slater |
| Richard J. Schechter | Geoffrey M. Stone |
| Anne Thidemann | S. David Vatti |

New Haven Office

Liam B. Brennan
Patrick F. Caruso
Edward Chang
Felice Duffy

John H. Durham
Jonathan N. Francis
Sandra S. Glover
Michael J. Gustafson
H. Gordon Hall
David T. Huang
John B. Hughes
Peter S. Jongbloed
Anthony E. Kaplan
Sarah P. Karwan
Anastasia M. King
Keith A. King
Henry K. Kopel
Peter D. Markle
Michelle McConaghy
Michael S. McGarry
Raymond F. Miller
Richard M. Molot
Douglas P. Morabito
Ndidi Moses
Lauren M. Nash
David E. Novick
Neeraj Patel
Michael E. Runowicz
Christopher W. Schmeisser
Christine L. Sciarrino
David J. Sheldon
Marc Silverman
Alan M. Soloway
Robert M. Spector
David X. Sullivan
Julie G. Turbert
Susan L. Wines

Does anyone know any of these individuals professionally or socially?

      3.      Do you know, either professionally or personally, Attorneys Patrick J. Smith,

Sarah B. Zimmerman, Andrew M. Zeitlin, Courtney G. Saleski, John M. Hillebrecht, Ross H.

Garber, or Michael G. Chase, who are the attorneys for the defendant, Jesse C. Litvak?

      4.      Have any of you had any dealings with the law firms of Shipman & Goodwin or

DLA Piper, where the defendant's attorneys work?

2

5.     The defendant, Jesse C. Litvak, resides in New York City.  He was a senior trader and managing director at Jefferies & Co., Inc., a securities and investment banking firm.  Mr. Litvak worked at the firm's Stamford, Connecticut office.  Does any member of the panel know the defendant, Jesse C. Litvak, or any member of his family?  Does anyone know anyone who works or worked at Jefferies & Co., Inc., or have any affiliation or knowledge of that firm?

6.     Do any of the members of this panel know each other?

7.     Do you know any of the following persons who may be witnesses or whose names you may hear during the trial:

**[INSERT GOVERNMENT AND DEFENSE WITNESSES AND NAMES OF INDIVIDUALS AND FIRMS LIKELY TO BE HEARD DURING THE INTRODUCTION OF EVIDENCE]**

8.     This case involves allegations that Jesse Litvak defrauded purchasers and sellers of certain securities known as residential mortgage-backed securities, or "RMBS."  The persons and entities whom Litvak is alleged to have defrauded include funds established by the U.S. Department of Treasury's Legacy Securities Public-Private Investment Program.  This program was part of the United States Government's Troubled Asset Relief Program, also known as "TARP," the so-called "bailout" passed into law in 2009 response to the financial crisis.  Mr. Litvak is also alleged to have made false and fraudulent statements in a matter within the jurisdiction of the United States Government.  Mr. Litvak denies these allegations.

Is there anything about the nature of these charges that would make it difficult for you to serve as a juror and be fair and impartial?

Is there anything about the TARP – that is, the bailout -- that would make it difficult for you to serve as a juror and be fair and impartial?

Is there anything about the nature of bond or securities trading that would make it difficult for you to serve as a juror and be fair and impartial?

9.      Have you or any of your relatives or close friends ever had any interaction with federal law enforcement agents?  If so, is there anything about that experience that would that would make it difficult for you to serve as a fair and impartial juror in this case?

10.      Have you read or heard any news accounts about federal law enforcement that could affect your ability to be fair and impartial to either the prosecution or the defense?

11.      Have you or any of your relatives or close friends ever had any interaction with the United States Attorney's Office?  If so, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

12.      Have you read or heard any news accounts about the United States Attorney's Office or the U.S. Department of Justice that could affect your ability to be fair and impartial to either the prosecution or the defense?

13.      Have you, or has any member of your family, or any close friend, had any interaction with the Department of the Treasury or the Special Inspector General for the Troubled Asset Relief Program, also known as SIGTARP?  If so, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

14.      Have you, any member of your family, or a close friend ever been involved in any dispute or civil suit or case involving the United States Government, or with any state or local government?  If so, what was the nature of the dispute or the civil suit or case, and did you, your family member or friend feel treated fairly?

15.      Do any of you have any personal feelings or opinions toward the United States Government, or the United States Department of Treasury?  Do you have any personal feelings

or opinions toward any federal agency for whatever reason?  If so, would those personal feelings make it difficult for you to serve as a fair and impartial juror in this case?

16.    Would you be inclined to either believe or disbelieve the testimony of an employee of SIGTARP or the Treasury Department solely because that person is employed by one of those agencies?

17.    Do you harbor any ill feelings for any reason toward state, or federal law enforcement agents?

18.    Have you, any member of your family, or a close friend ever been charged with, convicted of, or investigated concerning a criminal offense, other than minor traffic violations?

19.    Have you previously been a juror in a civil or criminal case?  If so, please provide the following:

       (a)    In which court (Federal, state, grand jury, etc.);

       (b)    Civil or criminal; and

       (c)    Did that jury reach a verdict?

20.    Do any of you have immediate relatives or close friends who are law enforcement officers or employed by a division of law enforcement, whether it be on the federal, state, or local level?  If so:

       (a)    Who?

       (b)    When were they employed?

       (c)    With what agency?

       (d)    Are you, your family member, or friend still so employed?  If not, why did you, your family member, or friend leave that job?

21.    Are any of you attorneys?  Do any of you have a family member or close personal

friend who is an attorney?  Would the fact that you, your family member, or close personal friend is an attorney affect your ability to be impartial in this case?

22.     This case involves allegations of violations of the federal securities laws, and violations of laws against committing fraud against federal assistance programs, including TARP, and against making false statements in matters within the jurisdiction of the United States.

(a)     Is there anything about your beliefs and/or affiliations that could prevent you from remaining fair and impartial to both the government and the defendant throughout the trial of this case?

(b)     Is there anything about your political beliefs or opinions, or any of your beliefs or opinions, about TARP, or the so-called "bailout," that could prevent you from being fair and impartial throughout the trial of this case?

(c)     Is there anything about your beliefs or opinions related to Wall Street or investment firms that could prevent you from being fair and impartial throughout the trial of this case?

23.     Do you recall whether you have read or heard any reports or news accounts relating to the investigation of this matter, the trial or the defendant?

(a)     Is there anything that you have read or heard that would cause you to form an opinion as to the guilt or innocence of the defendant or your ability to be fair and impartial to either the government or the defendant?

(b)     Will you be able to set aside anything you may have read or heard and judge the case fairly and impartially based on the evidence and the law as I instruct you?

24.     Have you ever worked for a financial services firm or an investment firm?  If so,

is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case?

      25.    Have you ever had any specialized training or experience with how bonds or securities are traded?  If so, is there anything about that specialized training or experience that would that make it difficult for you to serve as a fair and impartial juror in this case?

      26.    Following the presentation of evidence at trial, the Court will instruct you on the law that you must follow when reaching your verdict.

      (a)    Is there anything about your beliefs and opinions about the federal securities anti-fraud provisions that could prevent you from following the law as the Court instructs you?

      (b)    Is there anything about your beliefs or affiliations generally that could prevent you from following the law as the Court instructs you?

      (c)    Would you be able to follow the Court's instructions on the law in this case even if you disagreed with the law?

      (d)    Would you be able to follow the Court's instructions on the law in this case even if you thought the law at issue should be interpreted differently?

      (e)    Are you able to set aside all other personal beliefs and information you may have about the TARP, Wall Street and bond trading and reach a verdict in this case based solely on the evidence presented at trial and the law as the Court instructs you?

      27.    Do you have any physical or medical problems that would make it difficult for you to sit as a juror?

      28.    Does anyone have difficulty reading or understanding the English language?

      29.    Would you tend to excuse or overlook a criminal offense if you believed it was

committed for motives, reasons, or purposes with which you are sympathetic?

30.     Do you feel that, upon listening to the evidence, you could render a verdict which is completely fair to both the defendant and the Government?

31.     The Government is required to prove its case beyond a reasonable doubt.  If the Government proves its case beyond a reasonable doubt, do you have any reason, morally, philosophically or ethically, why you could not go into the jury room and convict a defendant?

32.     The law requires that you base your verdict on the facts as you find them to be from the evidence.  The law does not permit you to consider any emotion such as sympathy, prejudice, vengeance, fear, or hostility.  Do you feel that you are a person who cannot put these emotions out of your mind when deliberating on a verdict?

33.     Your duty, as jurors, is to judge guilt or innocence based on the evidence.  It is my duty as the judge to determine punishment if you vote guilty.  The law does not permit you to consider the issue of punishment because there are other factors which have nothing to do with this trial which will determine the sentence a defendant receives.  Would you vote "Not Guilty" no matter what the evidence indicates, merely because this crime may result in a prison sentence even though you do not know whether it will or not?

34.     Do you understand that the law requires you to base your verdict on the facts as you find them from the evidence presented in this courtroom?  Could you follow the Court's instruction that anything you may have seen or heard outside the courtroom or while the court is not in session is not evidence and must be disregarded?  Do you understand that you are to decide the case solely on the evidence received at trial?

35.     Is there anything not covered by the parties or the Court that you believe could affect your ability to be a fair and impartial juror in this case?

Respectfully submitted,

DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

*/s/Eric J. Glover*
ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut 06510
Federal Bar No. ct23923

*/s/Jonathan N. Francis*
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut 06510
Federal Bar No. phv05083

**<u>CERTIFICATION</u>**

I hereby certify that on November 15, 2013, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Eric J. Glover*
ERIC J. GLOVER
ASSISTANT U.S. ATTORNEY
