UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | December 3, 2013 |

**GOVERNMENT'S MOTION IN LIMINE TO
PRECLUDE EVIDENCE OR ARGUMENT BLAMING VICTIMS**

The Government respectfully requests that the Court issue an order precluding the defendant Jesse C. Litvak from introducing any evidence or argument that the securities customers who were defrauded in this case were negligent in entering into securities transactions with Litvak, and that any alleged negligence by the victims provides a defense to Litvak's conduct. The Second Circuit has unambiguously joined other courts in holding that a victim's conduct does not, as a matter of law, negate a defendant's intent to defraud and is therefore irrelevant. Accordingly, this Court should preclude any evidence or argument for such a defense.

**BACKGROUND**

Litvak is alleged to have perpetrated a fraudulent scheme and made false statements in the course of conducting securities transactions with his customers. At trial, the Government will be calling representatives from several investment funds and managers—either victims themselves or victims' fiduciaries—to whom Litvak made material misrepresentations of fact. These representatives will testify to, among other things, the misrepresentations made by Litvak and that the effect of those misrepresentations was to cause them to agree to enter into bond transactions at fraudulently inflated prices. The Government anticipates that Litvak will attempt to defend his fraudulent conduct by claiming that the investment funds and managers were

negligent or could have been more diligent in discovering or preventing his fraud. This diversionary strategy should not be permitted.

**ARGUMENT**

**I. THE COURT SHOULD PRECLUDE EVIDENCE OR ARGUMENT THAT VICTIMS' NEGLIGENCE IS A DEFENSE TO FRAUD**

It is not a defense to fraud to "blame the victim" of negligence or gullibility, just as it is no defense to burglary charges that the victim left his door unlocked. *United States v. Thomas*, 377 F.3d 232, 242 (2d Cir. 2004) (explaining that the purpose of the federal fraud statutes is "not to grant permission to take advantage of the stupid or careless"); *United States v. Amico*, 486 F.3d 764, 781 (2d Cir. 2007) (affirming principle that a victim's gullibility is not relevant to whether a defendant committed mail fraud).[1] "We refuse to accept the notion that the legality of a defendant's conduct would depend on his fortuitous choice of a gullible victim." *Thomas*, 377 F.3d at 243 (quotation marks and citation omitted).

In *Thomas*, defense counsel in a fraud trial attempted to cross-examine a representative of the victim entity about his purported lack of caution and diligence in dealing with the defendant. After the district court questioned the propriety of this line of questioning at sidebar, defense counsel was directed to move on. *Id.* at 240-41. The ruling was upheld on appeal. After

---

[1] *See also United States v. Coyle*, 63 F.3d 1239, 1244 (3d Cir. 1995) ("The negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct."); *United States v. Moore*, 923 F.2d 910, 917 (1st Cir. 1991) (approving jury instruction that "it is not a defense that the bank might have prevented its losses had it better internal controls or procedures"); *United States v. Callipari*, 368 F.3d 22, 37 (1st Cir. 2004), *vacated on other grounds*, 543 U.S. 1098 (2005) (approving exclusion of what it termed "blame the victim" line of cross-examination and noting that "[t]he court was well within its discretion to exclude evidence suggesting that [the victim], rather than [the defendant] and his co-conspirators, was to blame for the loss"); *United States v. Catalfo*, 64 F.3d 1070, 1078 (7th Cir. 1995) ("Fraud remains fraud even if the victim should have acted more prudently."); *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) (rejecting defense based on the victim's failure to have taken steps to uncover the fraud and concluding that "[t]he victim's negligence in not a defense to criminal conduct").

canvassing the nearly uniform law rejecting a defense of the victim's negligence, the Second Circuit emphasized that "the victim's *gullibility* or his own criminal background *is not relevant* to the inquiry as to whether the defendants were properly convicted . . . . If we held otherwise, we would be inviting con men to prey on people of below-average judgment or intelligence, who are anyway the biggest targets of such criminals and hence the people most needful of the law's protection. We decline to so hold." *Id.* at 243-44 (second emphasis added, internal citations omitted).

In this case, a relevant inquiry for the jury is whether defendant had the requisite knowledge and intent to defraud the victims. Any claim of the victims' purported lack of vigilance—or the suggestion that they could have done more to uncover Litvak's fraud—is irrelevant and runs the risk of confusing the jury. *United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (affirming conviction because [t]he excluded testimony . . . would have improperly shifted the jury's attention away from the knowledge and intent of [defendant] and focused instead on the beliefs of the victims of the alleged scheme to defraud"). The federal fraud statutes do not put victims on trial because "[t]hose who are gullible, as well as those who are skeptical, are entitled to the protection" of the federal fraud statutes. *Id*.

## CONCLUSION

In light of the Second Circuit's admonition that a victim's negligence, carelessness, or gullibility is no defense to a charge of fraud, the Court should issue an order precluding Litvak from introducing evidence or arguing that his victims could have or should have been more diligent in their investment decisions or were at fault for the crimes with which Litvak is charged.

Respectfully submitted,

DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

     /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov

ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT23923
eric.glover@usdoj.gov

157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                                       /s/
                                        JONATHAN N. FRANCIS
                                        ASSISTANT UNITED STATES ATTORNEY