UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | December 3, 2013 |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND ARGUMENT SUGGESTING THE ABSENCE
OF CRIMINAL ACTIVITY IN UNCHARGED TRANSACTIONS**

The Government respectfully moves this Court, pursuant to Fed. R. Evid. 402, 403, 404 and 405, for an order prohibiting defendant Jesse C. Litvak from introducing evidence pertaining to "other good acts" or the absence of criminal activity. Just as a bank robber cannot introduce evidence of all the times she went into a bank and did not rob it, here Litvak may not present evidence of uncharged securities transactions where he did not break the law.

Evidence of legitimate conduct in carrying out uncharged transactions is irrelevant and, thus, inadmissible under Fed. R. Evid. 402. Even if such evidence were somehow relevant to Litvak's character, the evidence is barred by Fed. R. Evid. 405(a) (prohibiting use of specific acts to prove character), and Fed. R. Evid. 404(b) (prohibiting use of specific acts to show character for propensity purposes). Furthermore, any marginal relevance the evidence has to prove Litvak's motive or intent would be substantially outweighed by its tendency to waste time and to confuse the jury. Fed. R. Evid. 403.

**BACKGROUND**

On January 25, 2013, a grand jury sitting in New Haven returned an Indictment charging Litvak with eleven counts of securities fraud, one count of TARP fraud and four counts of making false statements, all in connection with a scheme to use misstatements to cause his securities customers to agree to enter into bond transactions at prices that provided Litvak's

employer with extra and unearned profits at the victims' expense.  The Government's theory of its case has never been that every one of Litvak's securities transactions was fraudulent.  At trial, Litvak will have ample opportunity to disprove the Government's theory as to each transaction about which the Government offers specific testimony or evidence.

Any attempt by Litvak to show that he engaged in some non-fraudulent transactions would merely be an improper attempt to suggest that the charged transactions were not fraudulent, or that he is not the sort of person who commits fraud.  Evidence pertaining to fraud-free transactions, unless it is integrally related to testimony about a charged transaction, is not relevant to the charged conduct, and, therefore, such evidence would not qualify as proper non-propensity 404(b) evidence.

## ARGUMENT

### I. THE ABSENCE OF CRIMINAL CONDUCT IN UNCHARGED TRANSACTIONS IS IRRELEVANT

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Because "[e]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant," *United States v. Boykoff*, 67 F. App'x 15, 20 (2d Cir. 2003) (quoting *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978)), the Court should exclude any evidence relating to Litvak's allegedly "innocent," uncharged transactions.

Any assertion by Litvak that the lack of criminality in uncharged transactions is relevant to proving that he is innocent of the charged fraud scheme goes against well-established Second Circuit precedent.  In *United States v. Walker*, 191 F.3d 326 (2d Cir. 1999), the Second Circuit affirmed the conviction of a defendant tried for preparing false immigration asylum applications, holding that evidence that the defendant prepared legitimate asylum applications was "simply irrelevant" to whether defendant committed the charged crime. *Id.* at 336.  Similarly, in *United*

*States v. Scarpa*, 913 F.2d 993 (2d Cir. 1990), the Second Circuit affirmed a decision that held tapes purporting to show the defendants' innocuous conduct were irrelevant and inadmissible because "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *Id.* at 1011 (quoting *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990)).

Following this case law, courts within the Second Circuit routinely grant government motions *in limine* to exclude evidence of uncharged innocuous conduct. *See, e.g., United States v. Nekritin*, No. 10-CR-491, 2011 WL 2462744, at *5 (E.D.N.Y. June 17, 2011) (granting Government's motion *in limine* to exclude as irrelevant evidence that defendant legitimately billed for some Medicare and Medicaid covered procedures in uncharged cases, where indictment charged fraudulent billing practices "with respect to a limited number of patients");[1] *United States v. Perez*, No. 09 CR 1153, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (granting Government's motion *in limine* to exclude as irrelevant evidence that defendant acted legitimately when preparing other asylum applications, where indictment charged fraudulent preparation of specific applications). Likewise, this Court should grant the Government's motion *in limine* to exclude evidence of bond transactions that are allegedly non-criminal because such evidence is not relevant to the charged conduct in this case.

## II. INNOCUOUS CONDUCT IN UNCHARGED TRANSACTIONS IS INADMISSIBLE PROPENSITY EVIDENCE OF DEFENDANTS' GOOD CHARACTER

Rule 404(a)(1) codifies the common-law rule that a defendant may introduce evidence of

---

[1] *Nekritin* noted a possible exception where the Government alleged "ceaseless, all-encompassing criminal conduct." 2011 WL 2462744, at *5. Here, the Government does not allege "ceaseless, all-encompassing" criminal conduct as to all of Litvak's bond transactions. Rather, the Government has identified and charged a limited number of transactions as executions of the fraudulent scheme or as containing false statements.

his own character. *See United States v. Michelson*, 335 U.S. 469, 476 (1948) (permitting defendant to "introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged"). However, that right is constrained by two other evidentiary rules: first, that a person's character cannot be proven through evidence of specific acts; and second, that specific acts cannot be used to prove action in conformity therewith on other occasions.

In *Michelson*, the Supreme Court imposes a limitation on a defendant's character evidence, holding that a character witness "may not testify about defendant's specific acts or courses of conduct . . . ." 335 U.S. at 477. This was codified by Rule 405, which explicitly states that, ordinarily, the only proper methods for proving a person's character are testimony as to the person's reputation, or testimony offering an opinion as to the defendant's character. Fed. R. Evid. 405(a). Under Rule 405, evidence of specific acts is limited to cross-examination, *id.*, or to cases where character "is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(a)-(b). These limits on the use of specific acts to prove character recognize that such evidence "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." Fed. R. Evid. 405 advisory committee's notes.

Any attempt by Litvak to prove character by introducing evidence of his purportedly innocuous conduct in uncharged transactions would violate Rule 405(a), which prohibits the use of specific acts' evidence under these circumstances. The Second Circuit so held in *United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978), in which a Government meat inspector was convicted of accepting bribes from four meat processing plants that he inspected. The Court held that "the defense improperly attempted to establish defendant's good character by reference to specific good acts" when it introduced testimony that he did not take bribes at other plants. *Id.* at

1247-48.  There, the defense improperly used specific instances where the defendant had not accepted bribes to try to show that his character made him unlikely to have accepted bribes on other instances, with which he was charged.  *Id.*  In this case, it would be equally improper for the defense to introduce evidence about specific instances where Litvak did not make misrepresentations or perpetrate a fraudulent scheme to support an inference that Litvak's character makes it unlikely that he did so in the charged transactions.

Further, Litvak's specific act evidence is not admissible under Rule 405(b)'s limited exception to Rule 405(a).  That narrow exception is available only where some substantive law makes character an issue.  *See United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997); *see also* 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure—Evidence* § 5267 (1st ed. 1978) ("relatively few" cases fall under Rule 405(b)).  In this case, the elements of the charged crimes turn on intent and knowledge, but not character.  *See Doyle*, 130 F.3d at 542 (treating intent and knowledge as elements that can be refuted by specific character acts would "distort[] Rule 405 beyond recognition"); *cf. Shakur v. United States*, 32 F. Supp. 2d 651, 668 (S.D.N.Y. 1999) (example where character is an element:  where "the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver" is at issue (quoting Fed. R. Evid. 404(a) advisory committee's note)).

Rule 404(b) precludes the use of acts other than those involving the charged crimes "to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  *See United States v. Quattrone*, 441 F.3d 153, 191-92 (2d Cir. 2006) (affirming grant of Government's motion *in limine* to exclude evidence of legitimate emails where defendant charged with obstruction relating to email reminding employees of the "document retention" policy, because Rule 404(b) prohibits use of "specific acts of good character . . . to prove

[defendant's] action in conformity therewith"). Although the rule permits the admission of prior acts for purposes *other than* establishing the defendant's character for propensity to act in conformity therewith, see Fed. R. Evid. 404(b); *United States v. Garcia*, 291 F.3d 127, 135 (2d Cir. 1992), here any attempt by Litvak to introduce evidence of his allegedly lawful conduct in uncharged transactions would be done for the purpose of asking the jury to draw an improper propensity inference. Such evidence should be excluded.

### III. ANY MARGINAL RELEVANCE THE EVIDENCE MIGHT HAVE FOR PURPOSES OTHER THAN PROPENSITY TO ACT LAWFULLY IS SUBSTANTIALLY OUTWEIGHED BY THE RISK OF CONFUSING THE JURY.

Even if evidence of Litvak's innocuous conduct were admissible for a purpose other than to prove propensity (which it is not), the Court should exclude the evidence under Rule 403 because its probative value "is substantially outweighed by," among other things, "confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Allowing Defendants to offer evidence or argument suggesting that some number of Litvak's uncharged securities transactions may have been legitimate will not only consume a great deal of time, but will also confuse the jury.

Permitting Litvak to introduce evidence relating to allegedly legitimate transactions would risk creating a series of improper "trials within a trial." *See United States v. Bowe*, 360 F.2d 1, 16 (2d Cir. 1966) (upholding district court's exclusion of defendant's evidence where "it is apparent . . . that the introduction of the proffered testimony would have opened up a trial within a trial"). Allowing Litvak to introduce evidence of uncharged transactions would require the jury to determine whether he engaged in criminal conduct in those transactions. Such evidence should, therefore, be excluded because it improperly misleads the jury and provides little, if any, probative value. *See United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (upholding district court's exclusion under Rule 403 of defendant's evidence about uncharged conduct); *cf. United States v. Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (upholding

district court's limitations on defendant's cross-examination with respect to uncharged conduct under 403).

## **CONCLUSION**

The Government requests that the Court enter an order in advance of trial prohibiting Litvak from introducing any documentary or testimonial evidence of, presenting any argument to the jury about, or otherwise referencing the absence of criminal activity in uncharged transactions.

Respectfully submitted,

DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

         /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov

ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT23923
eric.glover@usdoj.gov

157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                                                                                            /s/
                                                                   JONATHAN N. FRANCIS
                                                                   ASSISTANT UNITED STATES ATTORNEY