UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | December 3, 2013 |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PURPORTED SELECTIVE PROSECUTION**

The Government respectfully moves that the Court issue an order pursuant to Federal Rule of Evidence 403 precluding the defendant Jesse C. Litvak from presenting evidence or arguments to the jury concerning the lack of prosecution of purportedly similarly situated or Litvak's former employer, Jefferies & Co., Inc. ("Jefferies"). Such a defense, challenging the prosecution itself as one that is selective or vindictive, is not properly presented to a jury and should be precluded.

**BACKGROUND**

Litvak was indicted on January 25, 2013 on eleven counts of securities fraud, one count of TARP fraud and four counts of making false statements, all in connection with a scheme that he allegedly perpetrated while employed as a RMBS bond trader at Jefferies. According to the Indictment, Litvak used misstatements to cause his securities customers to agree to enter into bond transactions at fraudulently inflated prices.

During the course of its investigation, the Government has developed evidence that others knew about—and, in some instances, participated in—Litvak's conduct. For instance, the Indictment alleges that Litvak informed his supervisor of misrepresentations that he was planning on making to a RMBS buyer, to which the supervisor responded "boom!" before completing the purchase of the RMBS from the seller. Indictment ¶ 37(d)-(e). Moreover, the

Government's investigation also revealed that other RMBS traders and salespeople made misrepresentations to customers similar to Litvak's, albeit only on a comparatively small number of occasions.

The Government's investigation has not to date resulted in charges against any other persons or entities.

## ARGUMENT

**I.   LITVAK MAY NOT RAISE A SELECTIVE PROSECUTION DEFENSE AT TRIAL**

It would be inappropriate for the defense to suggest that the lack of charges against others is evidence that, although crimes may technically have been committed, Litvak was without much criminal intent or that his crimes were not sufficiently serious to warrant federal prosecution.

The Government seeks to preclude Litvak from attempting to portray this prosecution as an overzealous or vindictive one, targeting a defendant who would not otherwise be prosecuted for this conduct. As with any defense based on "defects in the institution of the prosecution," a defense that questions or attacks the Government's decision to prosecute is not properly put before a jury. *See United States v. Cote*, 544 F.3d 88, 104 n.5 (2d Cir. 2008) (quoting F. R. Crim. P. 12(b)(1)). To wit, a claim of selective prosecution may only be presented to the Court by motion. *See United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) ("In this Circuit, a defendant who advances a claim of selective prosecution must do so in pretrial proceedings."); *United States v. Taylor*, 562 F.2d 1345, 1356 (2d Cir. 1977) (same). Such a claim is never properly tried to the jury. *See United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973); *United States v. Danielson*, No. 97 Cr. 295 (RPP), 1998

WL 226200, at *1 (S.D.N.Y. May 5, 1998) ("a selective prosecution claim is a claim based on alleged defects in the institution of a prosecution" and therefore must be raised before trial); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("The defendant does not have the right to present a selective prosecution claim to a jury.").

The leading Second Circuit case on the subject is *United States v. Regan*, 103 F.3d 1072 (2d Cir. 1997). In *Regan*, the defendant, a police officer charged with perjury, sought to defend himself at trial by claiming that the grand jury investigation in which he lied was "illegitimate" and a Government trap. *See id*. at 1081. Prior to trial, then-District Court Judge Chin precluded such a defense, finding the defendant's claim that the Government had "improper motives" in prosecuting him was not relevant to his guilt or innocence and thus was a matter "for the Court and not the jury." *See United States v. Regan*, No. 95 Cr. 29 (DC), 1995 WL 479416, at *2 (S.D.N.Y. Aug. 14, 1995).

On appeal, the Second Circuit upheld Judge Chin's order and approved of its reasoning, finding that despite Regan's attempt to characterize his claim as a defense on the merits, his allegation of "outrageous government conduct" was "ultimately separate from the issue of factual guilt." *Regan*, 103 F.3d at 1082. The Second Circuit analogized his claim to one of selective prosecution, and held that Regan's complaint was really that there was a "defect in the institution of the prosecution," and thus must be decided by the court rather than tried to the jury. *Id*. The Court noted that trying the matter of the propriety of the Government's conduct before the jury would improperly "add a new element to the crime," distracting the jurors from evaluation of the defendant's guilt. *Id*. at 1081.

Similarly, in *United States v. Stewart*, No. 03 Cr. 717(MGC), 2004 WL 113506 (S.D.N.Y. Jan. 26, 2004), Judge Cedarbaum considered and rejected defense efforts to "present[]

arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting [Martha] Stewart." *Id*. at * 1. Because "[s]uch arguments are essentially claims of selective prosecution," the Court ruled that the claim "must be directed to the court, not the jury, because it raises an issue that is independent of the question of the defendant's guilt or innocence." *Id*. (citing *Regan*, 103 F.3d at 1082). Moreover, in addressing the defendant's "wish[] to elicit from witnesses who are cooperating with the Government their understanding of the Government's eagerness to obtain evidence against Ms. Stewart," the Court ruled that "any evidence that raises questions of prosecutorial bias against Stewart has no bearing on the issues properly before the jury, including the credibility of cooperating witnesses." *Id*.

The defense should be precluded from asking the jury to infer from the absence of charges against others purportedly similarly situated to Litvak that he is being singled out for prosecution. Not only would such proof be offered for the improper purpose of presenting a selective prosecution claim to the jury, but it would virtually require the Government to put on evidence of why it made certain investigative or prosecutorial decisions. These topics have nothing to do with this trial, and they would cause needless confusion of the issues in violation of Rule 403 of the Federal Rules of Evidence. Accordingly, Litvak should not be permitted—through his own testimony, cross-examination of Government witnesses, or argument—to introduce evidence or argument regarding the presence or absence of charges brought or punishments levied against others.

## **CONCLUSION**

For the reasons set forth above, the Government's motion in limine to preclude evidence or argument regarding charges against others should be granted.

    Respectfully submitted,

    DEIRDRE M. DALY
    ACTING UNITED STATES ATTORNEY

    _____/s/_____
    JONATHAN N. FRANCIS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv05083
    jonathan.francis@usdoj.gov

    ERIC J. GLOVER
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT23923
    eric.glover@usdoj.gov

    157 Church Street, 25th Floor
    New Haven, CT  06510
    Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

          /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY