UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | December 3, 2013 |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
DEFENDANT'S HEARSAY STATEMENTS IN ELECTRONIC COMMUNICATIONS**

The Government respectfully submits this motion in limine pursuant to Rule 802 to preclude the defendant Jesse C. Litvak from offering any of his statements in electronic communications into evidence as inadmissible hearsay.

**BACKGROUND**

Litvak is alleged to have perpetrated a fraudulent scheme and made false statements in the course of securities transactions. The Indictment alleges that Litvak communicated in furtherance of his scheme through, among other means, electronic Bloomberg messages (akin to email), Instant Bloombergs (akin to one-on-one text messages) and Bloomberg chatrooms (akin to a message board used by multiple specifically designated participants). Litvak's electronic statements were preserved, and will be part of the Government's documentary evidence against him.

**ARGUMENT**

Litvak should be precluded from referring to any of his out-of-court electronic statements—other than those offered into evidence by the Government—as inadmissible hearsay not subject to an exception.

The Government is entitled to introduce evidence of Litvak's statements in electronic communications as admissions offered against an opposing party. Fed. R. Evid. 801(d)(2)(A).

Likewise, the surrounding or responsive statements of others in these electronic communications may also be introduced by the Government because they are not offered for the truth of the matter asserted, but to provide context for Litvak's statements. *United States v. Dupre*, 462 F.3d 131, 138 (2d Cir. 2006) (non-witnesses' emails "provide context for defendants' messages sent in response to them, messages whose admissibility is not contested. See Fed. R. Evid. 801(d)(2)."); *United States v. Paulino*, 445 F.3d 211, 216 (2d Cir. 2006) ("It has long been the rule that '[s]o long as . . . statements are not presented for the truth of the matter asserted, but only to establish a context . . ., the defendant's Sixth Amendment rights are not transgressed.'") (quoting *United States v. Barone,* 913 F.2d 46, 49 (2d Cir. 1990)).

In contrast, under the Federal Rules of Evidence, defendants may not introduce their own out-of-court statements through the testimony of other witnesses. *See United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are 'hearsay, and ... not admissible.'") (citation omitted); *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). If Litvak wants to provide the jury with testimony, he must take the stand.

Allowing Litvak to offer his electronic statements into evidence through other witnesses would provide an end-run around the adversarial process by allowing him to "testify" without being subject to "the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine." *Williamson v. United States,* 512 U.S. 594, 598 (1994). The Court should not allow this.

## **CONCLUSION**

For the reasons set forth above, the Court should preclude the defense from referring in

any way to the defendant's hearsay statements in electronic communications, other than those introduced into evidence by the Government.

    Respectfully submitted,

    DEIRDRE M. DALY
    ACTING UNITED STATES ATTORNEY

        /s/
    JONATHAN N. FRANCIS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv05083
    jonathan.francis@usdoj.gov

    ERIC J. GLOVER
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT23923
    eric.glover@usdoj.gov

    157 Church Street, 25th Floor
    New Haven, CT  06510
    Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                           /s/
                                          JONATHAN N. FRANCIS
                                          ASSISTANT UNITED STATES ATTORNEY