UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | December 3, 2013 |

**GOVERNMENT'S MOTION TO PRECLUDE**
**DEFENDANT FROM OFFERING RULE 16 EVIDENCE AT TRIAL**

The United States hereby respectfully moves the Court in limine for an order precluding the defendant Jesse C. Litvak from introducing any Rule 16 discovery at trial. To date—approximately 10 months after the defendant was indicted—the Government has received no reciprocal discovery from Litvak. Accordingly, the Government respectfully requests an order precluding the defendant from introducing at trial in his case-in-chief any books, papers, documents, data, photographs, tangible objects, building or places or copies or portions of any of these items currently in his possession.

**BACKGROUND**

Litvak was indicted on January 25, 2013 and arraigned on January 28, 2013. In its February 12, 2013 discovery letter, providing the defense with extensive discovery and disclosures, the Government requested reciprocal discovery:

> Pursuant to Section (B)(2) of the Court's Standing Order on Discovery, the Government hereby requests that you produce copies of any and all of the following items which are within the possession, custody, or control of the defendant, or the existence of which is known or by the exercise of due diligence may become known to the defendant: (a) books, papers, documents, photographs, or tangible objects which the defendant intends to introduce as evidence in his case-in-chief at trial . . . . The Government notes that, under the Court's Standing Order on Discovery, disclosures required of the defendant are due within fourteen (14) days.

The defense acknowledged receipt of the Government's letter on March 12, 2013, but did not

respond to the reciprocal discovery request. To date, no response to this request has been received from Litvak. Thus, the Government can only assume that Litvak does not intend to introduce any documents currently in his possession in any affirmative defense case.

## ARGUMENT

**I.     LITVAK SHOULD BE PRECLUDED FROM INTRODUCING ANY UNDISCLOSED RULE 16 MATERIALS**

Rule 16(b) and the Standing Order clearly require the defendant to produce reciprocal discovery. Fed. R. Crim. P. 16(b)(1); Standing Order ¶ (B)(2). Given the many months since the Indictment and the Government's request for production, the Court should enter an order precluding Litvak from introducing at trial any documents or other Rule 16 materials in his possession that he has not already produced. *See United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (finding no abuse of discretion in district court's exclusion of evidence defendant had failed to produce as reciprocal discovery; permitting defendant to use documents prosecution had not seen would have given defense an unfair advantage).

The Court has wide discretion to exclude evidence for non-compliance with Rule 16. *See United States v. Rodriguez Cortes*, 949 F.2d 532, 546 (1st Cir. 1991) (affirming exclusion of defense evidence that was not timely disclosed). Courts in this Circuit have rejected a defendant's excuse that he is unable to provide reciprocal discovery prior to trial. In *United States v. Ryan*, 448 F. Supp. 810, 810-12 (S.D.N.Y. 1978), the defendant withheld production of documents that he intended to introduce only through his own testimony, on the theory that he had not yet decided whether he would take the stand. The court rejected that argument, holding that "[w]hile the refusal to testify is constitutionally protected, the trial strategy determination is not so protected. Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery" if he wished to

use or refer to the documents while testifying. *Id*. at 811.

## **CONCLUSION**

The Government respectfully requests that the Court enter an order precluding Litvak from introducing any Rule 16 discovery currently in his possession.

        Respectfully submitted,

        DEIRDRE M. DALY
        ACTING UNITED STATES ATTORNEY


        /s/
        JONATHAN N. FRANCIS
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv05083
        jonathan.francis@usdoj.gov

        ERIC J. GLOVER
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT23923
        eric.glover@usdoj.gov

        157 Church Street, 25th Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                /s/
                                 JONATHAN N. FRANCIS
                                 ASSISTANT UNITED STATES ATTORNEY