UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | December 20, 2013 |

**GOVERNMENT'S OMNIBUS REPLY**
**MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE**

The Government submits this omnibus reply memorandum in support of its five Motions in Limine.

In several instances the defendant Jesse C. Litvak concedes—or at least does not seriously dispute—that the evidence that the Government's motions seek to exclude is inadmissible. Nonetheless, Litvak asks the Court to deny all of the Government's motions based on his speculation that some turn of events may occur at trial that provide a basis for admission of the evidence. The fact that all pretrial evidentiary rulings are necessarily based on facts that are subject to change does not call into question the legitimacy of such rulings or the value resolving anticipated disputes before the trial. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 517 F. Supp. 2d 662, 667 n.18 (S.D.N.Y. 2007) ("Because a motion in limine may 'narrow the issues, shorten the trial, and save costs for the litigants,' courts encourage the use of motions in limine wherever appropriate." (citation omitted). As the Second Circuit has put it, "[t]he purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted). Thus, where evidence or argument is inadmissible (as

here), the Court should not hesitate to exercise its authority by granting a motion in limine to exclude the evidence or argument in question. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). If, in fact, the trial unfolds in such a way as to provide Litvak with a proper basis to introduce otherwise inadmissible evidence, the defense can seek reconsideration at that time.

## I. MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT BLAMING VICTIMS

The Government's first motion in limine [Dkt. #98] sought an order precluding Litvak from putting his victims on trial for negligence for failing to detect his lies. Litvak responded that he has no intention of making such an argument at trial. Def. Opp. at 10. Since Litvak does not dispute that evidence or argument blaming his victims would be irrelevant and risks confusing the jury, the Court should grant the Government's first motion in limine.

## II. MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT SUGGESTING THE ABSENCE OF CRIMINAL ACTIVITY IN UNCHARGED TRANSACTIONS

The Government's second motion in limine [Dkt. #99] sought to exclude inadmissible "other good acts" evidence regarding the purported lack of criminal conduct by Litvak in uncharged transactions. Litvak responded that he has no intention of introducing such evidence or arguing that such "lawful" transactions support an inference that he did not commit crimes in the charged transactions. Def. Opp. at 5. However, Litvak argued that the Government might open the door to his use of this improper propensity evidence by "suggesting, either directly or indirectly," either (1) that making misrepresentations was part of Litvak's standard operating procedure or (2) that Litvak had a financial motive for his crimes. On this basis, Litvak argues, the Court should deny the Government's motion.

Neither of Litvak's arguments provides a valid justification to deny the Government's motion. *First*, the Government does not intend to argue anything about Litvak's "standard operating procedure." *Second*, Litvak is simply wrong to argue that the introduction of evidence of his financial motive renders evidence about the lack of criminality in uncharged transactions admissible. The Government has roughly calculated that at least 3% of Litvak's revenues were, in fact, fraud loss; 3% of his compensation over the relevant time period is more than $500,000. This calculation does not include uncharged transactions, absent affirmative evidence that a particular trade was part of Litvak's fraudulent scheme.[1] Thus, evidence of Litvak's significant financial motive is completely unrelated to evidence about the lack of criminality in Litvak's thousands of uncharged transactions.

Moreover, even if Litvak could find some non-propensity rationale to offer evidence of his lack of criminality in uncharged conduct (which he cannot), he has ignored the Rule 403 issues. Litvak transacted thousands of RMBS bond trades while employed by Jefferies & Co., Inc. ("Jefferies"). Any attempt by Litvak to raise examples of his lack of criminality in uncharged transactions would require evidence on the subject, leading to countless mini-trials where the parties contest whether or not there was criminality in a particular transaction. That process would confuse the jury without adding anything probative to the question of whether Litvak committed the charged crimes.

Accordingly, the Court should grant the Government's second motion in limine.

### III. MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PURPORTED SELECTIVE PROSECUTION

The Government's third motion in limine [Dkt. #100] sought an order precluding Litvak

---

[1] Subject to the applicable evidentiary rules, Litvak would be free to offer evidence regarding uncharged transactions about which the Government introduces evidence.

from raising the issue that the Government's investigation has not to date resulted in charges against other people or entities. Litvak responded that he "does not intend to argue that the prosecutors brought these charges because of a constitutionally impermissible reason." Def. Opp. at 9. Litvak noted that the lack of charges against a witness could potentially be admissible to show bias. However, Litvak also asserted, without elaboration, that such evidence "could be highly relevant for any number of reasons, including, but not limited to, wholly appropriate jury questions relating to Mr. Litvak's knowledge and intent, as well as relating to other elements of the crimes charged." *Id*. But Litvak has not even tried to demonstrate how the status or results of an investigation that began after his crimes were exposed is probative of any of the elements of his alleged fraudulent scheme and false statements. Because Litvak has failed to offer a coherent argument in opposition, the Court should grant the Government's third motion in limine.

## IV.   MOTION IN LIMINE TO EXCLUDE DEFENDANT'S HEARSAY STATEMENTS IN ELECTRONIC COMMUNICATIONS

The Government's fourth motion in limine [Dkt. #101] sought to preclude as inadmissible hearsay Litvak's out-of-court statements memorialized in electronic communications. Litvak responded with the general propositions that out-of-court statements may be offered for purposes other than the truth of the matter asserted and that there are exceptions to the rule against hearsay. Def. Opp. at 2-5. Litvak has not shown how these rules of evidence would permit introduction his hearsay statements at trial, and has not supplied a valid basis to deny the Government's motion.

The Government's case will include documents that memorialize Litvak's out-of-court statements, including his verbal acts—such as his statements in furtherance of his fraudulent scheme and his false statements—and admissions. These statements are admissible when

offered by the Government under Rule 801(c) and (d)(2)(A), but not when offered by Litvak. *See United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are 'hearsay, and . . . not admissible.'") (citation omitted).

Litvak argues that the Government has overstated the law or cited cases that support his position. The leading case in the Second Circuit, *United States v. Marin*, 669 F.2d 73 (2d Cir. 1982), demonstrates that this is not true. That case involved two co-defendants convicted of federal narcotics violations, and the issue was the admissibility of Romero's (one of the co-defendants) statement to a DEA agent after arrest that the other co-defendant (Marin) had placed the narcotics in question in Romero's car without Romero's knowledge. The Government had already entered a portion of Romero's statement into evidence under Fed. R. Evid. 801(d)(2)(a). *Id.* at 84. The Second Circuit found that the statement, if offered by Romero to prove the truth of the matter asserted, was inadmissible as hearsay. It further determined that the statement was irrelevant if offered, as Romero suggested, merely to prove that he had made it. *Id*. The Second Circuit also found that the rule of completeness as embodied in Rule 106 did not justify admission of the omitted portion of Romero's statement because it was "neither explanatory of nor relevant to the admitted passages." *Id*. The fact that the *Marin* court considered and rejected the introduction of Romero's self-serving hearsay under all the potentially applicable rules of evidence does nothing to blunt its ruling that, "[w]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *Id.*

Litvak also argues that the Government's motion is premature because the Court cannot rule on the admissibility of documents in the abstract. Def. Opp. at 4. But this is a problem of Litvak's making, since he has failed to disclose either an exhibit list as ordered by the Court. *See*

Government's Motion to Compel Defendant to Produce Witness and Exhibit Lists [Dkt. #103, 12/03/13]. And in his opposition, Litvak failed to identify a single one of his statements or even a category of his statements that he can argue is admissible. Thus, Litvak asks the Court to simply imagine that some of his thousands of out-of-court statements may be relevant and may be offered for a non-hearsay purpose or fall within a hearsay exception.

Litvak's suggestion that the Court wait until trial to decide whether clear hearsay is inadmissible would result in inefficiency and force the Government to interrupt the defense's cross-examination of witnesses and any defense case with statement-by-statement objections. The Court should grant the Government's fourth motion in limine, subject to reconsideration of Litvak's specific out-of-court statements for which the defense can assert a basis to offer into evidence.

### V. MOTION TO PRECLUDE DEFENDANT FROM OFFERING RULE 16 EVIDENCE AT TRIAL

The Government's fifth motion in limine [Dkt. #102] sought to exclude from any affirmative defense case evidence that Litvak had failed to disclose under Rule 16. Litvak responded that "[a]t this time, the defense is not in possession of any Rule 16 evidence." Def. Opp. at 10. Accordingly, the Court should grant the Government's fifth motion in limine.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

    /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov

ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT23923
eric.glover@usdoj.gov

157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

>  /s/
> JONATHAN N. FRANCIS
> ASSISTANT UNITED STATES ATTORNEY