IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:13CR19 (JCH) |
| v. | |
| JESSE C. LITVAK | December 24, 2013 |

**JESSE C. LITVAK'S OPPOSITION TO GOVERNMENT'S MOTION
TO COMPEL DEFENDANT TO PRODUCE WITNESS AND EXHIBIT LISTS**

**INTRODUCTION**

Defendant Jesse C. Litvak files this memorandum in opposition to the Government's Motion to Compel Defendant to Produce Witness and Exhibit Lists (Doc. No. 103).  That motion is largely moot.  The defense has in good faith provided the government with a preliminary list of witnesses it may call should it put on a defense case.  The defense plans to produce a preliminary exhibit list on January 3, 2014.  However, the government's multiple failures to comply with the Court's orders, Federal Rule of Criminal Procedure 16, *Brady v. Maryland* and its progeny, the Standing Order on Discovery in Criminal Cases, and the government's own internal policies, have prevented the defense from identifying with any confidence the witnesses or exhibits that it intends to offer at trial, or even to determine what defense case, if any, it will present.

**ARGUMENT**

A.     **Mr. Litvak Has Disclosed a Preliminary Witness List**

Mr. Litvak continues to receive significant amounts of previously undisclosed discovery materials from the government, some of which contain materially exculpatory information that will certainly impact Mr. Litvak's formulation of a defense strategy.  This includes the more than

one million pages of SIGTARP audit files received just last week. Moreover, the government has made only a nominal disclosure of a witness list containing the names of 105 witnesses, clearly far more witnesses than the government intends to call in the seven days of trial it estimated in a recent filing with the Court. (*See* Government's Motion to Adjourn Trial Days (Doc. No. 94)). This in no way provides an accurate picture of its intended case-in-chief and makes it impossible for Mr. Litvak to meaningfully evaluate the evidence he must meet at trial.

Notwithstanding the government's insufficient disclosures and discovery violations, the defense has today provided the government with a preliminary witness list, identifying those witnesses who, based on available information, it currently contemplates calling if it elects to present a defense case-in-chief. The defense is working diligently on a preliminary exhibit list and expects to provide it to the government on or about January 3, 2014. However, for the reasons discussed below, Mr. Litvak's witness and exhibit lists must necessarily be tentative unless and until the government complies with its own disclosure obligations.[1]

**B.    To the Extent Practicable, Mr. Litvak Has Complied With the Court's Order, Rule 16, and the Standing Order**

Neither the Constitution nor Rule 16 requires the government or the defense to produce a list of non-expert witnesses in criminal cases. District courts, however, possess the inherent authority to compel pretrial disclosure of witnesses. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990) ("district courts have authority to compel pretrial disclosure of the *identity* of government witnesses") (quoting *United States v. Cannone,* 528 F.2d 296, 300 (2d Cir. 1975))

---

[1] Mr. Litvak will supplement these lists at such time as he is enabled – through the government's production of all required discovery and provision of an accurate witness list – to identify those witnesses and exhibits the defense expects to introduce at trial and/or determine whether to present a defense case-in-chief, or what that case would entail. By the very nature of a defense case, the defense will largely be reacting to the case presented by the government at trial. Because the government has failed to make required disclosures, we expect to supplement these lists substantially.

2

(emphasis supplied). It is through the exercise of this authority that the government may be compelled to provide a list of its witnesses in pretrial discovery.

Yet "[b]ecause the government bears the burden of proof, and given the relatively limited discovery permitted defendants, a defendant often will not know exactly what, if any, evidence she will need to present in her case-in-chief." *See* Robert M. Cary, *Federal Criminal Discovery*, at 336-37 (2011) (explaining from a practical standpoint why defendants may not be able to produce witness lists prior to trial). Appropriately, the court's inherent authority is less frequently invoked to compel the defendant to produce a witness list to the government. *Id.*

In apparent recognition of these practical limitations facing defendants, this Court's Standing Order on Discovery provides for an orderly process whereby the government is directed to produce its own witness list, intended trial exhibits, and all information material to the preparation of a defense within fourteen days after arraignment. It provides:

> **Within fourteen (14) days from the date of arraignment**, government and defense counsel shall meet, at which time the attorney for the government shall furnish copies, or allow defense counsel to inspect or listen to and record items which are impractical to copy, of the following items in the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government or to the agents responsible for the investigation of the case:
>
> \*\*\*\*\*
>
> (5) **Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof**, which are within the possession, custody or control of the government, and **which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial**, or were obtained from or belong to the defendant.
>
> \*\*\*\*\*
>
> (9) Unless otherwise ordered by the presiding Judge pursuant to paragraph F of this Standing Order, **a list of the names and addresses of all witnesses whom the government intends to call in the presentation of**

> ***its case-in-chief***, together with any record of prior felony convictions and of prior misdemeanor convictions which reflect on the credibility of any such witness

Standing Order on Discovery at (A)(5),(9) (emphasis added).

It is only *after* the government has complied with this command, by timely furnishing the foregoing materials, that the timeline for the defense to produce certain items even begins:

> (B) Disclosure by the Defendant. Within fourteen (14) days **after** the meeting required by Section A is held, defense counsel shall:
>
> *****
>
> (2) Permit the government to inspect and copy the following items that are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant: (a) books, papers, documents, photographs or tangible objects that the defendant **intends to introduce** as evidence in his case-in-chief at trial; … The defendant shall also disclose to the government a written summary of testimony the defendant **intends to use as evidence** at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence. This summary must describe the witness' opinions, the bases and reasons therefor, and the witness' qualifications.

*Id.* at (B)(2).

The Standing Order, like Rule 16, does not impose on the defense a requirement that it disclose the identities of non-expert witnesses that it intends to introduce in its case-in-chief, if any. It certainly does not require the defense to provide a list of witnesses it "may" call, or has merely considered calling. In fact, in its Motion to Compel, the government recognizes that "it is understandable if Litvak's counsel has not yet definitively determined whether he will call a particular witness, seek to introduce a particular document, or even put on a case at all." Of course, Mr. Litvak has "no obligation to come forward with evidence" at all. *Howard v. Walker*, 406 F.3d 114, 132-33 (2d Cir. 2005).

Here, Mr. Litvak has not yet determined whether he will present a defense case-in-chief. Nor have the government's own disclosures equipped the defense to make such a determination. The government first provided a list of potential witnesses to the defense on February 12, 2013. That list identifies 71 witnesses that the government explained it "may" call, including 37 fact witnesses and 34 representatives and/or custodians of records. The government's most recent iteration of that "witness list" has swelled to 105 potential witnesses, 71 fact witnesses and 34 witnesses identified as representatives and/or custodians of records, providing an even less clear picture of its intended case-in-chief. In light of the government's representation that it "**conservatively** estimates that its direct case, independent of cross-examination, will take approximately seven trial days," the list it provided to the defense simply cannot reflect the "list of the names and addresses of all witnesses whom the government **intends to call** in the presentation of its case-in-chief," which the government was required to disclose within 14 days of arraignment. (*See* (Doc. No. 94); *see also* Standing Order at (A)(9) (emphasis added in both)).

At the time the Scheduling Order was negotiated and entered by the Court in this case, it was not yet clear, as it is today, that the government had not been forthright in its disclosures and in it representations that it was in full compliance with its discovery obligations. In reliance on the government's unequivocal representations that it had fully complied with the Standing Order, the defense agreed to disclose, in advance of trial, a list of any witnesses it intended to call in its case-in-chief. Moreover, as discussed below, Mr. Litvak anticipated that the government would, consistent with its obligations, provide the required discovery necessary to decide what, if any, evidence the defense may need to offer at trial.

Fairly read, the Scheduling Order in this case calls for a list of witnesses and exhibits that the parties *actually intend* to offer in their respective cases-in-chief. The government has not yet

provided such a list, as a realistic matter, and Mr. Litvak cannot yet do so. Nonetheless, the witness list that the defense has provided to the government represents a tentative assessment of those witnesses that the defense might offer if it were to present a defense based on the information the government has produced thus far.

**C.** **Mr. Litvak's Ability to Determine Whether to Present a Defense Case-in-Chief Has Been Hindered by the Government's Non-Compliance With its Discovery Obligations**

Although Mr. Litvak has no obligation to come forward with evidence, "the Constitution entitle[s] him to the opportunity to challenge the [government's] evidence against him." *Howard v. Walker*, 406 F.3d 114, 132 (2d Cir. 2005). Here, based on the government's disclosures to date, the defense simply cannot yet determine whether it will present a defense case-in chief. Nor can it determine what such a case would entail, or what witnesses and exhibits it "intends to use" at trial, because the government has repeatedly failed to discharge properly its discovery obligations. The government's numerous discovery failures have denied the defense a full and fair opportunity to evaluate required discovery materials, as it must, before preparing its defense and identifying witnesses or trial exhibits.[2]

As set forth in greater detail in Mr. Litvak's Motion to Compel Disclosure and for Sanctions (Doc. No. 111), the government has repeatedly failed to provide Mr. Litvak with required discovery in the face of express defense requests and despite the express command of *Brady* and its progeny, Rule 16, the Standing Order, and Department of Justice guidance

---

[2] In effect, the government takes the position that counsel for Mr. Litvak should have formulated its defense case and identified witnesses and exhibits without the benefit of the significant material disclosed both on and after November 15. Courts in this District recognize, however, that "[i]t cannot be doubted that the late disclosure of material evidence disrupts a prepared trial strategy. … Indeed, '[t]he opportunity for use under *Brady* is the opportunity for a responsible lawyer to use the information with some degree of calculation and forethought.'" *United States v. Washington*, 294 F. Supp. 2d 246, 249-50 (D. Conn. 2003) (citing *Leka v. Portuondo,* 257 F.3d 89, 103 (2d Cir. 2001)).

6

concerning discovery. The government's recent disclosures of significant exculpatory material, bearing directly on elements of the charged offenses, are contrary to the government's own representations since February of 2013 that it had provided all required material.

The government nonetheless asserts in its Motion to Compel that "Litvak has known for more than seven months that on November 15 he would be expected to anticipate witnesses and documents that he may offer at trial."[3] (Gov. Mot. at 1). Noticeably absent from the government's Motion is any recognition that for at least six of these seven months, the government had produced none of the *Brady* material in its possession.

For example, on September 23, 2013, approximately eight months after arraignment without any production by the government of witness interview memoranda or any *Brady* material whatsoever, Mr. Litvak filed a motion to compel discovery. Roughly one week later, the government produced 35 previously undisclosed SIGTARP memoranda of investigation relating to interviews of Jefferies employees and individuals associated with the alleged victims in this case. These memoranda contained statements of government witnesses, which were patently and obviously favorable to the defense, bearing directly on a required element of the charged offenses. (*See* Mot. Sanctions, Doc. 111 at 6.)

Then, on November 15 – the same day that the Scheduling Order called for the exchange of witness lists and more than nine months after the Standing Order required production of the government's witness list – the government provided the defense with significant exculpatory

---

[3] Rule 16 and the Standing Order describe only the disclosure of witnesses and exhibits that the disclosing party "intends to use," and not all witnesses that the party merely "may" offer. We respectfully submit that the witness and exhibit lists called for by the Scheduling Order should be similarly tailored. As discussed above, without any burden of proof and with the late disclosures plaguing this case the defense cannot possibly know now what defense witnesses and exhibits it "intends" to offer - - if any at all.

information elicited before the grand jury, but never before disclosed to the defense. (*Id.* at 10-11.)

More recently, just last week, on December 17, 2013, the government provided the defense with more than 1,000,000 pages of documents from SIGTARPs audit files. Some of these documents have already been identified by the defense as containing exculpatory information on issues at the vital core of this case and will require extensive review to determine the full scope of their contents.

As the Standing Order implicitly recognizes, the defense is not equipped to identify its intended trial evidence until the government has furnished required discovery materials. While the government explains in its Motion to Compel that it is "not seeking absolute certainty" in Mr. Litvak's witness and exhibit lists (Gov. Mot. at 1-2), the defense can have no confidence that it has been provided the necessary discovery to make strategically sound decisions in formulating a defense case at this time. Far from it. The government cannot now complain that the defense has not yet decided the contours of its defense case when the government's own discovery violations are directly responsible.

## CONCLUSION

Accordingly, based on the reasons set forth herein, Mr. Litvak opposes the government's request for an order compelling the defense to produce witness and exhibit lists. Subject to all the caveats set forth above, the defense has produced a good faith effort at a witness list and will produce a similar best-efforts exhibit list on or about January 3, 2014. On this record, the defense simply cannot provide more than it has already undertaken to do.

Respectfully submitted,

**THE DEFENDANT,**
**JESSE C. LITVAK**


By:   /s/ Ross H. Garber
    Ross H. Garber
    Fed. Bar No. ct17689
    SHIPMAN & GOODWIN LLP
    1 Constitution Plaza
    Hartford, Connecticut 06103
    Tel:  (860) 251-5000
    Fax:  (860) 251-5099
    E-mail:  rgarber@goodwin.com

    Patrick J. Smith (admitted *pro hac vice*)
    Sarah B. Zimmer (admitted *pro hac vice*)
    DLA Piper LLP (US)
    1251 Avenue of the Americas, 27th Floor
    New York, New York 10020
    Tel.:  (212) 335-4500
    Fax:  (212) 884-8509
    E-mail:  patrick.smith@dlapiper.com
            sarah.zimmer@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Ross H. Garber
                                        Ross H. Garber