UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | January 12, 2014 |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD**

After a long motion hearing and pre-trial conference, the defense has filed a motion to supplement the record [Dkt. #110, 12/14/13] with what it implies are two newly-discovered facts: (1) the Government has not produced documents from the files of the Securities and Exchange Commission ("SEC") concerning its parallel investigation; and (2) the Government and the Office of the Special Inspector General for the Troubled Asset Relief Program ("SIGTARP") declined to voluntarily produce documents from SIGTARP's Audit Division.

**I.     THESE FACTS ARE NOT NEWLY-DISCOVERED**

The defense was aware of these "new" facts at the January 10, 2014 hearing, if not long before, but chose not to raise them, presumably for tactical reasons.

The defendant Jesse C. Litvak has known that he was the subject of parallel criminal and SEC investigations for more than a year. First, the Government informed Litvak's counsel that he was the subject of a grand jury investigation in March 2012; while the Government does not know when the SEC revealed the fact of its investigation to Litvak, it is aware that he sat for an SEC deposition (which the Government did not attend) on October 24, 2012. Second, the SEC filed its complaint against Litvak on January 28, 2013, the same day that Litvak was arrested and arraigned in the criminal case. Third, on March 13, 2013, the Court held status conferences in both the criminal and civil cases against Litvak. Fourth, the reports and grand jury testimony

that Litvak cites as revealing the presence of SEC personnel at witness interviews were disclosed to the defense on October 3, 2013 and November 15, 2013, respectively.

The defense has also known for months that the Government was not producing documents from the files of the SEC.[1]  First, the Government began producing documents to the defense on February 12, 2013, and even a cursory review of counsel's cover letters or the Bates labels would have shown that none of the documents were from the SEC.  Second, in its October 15, 2013 memorandum in opposition [Dkt. #72] to the defense's failed motion to compel [Dkt. #65, 9/23/13], the Government explicitly delineated the members of the prosecution team from which it was making disclosures:  "Even under the Department of Justice's policy of giving 'the prosecution team' a broad interpretation, the *Litvak* prosecution team consists of the prosecutors, the [SIGTARP] investigating agents and the support staff that they supervised."  Govt. Opp. to Mot. to Compel at 4.

The defense also knew prior to the January 10 hearing that the Government and SIGTARP had declined to voluntarily collect and produce documents from the Audit Division's files.  *See* Ex. 3 to Def.'s Mot. to Supplement Record (Jan. 9, 2013 Letter to defense counsel).  In order to determine SIGTARP's position, the prosecution team consulted with the office of SIGTARP's general counsel.  After considering the matter, as the Government's letter states, SIGTARP declined to voluntarily produce the requested documents from its Audit Division.

---

[1] The defense artfully describes its conversation with Government's counsel:  "[S]ubsequent to that hearing the prosecution advised the defense that its purported review of 'prosecution team' files did not even include the files of the Securities and Exchange Commission."  Mot. To Supplement at 1.  This conveys the misimpression that the Government felt the need to make a disclosure following the hearing.  In fact, the defense asked and Government's counsel confirmed the obvious fact that the Government's had not produced documents from SEC's files.

## II.     THERE WAS NO JOINT INVESTIGATION WITH THE SEC

This is now the third time the defense has tried to expand the definition of the "prosecution team."  First, the defense claimed that the Government was obligated to search the files of the entire Department of the Treasury.  *See* Def.'s Mot. to Compel [Dkt. #65, 9/23/13].  Only days ago, the defense—based on its reading of year-old press releases announcing Litvak's indictment—urged the Court to compel a search of the files of the Department of Justice, nine other U.S. Attorneys' Offices, the Federal Bureau of Investigation, the SEC, the Department of Housing and Urban Development, its Office of Inspector General, the Federal Housing Finance Agency's Office of Inspector General, the Federal Reserve Board's Office of Inspector General, the Recovery Accountability and Transparency Board, the Financial Crimes Enforcement Network, and more than ten state Attorneys General.[2]  *See* Def.'s Reply in Support of Mot. to Compel and for Sanctions [Dkt. #146] at 7-9.  The defense's current motion now focuses on the SEC, based on its supposition that the prosecution team and SEC conducted a joint investigation into Litvak's fraud.

A prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case," *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), which is an obligation triggered by a joint investigation conducted between agencies.  *See United States v. Paternina–Vergara*, 749 F.2d 993, 997-98 (2d Cir. 1984).  "Assessing whether a joint investigation occurred is a fact-specific inquiry that is best approached on a case-by-case basis." *United States v. Ferguson*, 478 F. Supp. 2d 220, 238 (D. Conn. 2007) (quoted in *United States v. Martoma*, No. 12CR973(PGG), 2014 WL 31708, at *2 (S.D.N.Y. Jan. 6, 2014)).

---

[2] To eliminate any possible doubt, none of these agencies participated in the investigation that led to Litvak's indictment, the decision to charge him or the Government's trial preparation.

The defense incorrectly concludes that a "joint investigation" occurred here because the Government and the SEC conducted 25 joint interviews. Mot. to Supplement Record at 1-2. In fact, the prosecution team permitted the SEC to attend certain of its witness interviews for the convenience of the witnesses. The SEC usually attended these interviews by telephone, asked very few questions, and those usually only after the Government was finished with a line of questioning or the entire interview. The Government and the SEC did not jointly prepare or plan these interviews, and they were only "joint interviews" in the sense that both the Government and the SEC were present.

More broadly, the facts show that the Government's and the SEC's investigations were not conducted jointly. The Government interviewed witnesses without the SEC, and believes that the SEC conducted its own interviews, as well (one of which was telephonically attended by counsel for the Government). The Government believes that the SEC did not take notes of the 25 Government interviews that the SEC attended, and the SEC has not made any notes or memoranda regarding its separate interviews available to the Government. The Government is not certain what other evidence the SEC has collected, nor what entities it has subpoenaed. The Government has not had access to any of the SEC's work product or privileged information, or its analysis of the evidence gathered in its investigation.[3] The Government did not help the SEC prepare for, and did not attend, the SEC's deposition of Litvak. The SEC had no input into the Indictment or the crimes charged therein.

These facts are very similar to those in *Ferguson*, where then-District Judge Droney held

---

[3]

- 5 -

that, simply by coordinating certain interviews "to spare the witnesses from the burden of multiple sessions with several different agencies," the USAO and New York Attorney General's Office did not create a "joint investigation." 478 F. Supp. 2d at 239-40. The cases referenced by the defense do not support, much less mandate, a different result. In *Martoma*, Judge Gardephe found that, in addition to "jointly conduct[ing] twenty interviews of twelve witnesses," the SEC "provided the USAO with documents it obtained during its investigation" and that the USAO and SEC "coordinated their efforts in conducting depositions of SAC Capital and its employees." *Martoma*, 2014 WL 31708, at *3. Moreover, in *United States v. Gupta*, Judge Rakoff found there to be a joint investigation based on 44 joint interviews, but held that "[t]his does not mean that all of the documents the SEC prepared and accumulated in its investigation of Gupta are part of the joint investigation" and that *Brady* required only that the USAO review the SEC's memoranda of those 44 interviews. 848 F. Supp. 2d 491, 495 (S.D.N.Y. 2012). Thus, the most factually analogous case favors the Government, whereas the cases cited by the defense do not support its demand for wholesale collection, review and production from the SEC's files.

\*   \*   \*

This motion is just the latest of its kind by the defense. It substitutes conclusory statements and hyberbole for factual accuracy and legal analysis, and adds nothing to the Court's consideration of the pending motion. The Court should deny the pending motion to compel and for sanctions [Dkt. #110] in its entirety, and rule the present motion moot.

    Respectfully submitted,

    DEIRDRE M. DALY
    UNITED STATES ATTORNEY

    /s/
    JONATHAN N. FRANCIS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv05083
    jonathan.francis@usdoj.gov

    ERIC J. GLOVER
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT23923
    eric.glover@usdoj.gov

    157 Church Street, 25th Floor
    New Haven, CT  06510
    Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                            /s/
                              JONATHAN N. FRANCIS
                              ASSISTANT UNITED STATES ATTORNEY