## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:13CR19 (JCH) |
| v. | |
| JESSE C. LITVAK | February 5, 2014 |

## JESSE C. LITVAK'S
## REVISED PRELIMINARY PROPOSED JURY INSTRUCTIONS

The defendant, Jesse C. Litvak, hereby submits this request to charge the jury in this matter.  Mr. Litvak respectfully reserves his right to modify these charge requests or to submit additional requests after evidence has been completed.  *See* ABA Standards for Criminal Justice*, Discovery and Trial by Jury* § 15-4.4 (3d ed. 1996) (jury should be instructed in accord with the needs of the individual case); *see also Taylor v. Kentucky*, 436 U.S. 478, 490 (1978) (defendant's due process rights implicated by jury instructions).

# TABLE OF CONTENTS

**Page**

1.     Introduction ................................................................................................... 1

2.     Role of Jurors ............................................................................................... 2

3.     Media Coverage ............................................................................................ 4

4.     Do Not Discuss the Case .............................................................................. 5

5.     The Government as a Party ........................................................................... 6

6.     Presumption of Innocence ............................................................................ 7

7.     Burden of Proof Beyond a Reasonable Doubt ............................................. 8

8.     Reason for Reasonable Doubt Standard ..................................................... 10

9.     Role of Attorneys ....................................................................................... 11

10.    Meaning of "Prove" and "Find" ................................................................ 12

11.    What is and is Not in Evidence .................................................................. 13

12.    Direct and Circumstantial Evidence .......................................................... 15

13.    Inferences ................................................................................................... 17

14.    Stipulations ................................................................................................ 18

15.    Witness Credibility .................................................................................... 19

16.    Impeachment of Witnesses by Prior Inconsistent Statement (if applicable) ................. 22

17.    Informal Immunity (if applicable) ............................................................ 23

18.    Government Witnesses (if applicable) ....................................................... 24

19.    Expert Witnesses (if applicable) ............................................................... 26

20.    Number of Witnesses ................................................................................. 27

21.    Jury Can Accept or Reject Testimony ....................................................... 28

22.    Mr. Litvak's Absolute Right Not to Testify .............................................. 29

       Mr. Litvak Has a Right to Testify .............................................................. 29

23.    Indictment is Not Evidence ....................................................................... 30

24.    The Charges ............................................................................................... 31

25.    Multiple Counts ......................................................................................... 32

26.    Consider Only the Charges ........................................................................ 33

27.    Similar Acts — Intent, Knowledge, Absence of Mistake (if applicable) ....................... 34

28.    Similar Acts — Identity, Common Scheme, Plan, or Preparation (if applicable) ........... 35

i

# TABLE OF CONTENTS
(continued)

**Page**

29. Counts One Through Eleven: Securities Fraud — The Nature of the Offense Charged ................................................................................................................ 36

30. Counts One Through Eleven:  Securities Fraud — The Statutes Defining the Offenses ................................................................................................................ 37

31. Counts One Through Eleven:  Securities Fraud — The Elements of the Offense ......... 39

32. Counts One Through Eleven:  Securities Fraud — First Element .................................. 40

33. Counts One Through Eleven:  Securities Fraud — Second Element .............................. 43

    (i) Knowingly ........................................................................................................ 43

    (ii) Willfully ........................................................................................................... 43

    (iii) Intent to Defraud ............................................................................................. 43

34. Counts One Through Eleven:  Securities Fraud — Third Element ................................ 46

35. Count Twelve:  TARP Fraud — The Nature of the Offense Charged ........................... 48

36. Count Twelve:  TARP Fraud — The Statute Defining the Offense .............................. 49

37. Count Twelve:  TARP Fraud — The Elements of the Offense ..................................... 50

38. Count Twelve:  TARP Fraud — First Element ............................................................. 51

39. Count Twelve:  TARP Fraud — Second Element ......................................................... 53

40. Count Twelve:  TARP Fraud — Third Element ............................................................ 55

41. Count Twelve:  TARP Fraud — Fourth Element .......................................................... 56

42. Counts Thirteen through Sixteen:  False Statements to the Government — The Nature of the Offense Charged ..................................................................................... 57

43. Counts Thirteen through Sixteen:  False Statements to the Government — the Statute Defining the Offense ......................................................................................... 58

44. Counts Thirteen through Sixteen:  False Statements to the Government — Elements of the Offense .............................................................................................. 59

45. Counts Thirteen through Sixteen:  False Statements to the Government — First Element .......................................................................................................................... 60

46. Counts Thirteen through Sixteen:  False Statements to the Government — Second Element ............................................................................................................ 61

47. Counts Thirteen through Sixteen:  False Statements to the Government — Third Element .......................................................................................................................... 62

48. Counts Thirteen through Sixteen:  False Statements to the Government — Fourth Element ............................................................................................................. 63

# TABLE OF CONTENTS
(continued)

**Page**

| | | |
|---|---|---|
| 49. | Counts Thirteen through Sixteen:  False Statements to the Government — Fifth Element | 64 |
| 50. | Copy of the Indictment | 65 |
| 51. | Juror Notes | 66 |
| 52. | Closing Remarks | 67 |

## 1.     Introduction

You have now heard all of the evidence in the case and the final arguments of counsel. This brings us to the stage in the trial where you will soon leave the courtroom and begin discussing this case in the jury room.  You will undertake to deliberate on a verdict as to the charges in this case.  First, however, it is my duty to instruct you concerning the law that applies to this case and the rules you must follow in arriving at your decision.

When you recess to deliberate, you will have a copy of my instructions on the law for your reference.  You must remember, though, that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I will now give are the final and complete instructions.  I believe that everything I am going to tell you now is consistent with the instructions I gave you at the start of the trial, but, if you have any doubt, you should not rely on anything different that I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

**Authority**

Modified from 1-2 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 2.01, Instruction 2-1 and 2-2 (Matthew Bender); Jury Instruction given in *United States v. Trudeau*, No. 3:10-CR-234 (JCH), Doc. #169, at 1-2 (D. Conn. Oct. 4, 2012).

*United States v. Al-Moayad*, 545 F.3d 139, 177 (2d Cir. 2008); *Sparf v. United States*, 156 U.S. 51, 74 (1895).

**2.      Role of Jurors**

My instructions alone establish the law for your deliberations.  You must take the law as I give it to you.  You must carefully and impartially consider all of the evidence in the case and apply the law as stated by the court to reach a just verdict.  As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice or sympathy, solely upon the evidence in the case and the applicable law.  I know that you will do this and in that way you will reach a just and true verdict.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.  Because you are the sole and exclusive judges of the facts, I do not mean to indicate in this charge, nor did I mean to indicate at any time during the trial, any opinion as to the facts or as to what your verdict should be.

The rulings I have made during the trial are not any indication of a view of what your decision should be or as to whether or not the government has proven its case.  Of course, you will dismiss from your mind completely any evidence which has been stricken or excluded by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any discussion between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that I may have given instructions to certain witnesses.  These instructions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

**Authority**

Modified from Jury Instruction given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH), Doc. #216, at 2-3 (D. Conn. Dec. 1, 2010).

3.    **Media Coverage**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the press, or seen or heard on television, the radio, or the Internet.

You are in the best position of anyone to listen to what the witnesses testify to.  You have seen these witnesses sworn.  You have heard them on direct and cross-examination.  Certainly, there isn't anything that anyone can print, or say over the radio, television, or Internet that would give you more information than what you have heard from the witnesses in this courtroom.

Often, the news media will report such matters that they deem are significant when truly they are not significant, and often a writer will emphasize a point that may even distort the testimony of a key witness, and sometimes, in stories about a trial, there may even be inaccuracies.

As I have instructed you before, you are instructed not to read, listen to, or watch reports concerning the case.  If you should involuntarily see an item, disregard it and put it out of your mind.  The fact is that from your seat you are in the best position to hear and see what goes on here, and you get only the evidence you are entitled to take into account in deciding the fact issues in the case.

**Authority**

Modified from 1-2 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 2.01, Instruction 2-17 (Matthew Bender).

4

**4.      Do Not Discuss the Case**

You are also instructed not to discuss the case among yourselves until deliberations have begun.  As I have told you throughout this trial, do not discuss the evidence or any aspect of the case, or talk to any of the witnesses in the case, or anyone about the case.  Do not permit anyone to talk to you about the case.

This prohibition against discussing the case extends not only to conversations with your fellow jurors, but with your own family and friends.  In addition, this instruction also applies to text messaging, e-mail, Facebook, Twitter, blogging, any Internet chat room, or other website feature.

It is only when the case is submitted to you for determination, and you go into the jury room, that you may discuss or consider the evidence and make your fact determinations.

**Authority**

Modified from 1-1 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 1.02, Instruction 1-2 (Matthew Bender).

**5.      The Government as a Party**

You are to perform the duty of finding the facts without bias or prejudice as to any party.

You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America

entitles the government to no greater consideration than that given to any other party to a case.

By the same token, it is entitled to no less consideration.  All parties, whether the government or

an individual, stand equal before the law and are to be treated as equals in this, a court of justice.

The question before you can never be:  will the government win or lose the case?  The

government always wins when justice is done, regardless of whether the verdict is guilty or not

guilty.

**Authority**

Modified from Jury Instruction given in *United States v. Trudeau*, No. 3:10-CR-234 (JCH), Doc.
#169, at 5 (D. Conn. Oct. 4, 2012).

Modified from 1-2 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 2.01,
Instruction 2-5 (Matthew Bender).

**6.      Presumption of Innocence**

I instruct you that you must presume Mr. Litvak to be innocent of the crimes with which he is charged.  Thus, Mr. Litvak, although accused of crimes by the government in the Indictment, begins the trial with a "clean slate," that is, with no evidence against him.  The Indictment, as you already know, is not evidence of any kind.

Mr. Litvak is on trial in this case for only those crimes charged against him in the Indictment and is, of course, not on trial for any other act or crime.

The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Litvak.

The presumption of innocence alone is sufficient to support a finding of not guilty.  The presumption of innocence was with Mr. Litvak when the trial began, and remains with him even now as I speak to you.  The presumption will continue with him into your deliberations until, and unless, you are convinced that the government has proven guilt for each and every element of the charged offenses beyond a reasonable doubt.

If, in your mind, the government has not presented evidence that convinces you beyond all reasonable doubt that Mr. Litvak is guilty of the crimes charged, then you must conclude that the presumption of innocence has not been overcome, and you must find Mr. Litvak not guilty.

**Authority**

Modified from Jury Instruction given in *United States v. Trudeau*, No. 3:10-CR-234 (JCH), Doc. #169, at 6 (D. Conn. Oct. 4, 2012).

**7.      Burden of Proof Beyond a Reasonable Doubt**

The Indictment or formal charge against a defendant is not evidence of guilt.  It does not create any presumption of guilt.  Every defendant is presumed to be innocent.  As I've just instructed you, that presumption continues until you have made your decision.  A defendant cannot be considered guilty just because he is charged with a crime.  That a defendant is on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that a defendant is more likely guilty than innocent.  A defendant is presumed to be innocent, and you should consider him to be innocent until your deliberations are concluded.  The presumption is overcome only when his guilt has been proven beyond a reasonable doubt.

The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt.  If it fails to prove each element of a charge beyond a reasonable doubt, you must acquit the defendant of that charge.  If it proves each element of the charge beyond a reasonable doubt, then you should find the defendant guilty of that charge.

Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  As to a particular fact, if the evidence convinces you that there is no reasonable doubt, then that fact may be considered proven.  If you have a reasonable doubt as to a particular fact, that is a doubt based on reason after consideration of all the evidence, or lack of evidence, then you should not find that fact to have been proven.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning each element of the charge in the Indictment.  If, after weighing all the evidence and the law as given to you, you have a firm,

full and abiding conviction that each element of the charge has been proven, then you may find

that the charge has been proven beyond a reasonable doubt.  If you do not, then you must acquit

Mr. Litvak.  Reasonable doubt as to a fact is what would cause reasonable persons to hesitate to

act in reliance on that fact.  A vague, speculative, imaginary uncertainty is not a reasonable

doubt.  Reasonable doubt is what would leave you, after a fair and impartial consideration of the

evidence, such that you do not have an abiding conviction as to the defendant's guilt.

Where reference is made in the charge to the question of proof of an element or a fact,

you will recall, even if it is not repeated, that the government's burden is to prove each element

of the charge beyond a reasonable doubt.

**Authority**

Modified from Jury Instruction given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH), Doc.
#216, at 6 (D. Conn. Dec. 1, 2010).

**8.      Reason for Reasonable Doubt Standard**

In applying the reasonable doubt standard, it may be helpful for you to have a proper understanding of its purpose in our criminal justice system.  The reasonable doubt standard is said to be the hallmark of our nation's justice system.  A person who is convicted of a crime faces the possible loss of liberty and damage to his personal reputation in the community.  Our nation and our society value the freedom of every individual, and, therefore, our Constitution mandates that a person should not be condemned for commission of a crime where there is a reasonable doubt as to any element of the alleged crime.  That system would lose the respect of the people if it made them wonder whether innocent persons are being convicted.  The reasonable doubt standard reinforces the goal of our free society, that every individual going about his or her ordinary affairs can have confidence that the government cannot adjudge an individual guilty of a criminal offense without convincing a proper fact-finding body, such as yourselves, of his guilt beyond a reasonable doubt.

**Authority**

*In re Winship*, 397 U.S. 358, 362 (1970) ("[It is] the duty of the Government to establish . . . guilt beyond a reasonable doubt.  This notion—basic in our law and rightly one of the boasts of a free society—is a requirement and a safeguard of due process of law in the historic, procedural content of 'due process'. . . .  In a similar vein, . . . [g]uilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard.  These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.") (internal citations omitted).

9.       **Role of Attorneys**

It is the duty of the attorneys to object when another attorney offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law.

All of those issues of evidence and law must be decided by the Court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked the Court to rule on the law.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys.  You are to decide this case solely on the basis of the evidence.  Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

Finally, as you already know, I have instructed Mr. Litvak, his attorneys, and the government attorneys not to speak to jurors or to speak about the case in your presence.  Thus, you should understand that if they fail to acknowledge your presence, if you have seen or should see them at times when the Court is not in session, they are not being impolite or discourteous, but are simply following the order of the Court.

**Authority**

Modified from Jury Instruction given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH), Doc. #216, at 10 (D. Conn. Dec. 1, 2010).

Modified from 1-2 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 2.01, Instruction 2-8 (Matthew Bender).

11

**10.      Meaning of "Prove" and "Find"**

Throughout these instructions to you, I use the word "prove" from time to time, with reference to the government's burden.  I also speak of your "finding" various facts as to the elements of the crimes charged in this case.

Throughout my instructions, you should understand that, whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I have explained that term to you, even if I do not always repeat all those words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find unanimously that fact to have been proven by the government beyond a reasonable doubt, even if I simply use the word "find."

As I have already instructed you, the defendant has no burden or duty to prove or disprove any element; the burden at all times is on the government to prove guilt beyond a reasonable doubt.  You must be unanimously convinced beyond a reasonable doubt of any and all of your essential factual findings before you may conclude such facts have been proven beyond a reasonable doubt.

**Authority**

Modified from Jury Instruction given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH), Doc. #216, at 11 (D. Conn. Dec. 1, 2010).

**11.      What is and is Not in Evidence**

The evidence in this case is sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

It is the witnesses' answers and not the lawyers' questions that are evidence.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no other evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if a lawyer has described a witness's testimony, you should not accept that description as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in opening statements, in closing arguments, in their objections, or in their questions is not evidence.  What they have said in their opening statements was intended to give you a preview of the evidence in the case.  What they have said in their closing arguments was intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain instances evidence was admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned by the Court.

Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received in evidence by the court.  Materials brought forth only to refresh a witness's recollection are not evidence.  Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, and any testimony or exhibit ordered stricken by the Court, must be entirely disregarded by you.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence.  My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  Finally, anything you may have seen or heard outside the courtroom or while the Court was not in session is not evidence and must be entirely disregarded.  You are to decide the case solely on the evidence received at trial.

**Authority**

Jury Instruction given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH), Doc. #216, at 12-13 (D. Conn. Dec. 1, 2010).

**12.      Direct and Circumstantial Evidence**

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he or she saw, heard, or observed.  In other words, when a witness testifies about something he or she knows by virtue of his or her own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proven is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining, and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, from the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guess:  it is a matter of logical inference.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant of a crime, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

**Authority**

Modified from Jury Instruction given in *United States v. Trudeau*, No. 3:10-CR-234 (JCH), Doc. #169, at 16-17 (D. Conn. Oct. 4, 2012).

13.    **Inferences**

During the trial, you may have heard the term "inference," and in the attorneys'
arguments, they may have asked you to infer, on the basis of your reason, experience, and
common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a
disputed fact exists on the basis of another fact that has been shown to exist.  There are times
when different inferences may be drawn from facts, whether proven by direct or circumstantial
evidence.  The government may ask you to draw one set of inferences, while the defendant asks
you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will
draw.  In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based upon direct or circumstantial evidence,
or upon logical, reasonable inferences drawn from such evidence, you must be satisfied of the
guilt of the defendant beyond a reasonable doubt before you may convict Mr. Litvak.

**Authority**

Modified from Jury Instruction given in *United States v. Lucarelli*, No. 3:05-CR-268 (JBA),
Doc. #112, at 13 (D. Conn. July 20, 2006).

Modified from Jury Instruction given in *United States v. Trudeau*, No. 3:10-CR-234 (JCH), Doc.
#169, at 15 (D. Conn. Oct. 4, 2012).

**14.**      **Stipulations**

During the trial, in the attorneys' arguments, and in these Instructions, you have heard

and will hear references to a "stipulation" or that some fact is "stipulated."  When the attorneys

on both sides stipulate, or agree, as to the existence of a fact, you may accept the stipulation as

evidence and regard that fact as proved.  You are not required to do so, however, because you are

the sole judge of the facts.  The fact that the government and the defendant have stipulated to or

agreed to certain facts should not be viewed by you as any admission by the defendant of

criminal wrongdoing.

**Authority**

Jury Instruction given in *United States v. Trudeau*, No. 3:10-CR-234 (JCH), Doc. #169, at 28
(D. Conn. Oct. 4, 2012).

15.     **Witness Credibility**

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  As I have said, you are the sole judges of the credibility of each witness and of the weight to be given to his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues in the face of the very different pictures painted by the government and the defense.  In deciding whether the government has met its burden of proof, you will be making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive, or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness's testimony contradictory?  Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may have affected how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice, or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about.  You should also consider the witness's ability to express him or herself.  Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident may see or hear it differently; innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you find that a witness has knowingly testified falsely concerning any matter, you have a right to distrust the testimony of such an individual concerning other matters.  You may reject all the testimony of that witness or give it such weight or credibility as you may think it deserves.

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his or her testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately relayed what in fact occurred.

You must decide what is the most accurate, credible, trustworthy, and reliable evidence. The weight of the evidence as to a particular fact is not necessarily determined by the number of

witnesses or exhibits, nor by which party produced the most witnesses or exhibits.  It is the quality of the evidence that supports a finding as to a particular fact that should control.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the information and explanations given, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her testimony.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**Authority**

Jury Instruction given in *United States v. Lucarelli*, No. 3:05-CR-268 (JBA), Doc. #112, at 20-23 (D. Conn. July 20, 2006).

**16.** **Impeachment of Witnesses by Prior Inconsistent Statement (*if applicable*)**

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on Mr. Litvak's guilt. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you many consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Authority**

Modified from 1-7 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 7.01, Instruction 7-19 (Matthew Bender).

17.    **Informal Immunity (*if applicable*)**

You have heard the testimony of certain witnesses for the government who have been promised that, in exchange for testifying truthfully, completely, and fully, they, or the entity they represent, will not be prosecuted for any crimes that they may have admitted either here in Court, or in interviews with the prosecutors.  This promise was not a formal order of immunity by the Court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises, and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves Mr. Litvak's guilt beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he or she can avoid criminal charges or win his or her own freedom by helping to convict another, has a motive to falsify his or her testimony.  Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

**Authority**

Modified from Jury Instruction given in *United States v. Lucarelli*, No. 3:05-CR-268 (JBA), Doc. #112, at 30-31 (D. Conn. July 20, 2006).

23

18.     **Government Witnesses (*if applicable*)**

You have heard testimony from witnesses that they have agreed to cooperate with the government.  Counsel have argued about the cooperating witnesses and whether or not you should believe them.

You should ask yourself whether these so-called cooperating witnesses would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witnesses were motivated by hopes of personal gain, was the motivation one which would cause them to lie, or was it one which would cause them to tell the truth?  Did this motivation color their testimony?

The testimony of a cooperator who provides evidence against a defendant for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness.  It is for you, the jury, to determine whether the cooperator's testimony has been affected by interest, or by prejudice against the defendant.

Such testimony, however, should be examined by you with greater care than the testimony of any ordinary witness.  You should consider whether the testimony may be colored, in such a way as to further the witness's own interest, for a witness who realizes that he may procure his own freedom by incriminating another has a motive to falsify his testimony.  After such consideration, you may give the testimony of the immunized witness such weight as you feel it deserves.

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give the testimony of cooperating witnesses.

24

**Authority**

*United States v. Bernard*, 625 F.2d 854, 857-58 (9th Cir. 1980) (citing Devitt and Blackmar, *Federal Jury Practice and Instructions*, § 17.02 (3d ed.)); *see also United States v. Bradfield*, 113 F.3d 515, 524 (5th Cir. 1997).

**19.**     **Expert Witnesses (*if applicable*)**

You have heard testimony from what we call an expert witness.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept the witness's testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

**Authority**

Modified from 1-7 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 7.01, Instruction 7-21 (Matthew Bender).

**20.      Number of Witnesses**

Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based on the number of witnesses who testified.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on an issue is more credible than the testimony of a greater number of witnesses on the same issue.  Remember that Mr. Litvak has no obligation to present any witnesses or evidence. The testimony of even a single witness may produce in your minds a reasonable doubt.

The burden of proof beyond a reasonable doubt remains on the government at all times. [If applicable:  Indeed, you may find that the government has not met its burden of proof even if a defendant has called no witnesses.].

**Authority**

Modified from Jury Instruction given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH), Doc. #216, at 21 (D. Conn. Dec. 1, 2010).

**21.     Jury Can Accept or Reject Testimony**

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

**Authority**

Jury Instruction given in *United States v. Zrallack,* No. 3:10-CR-68 (JCH), Doc. #216, at 29 (D. Conn. Dec. 1, 2010).

**22.**  **Mr. Litvak's Absolute Right Not to Testify**

*[TO BE GIVEN IF DEFENDANT DOES NOT TESTIFY]*

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant chooses to testify or not to testify.  As I stated earlier, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

Also, a defendant has an absolute right under the law to remain silent.  In this case, Mr. Litvak did not testify as a witness.  You may not hold that judgment against him.  There are many complex reasons why a defendant may have chosen not to testify, including strategic decisions made by his lawyer.  His decision not to take the witness stand may not prejudice you in any way against him.

**Mr. Litvak Has a Right to Testify**

*[TO BE GIVEN IF DEFENDANT DOES TESTIFY]*

In a criminal case, a defendant has the constitutional right to remain silent at his trial.  No defendant can be required to testify, but a defendant can choose to testify, if he so desires.  In this case, Mr. Litvak decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  You should not disregard or disbelieve his testimony because he is the defendant in this case.

**23.    Indictment is Not Evidence**

As I told you at the beginning of the trial, the Indictment in this case is not evidence.  It merely describes the charges the government makes against Mr. Litvak.  It is just an accusation and may not be considered by you as any evidence that Mr. Litvak is guilty of any of the crimes with which he is charged.  In fact, Mr. Litvak is presumed to be innocent of each of the crimes charged.  Even though this Indictment has been returned against him, he begins this trial with absolutely no evidence against him.  Mr. Litvak has pled "Not Guilty" to this Indictment, and, therefore, he denies that he is guilty of the charges.

I will be making reference to the Indictment in the course of these instructions.  You each have a copy of it, along with these instructions and a verdict form.  Its text forms a part of these instructions as a specification of the government's charges.  The Indictment charges Mr. Litvak with eleven counts of securities fraud, one count of TARP fraud, and four counts of making a false statement to the government.  In a moment, I will describe the elements of each of these offenses.

**Authority**

Modified from Jury Instruction given in *United States v. Lucarelli*, No. 3:05-CR-268 (JBA), Doc. #112, at 36 (D. Conn. July 20, 2006).

**24.     The Charges**

The Indictment contains sixteen counts directed at Mr. Litvak.  Counts One through Eleven charge Mr. Litvak with committing securities fraud in connection with the purchase and sale of securities—namely eleven separate RMBS bonds—as a trader at Jefferies & Co., Inc.

Count Twelve charges Mr. Litvak with devising a scheme to defraud the United States and to obtain money and property by means of false and fraudulent pretenses, representations and promises in connection with a form of Federal assistance—in particular, the Troubled Asset Relief Program, or "TARP."

Counts Thirteen through Sixteen charge Mr. Litvak with making and causing to be made materially false statements to the government.

Mr. Litvak is not charged with committing any crimes other than the offenses contained in the Indictment.  Mr. Litvak maintains his innocence and denies that he is guilty of these charges.

**Authority**

Modified from 1-3 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 3.01, Instruction 3-2 (Matthew Bender).

**25.**     **Multiple Counts**

Because the Indictment charges Mr. Litvak with sixteen separate crimes, I now instruct you that you must consider each count separately and return a separate verdict of guilty or not guilty for each count.  The number of charges is in no way evidence of guilt, and the number of charges presented by the government should not influence your decision regarding guilt or innocence in any way.

You must make an independent determination as to whether the evidence demonstrates beyond a reasonable doubt Mr. Litvak's guilt for each count set forth in the Indictment.  If you have a reasonable doubt as to any element of any of the counts charged in the Indictment, you must return a verdict of not guilty on any and all such counts.

**Authority**

Modified from Jury Instruction given in *United States v. Lucarelli*, No. 3:05-CR-268 (JBA), Doc. #112, at 35 (D. Conn. July 20, 2006).

**26.     Consider Only the Charges**

As I have already instructed you, Mr. Litvak is not charged with committing any crimes other than the offenses contained in the Indictment.  You have heard evidence of other acts allegedly committed by Mr. Litvak.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose.

**Authority**

Modified from 1-3 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 3.01, Instruction 3-3 (Matthew Bender).

**27.     Similar Acts — Intent, Knowledge, Absence of Mistake (*if applicable*)**

The government has offered evidence tending to show that on a different occasion Mr. Litvak engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that Mr. Litvak is not on trial for committing these acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that Mr. Litvak committed the crimes charged.  Nor may you consider this evidence as proof that Mr. Litvak has a criminal personality or bad character.  The evidence of the other, similar acts was admitted for a much more limited purpose, and you may consider it only for that limited purpose.

If you determine that Mr. Litvak committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the indictment, Mr. Litvak acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because Mr. Litvak committed the other acts, he must also have committed the acts charged in the Indictment.

**Authority**

Modified from 1-5 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 5.10, Instruction 5-25 (Matthew Bender).

**28.     Similar Acts — Identity, Common Scheme, Plan, or Preparation (*if applicable*)**

There has been evidence received during the trial that Mr. Litvak engaged in other conduct that was similar in nature to the conduct charged in the Indictment.  If you find that Mr. Litvak did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the other conduct were part of a common plan or scheme committed by Mr. Litvak.

However, the evidence of similar conduct is to be considered by you only on the issue of common scheme, plan, or preparation.  It may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that Mr. Litvak is of bad character or has a propensity to commit crime.

**Authority**

Modified from 1-5 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 5.10, Instruction 5-26 (Matthew Bender).

**29.     Counts One Through Eleven: Securities Fraud — The Nature of the Offense Charged**

Counts One through Eleven of the Indictment allege that Mr. Litvak violated Section

240.10b-5 of Title 17 of the Code of Federal Regulations and Sections 78j(b) and 78ff of Title 15

of the United States Code, by, knowingly and willfully, using and employing a scheme and

artifice to defraud in connection with the purchase and sale of the RMBS bonds identified below,

each of which is a separate count of the Indictment:

| Count | Trade Date | Security |
|-------|-----------|----------|
| 1 | 3/31/10 | HVMLT 2006-10 2A1A (HarborView Bond) |
| 2 | 3/31/10 | LXS 2007-15N 2A1 (Lehman Bond) |
| 3 | 6/22/11 | HVMLT 2007-7 2A1A |
| 4 | 7/1/10 | SARM 2005-21 7A1 |
| 5 | 12/23/09 | WFMBS 2006-AR12 1A1 (Wells Fargo Bond) |
| 6 | 5/28/09 | INDX 2007-AR7 2A1 |
| 7 | 12/9/09 | NYMT 2005-2 A |
| 8 | 1/7/10 | DLSA 2006-AR1 2A1A |
| 9 | 3/29/10 | CWALT 2006-OA3 1A1 |
| 10 | 4/1/10 | LXS 2007-15N 2A1 |
| 11 | 11/22/10 | FHAMS 2005-AA10 2A1 |

**30.      Counts One Through Eleven:  Securities Fraud — The Statutes Defining the Offenses**

The relevant statutes covering the acts alleged in Counts One through Eleven are Sections 78j(b) and 78ff of Title 15 of the United States Code and Section 240.10b-5 of Title 17 of the Code of Federal Regulations.  They provide, as follows:

Section 78j(b) of Title 15 of the United States Code provides, in relevant part, that it is unlawful:

> [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).

Section 78ff(a) of Title 15 of the United States Code provides, in part, that:

> any person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this chapter or any rule or regulation thereunder . . . which statement was false or misleading with respect to any material fact [shall be guilty of a crime against the United States].

15 U.S.C. § 78ff(a).

Section 240.10b-5 of Title 17 of the Code of Federal Regulations provides, in part, that it is unlawful:

> for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

37

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

**Authority**

15 U.S.C. § 78j(b); 15 U.S.C. § 78ff(a); 17 C.F.R. § 240.10b-5.

**31.     Counts One Through Eleven:  Securities Fraud — The Elements of the Offense**

In order to satisfy its burden of proof as to Counts One through Eleven, the government

must establish each of the following three elements beyond a reasonable doubt:

First, that Mr. Litvak knowingly employed a device, scheme, or artifice to defraud;

Second, that he acted willfully, knowingly, and with the intent to defraud; and

Third, that he knowingly used, or caused to be used, any means or instruments of

transportation or communication in interstate commerce or used the mails in furtherance of the

fraudulent conduct.

**Authority**

Modified from 3-57 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P
57.03, Instruction 57-20 (Matthew Bender); Modified from Jury Instruction given in *United
States v. Forbes*, No. 3:02-CR-264 (AWT), Doc. #2597, at 15-16 (D. Conn. Oct. 31, 2006).

**32.      Counts One Through Eleven:  Securities Fraud — First Element**

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of the RMBS bonds identified in the Indictment, Mr. Litvak employed the scheme and artifice to defraud described in paragraphs 27 through 55 of the Indictment, a copy of which has been provided to you.

A "device, scheme or artifice to defraud," as used in these instructions, means the forming of some invention, contrivance, plan, or design to defraud, either by a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact by one who has a legal duty to disclose that fact.

"To defraud" means to act intentionally for the purpose of cheating someone out of money or something of value.  A scheme to defraud need not succeed, but it must be one that contemplated causing economic harm to another.

The securities fraud statute under which Counts One through Eleven of the Indictment are brought is concerned only with "material" misstatements and does not cover minor, or meaningless, or unimportant ones.  A material fact is one that would have been significant to a reasonable professional investment manager's decision in choosing to buy or sell the RMBS bonds at issue.  Material information is not any and all additional information that a particular investor might have liked to have had.  It is not sufficient that a particular investor might have considered the misrepresentation or omission important, or something that he or she would have preferred to have known.  Rather, in considering whether an allegedly untrue statement was material, you must determine whether such statement would have significantly altered the total mix of information available to a reasonable professional investment manager.

A false statement cannot be material if it constitutes mere puffing or sales talk that no reasonable professional investment manager would consider important to the total mix of information available in making an investment decision regarding the RMBS bonds at issue.

There is no bright line test for materiality.  Whether or not an alleged untrue statement or misleading omission is material depends on all of the relevant circumstances existing at the time the statements were made.

**Authority**

Modified from Kevin O'Malley, 2B Fed. Jury Prac. & Instr. §§ 62:13, 62:14 (6th ed.); Modified from 3-57 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 57.03, Instruction 57-21 (Matthew Bender).

Scheme to Defraud:  *United States v. Whitman*, 904 F. Supp. 2d 363, 372 (S.D.N.Y. 2012) (economic harm requirement applies to securities fraud prosecution charged under "scheme to defraud" prong of Rule 10b-5); *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987) (mail/wire fraud context); *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir. 1970) (same).

Materiality:  *Basic Inc. v. Levinson*, 485 U.S. 224, 238 (1988) ("It is not enough that a statement is false or incomplete, if the misrepresented fact is otherwise insignificant."); *TSC Indus. v. Northway, Inc.,* 426 U.S. 438, 449 (1976) (a material fact is one that significantly alters the total mix of information); *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) ("the determination of whether an alleged misrepresentation is material necessarily depends on all relevant circumstances"); *Kronfeld v. Trans World Airlines*, 832 F.2d 726, 732 (2d Cir. 1987) (material facts include those facts "which may affect the desire of investors to buy, sell, or hold the company's securities"); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162, 165 (2d Cir. 2000) ("[i]t is not sufficient to allege that the investor might have considered the misrepresentation or omission important" and "[m]ateriality is determined in light of the circumstances existing at the time the alleged misstatement occurred"); Puffing/Sales Talk instruction from Jury Instruction given in *United States v. Cioffi*, No. 08-CR-415 (FB), at 16-17 (E.D.N.Y. Nov. 6, 2009); *see also ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009) (statements that are mere puffery, such as the type of superlatives that are common in business, are immaterial as a matter of law); *Nadoff v. Duane Reade, Inc.*, 107 Fed. Appx. 250, 252 (2d Cir. 2004) ("expressions of puffery and corporate optimism [also] do not give rise to securities violations") (citation omitted); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (reasoning that representations that were collateral to a transaction were not actionable because they "did not go to the basis of the [alleged victims'] bargain"); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1179 (2d Cir. 1970) (reasoning that statements not directed to the nature of a bargain are not actionable in the mail and wire fraud context).

Reasonable Investor:  *In the Matter of John P. Flannery*, Administrative Proceeding File No. 3-14081, 2011 SEC LEXIS 3835, at *118-120 (Oct. 28, 2011) (rejecting SEC staff's allegations of material misrepresentations in various statements regarding fixed-income portfolio, given information that sophisticated investors customarily would rely upon in making particular types of fixed income investments); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 01CIV.11448 (JGK) (HBP), 2006 WL 1206333, at *1 (S.D.N.Y. May 2, 2006) ("the parties cannot seriously dispute that plaintiffs' financial sophistication and their knowledge concerning [the securities] has some relevance in this securities fraud action"); *Sable v. Southmark/Envicon Capital Corp.*, 819 F. Supp. 324, 335 (S.D.N.Y. 1993) (finding that plaintiffs—sophisticated investors—were provided with "sufficient information as to material facts in a format from which a reasonable investor could reach his own conclusions as to the risks of the transaction") (internal quotation marks omitted).

**33.    Counts One Through Eleven:  Securities Fraud — Second Element**

The second element that the government must establish beyond a reasonable doubt is that

Mr. Litvak participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

I will now define these terms:

**(i)    Knowingly**

A person acts knowingly when he acts voluntarily and purposefully, and not because of

ignorance, mistake, accident, or carelessness.  The alleged fraudulent scheme involves providing

materially false information to professional investment managers in connection with their

purchases of RMBS.  To establish that a defendant acted knowingly, the government must prove

beyond a reasonable doubt that he knew that the information provided was materially false.

**(ii)    Willfully**

An act is done willfully if it is done with knowledge that one's conduct is unlawful and

with the intent to do something the law forbids, that is to say, with bad purpose to disobey or to

disregard the law.  It is not necessary for the government to prove beyond a reasonable doubt that

a defendant knew that he was breaking any particular law or rule, but it must prove beyond a

reasonable doubt that he was aware of the generally unlawful nature of his acts.

**(iii)    Intent to Defraud**

"Intent to defraud" in the context of the securities laws means to act knowingly with the

intent to cheat someone.  The government must prove beyond a reasonable doubt that Mr. Litvak

acted with the purpose of defrauding the identified buyers of RMBS by contemplating some

actual harm or injury to the alleged victims.  Only a showing of intended harm will satisfy the

element of fraudulent intent.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Even if a statement is untrue or misleading, it is not fraudulent if it did not go to the heart of the economic bargain between the parties by altering the merits of the investment. A person does not act with intent to defraud unless the false statement is made for the purpose of cheating another in connection with a securities transaction.

Since the government must prove an intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

To conclude on this element, if you find that Mr. Litvak was not a knowing participant in the alleged scheme and that he lacked the intent to defraud, you should acquit him. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, the existence of a scheme to defraud, and also this second element, that Mr. Litvak

was a knowing participant and acted with intent to defraud, then you should consider the third

element, as to which I am about to instruct you.

**Authority**

Modified from 3-57 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 57.03, Instruction 57-24 (Matthew Bender); Modified from Kevin O'Malley, 2B Fed. Jury Prac. & Instr. § 62:15 (6th ed.); *U.S. v. Novak*, 443 F.3d 150, 156 (2d Cir. 2005) ("the government 'must, at a minimum, prove that defendant[] *contemplated* some actual harm or injury to the[] victims'") (quoting *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (internal quotations omitted)); *United States v. Stevens*, No. 97-1260, 2000 WL 419938, at *1 (2d Cir. Apr. 17, 2000) (stating that "a scheme to defraud is a plan to deprive another of money or property by trick, deceit, deception or swindle, and that intent to defraud means acting knowingly and with the intent to deceive, for the purpose of causing some financial loss to another") (internal quotation marks omitted); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1182 (2d Cir. 1970) (reasoning that an intent to defraud speaks to deceit directed at "the nature of the bargain itself"); *United States v. Whitman*, 904 F. Supp. 2d 363, 372 (S.D.N.Y. 2012) (economic harm requirement applies to securities fraud prosecution charged under "scheme to defraud" prong of Rule 10b-5).

Good Faith Defense:  Modified from Jury Instruction given in *United States v. Whitman*, No. 1:12-CR-00125 (JSR), Doc. #102, at 19 (S.D.N.Y. Aug. 17, 2012).

**34.     Counts One Through Eleven:  Securities Fraud — Third Element**

The third and final element that the government must prove beyond a reasonable doubt is that Mr. Litvak knowingly used, or caused to be used, instruments of communication in interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.  "Instruments of communication in interstate commerce" include the mails, and/or electronic communications over the Internet.  Other examples of use of an instrumentality of interstate commerce are the use of a telephone, the use of a fax machine, or the use of e-mail.

It is not necessary that a defendant be directly or personally involved in any mailing or other communication in interstate commerce.  If the defendant was an active participant in the alleged scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of instruments of communication, then you may find that he caused them to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through the mails contain the fraudulent material, or anything criminal or objectionable.  The matter mailed may be entirely innocent.

The use of instruments of communication in interstate commerce need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of the mails bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale need not be accompanied or accomplished by the use of the mails, so long as the defendant is still engaged in actions that are a part of a fraudulent scheme.

Each specific use of any means or instrumentality of interstate commerce or of the mails

in furtherance of the scheme to defraud constitutes a separate and distinct criminal offense.

**Authority**

Modified from 3-57 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal, P* 57.03, Instruction 57-25 (Matthew Bender); *United States v. Ferguson*, 478 F. Supp. 2d 220, 230 (D. Conn. 2007) ("[i]t is sufficient for the mailing to be incident to an essential part of the scheme or a step in [the] plot"); Modified from Jury Instruction given in *United States v. Forbes*, No. 3: 02-CR-264 (AWT), Doc. #2597, at 47-49 (D. Conn. Oct. 31, 2002).

**35.      Count Twelve:  TARP Fraud — The Nature of the Offense Charged**

Count Twelve of the Indictment alleges that Mr. Litvak violated 18 U.S.C. § 1031, by devising a scheme and artifice to defraud the United States and to obtain money and property by means of false and fraudulent pretenses, representations, and promises in a form of federal assistance—including TARP, an economic stimulus, recovery or rescue plan provided by the government, and the government's purchase of troubled assets as defined in the Emergency Economic Stabilization Act of 2008.  Specifically, the Indictment alleges that Mr. Litvak executed the alleged scheme described in paragraphs 28 through 54 of the Indictment with respect to the five RMBS bond transactions identified in Paragraph 58 a–e of the Indictment.

**36.      Count Twelve:  TARP Fraud — The Statute Defining the Offense**

The relevant statute covering these acts is 18 U.S.C. § 1031.  That section provides, in

relevant part, that it is unlawful to:

> knowingly execute[], or attempt[] to execute, any scheme or
> artifice with the intent --
>
> > (1) to defraud the United States; or
> >
> > (2) to obtain money or property by means of false or
> > fraudulent pretenses, representations, or promises,
>
> in . . . [a] form of Federal assistance, including through the
> Troubled Asset Relief Program . . . or the Government's purchase
> of any troubled asset as defined in the Emergency Economic
> Stabilization Act of 2008 . . . if the value of . . . Federal assistance,
> or any constituent part thereof, is $1,000,000 or more.

**Authority**

18 U.S.C. § 1031.

**37.     Count Twelve:  TARP Fraud — The Elements of the Offense**

In order to satisfy its burden of proof as to Count Twelve, the government must establish each of the following four elements beyond a reasonable doubt:

First, that there was a scheme to defraud the United States or to obtain money or funds from the United States government by means of materially false or fraudulent pretenses, representations or promises as charged in the Indictment;

Second, that the defendant executed or attempted to execute the scheme with the intent to defraud the United States government;

Third, that the scheme took place in a grant, contract, subcontract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, including through the Troubled Asset Relief Program, an economic stimulus, recovery or rescue plan provided by the government, or the government's purchase of any troubled asset as defined in the Emergency Economic Stabilization Act of 2008; and

Fourth, that the value of that Federal assistance, including through the Troubled Asset Relief Program, an economic stimulus, recovery or rescue plan provided by the government, or the government's purchase of any troubled asset as defined in the Emergency Economic Stabilization Act of 2008 was at least $1,000,000.

**Authority**

Modified from 1-18 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 18.02, Instruction 18-9 (Matthew Bender).

**38.     Count Twelve:  TARP Fraud — First Element**

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud the United States or to obtain money or property from the United States government by means of false or fraudulent pretenses, representations, or promises as described in the Indictment.

A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to defraud the federal government into releasing money or property with the intent to cause the government to suffer a loss.

A representation is fraudulent if it was falsely made with the intent to defraud. Fraudulent statements of half-truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The government does not meet its burden by proving a false statement alone.  A fraudulent representation must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to the United States Treasury in relying upon the representation or statement.

The government charges that Mr. Litvak knowingly executed and attempted to execute a scheme and artifice with the intent to defraud the United States and to obtain money and property by means of false and fraudulent pretenses, representations and promises in connection with five RMBS bond transactions set forth in Paragraph 58 a-e of the Indictment, a copy of which has been provided to you.

The government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged in the Indictment, Mr. Litvak placed the government at a risk of loss and that the government did not knowingly accept such a risk.

51

**Authority**

Modified from 1-18 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 18.02, Instruction 18-10 (Matthew Bender).

*Washington v. Recuenco*, 548 U.S. 212, 219 (2006) ("materiality is an element of the mail fraud, wire fraud, and bank fraud statutes[, on which § 1031 was based]"); *Neder v. United States*, 527 U.S. 1, 22-23, 25 (1999) (materiality is an element of mail and wire fraud because at the time of the statutes' enactment, the word "defraud" [as also contained in 18 U.S.C. § 1031] was understood to "require[] a misrepresentation or concealment of [a] material fact").

**39.    Count Twelve:  TARP Fraud — Second Element**

The second element that the government must prove beyond a reasonable doubt is that Mr. Litvak executed or attempted to execute the scheme knowingly, willfully, and with specific intent to defraud the government.

I have already instructed you as to the meaning of the terms "knowingly," "willfully," and "specific intent to defraud" when giving you the instructions concerning Securities Fraud. However, I will briefly reiterate those definitions again, here.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with intent to defraud means to act willfully and with the specific intent to defraud, for the purpose of causing some financial loss to another.  "To defraud" means to act intentionally for the purpose of cheating someone out of money or something of value.  As I explained before, even if a statement is untrue or misleading, it is not material and cannot support a charge of fraud—here TARP fraud—if it constitutes mere puffery or sales talk that no reasonable professional investment manager would consider important or central to its decision to purchase RMBS bonds.

Since the government must prove an intent to defraud, it follows that good faith on the part of the defendant is a complete defense to the charge of TARP fraud.  That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme.

Again, the question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I previously instructed you, direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. While such direct proof is not required, the government is nonetheless required to prove this culpable state of mind beyond a reasonable doubt.

**Authority**

Modified from 1-18 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 18.01, Instruction 18-7 and 18-8 (Matthew Bender) (noting that instruction is adapted from Bank Fraud Statute); *see United States v. Stevens*, No. 97-1260, 2000 WL 419938, at *1 (2d Cir. Apr. 17, 2000) ("a scheme to defraud" is "a plan to deprive another of money or property by trick, deceit, deception or swindle," and . . . "intent to defraud" means acting "knowingly and with the intent to deceive, for the purpose of causing some financial loss to another."); *see also U.S. v. Novak*, 443 F.3d 150, 156 (2d Cir. 2005) (the government "must, at a minimum, prove that defendant[] contemplated some actual harm or injury to the[] victims") (quoting *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (internal quotations omitted)).

Puffery: *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co*., 553 F.3d 187, 206 (2d Cir. 2009) (statements that are mere puffery, such as the type of superlatives that are common in business, are immaterial as a matter of law); *Nadoff v. Duane Reade, Inc*., 107 Fed. Appx. 250, 253 (2d Cir. 2004) ("expressions of puffery and corporate optimism [also] do not give rise to securities violations") (citation omitted); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987); *United States v. Regent Office Supply Co*., 421 F.2d 1174, 1181-82 (2d Cir. 1970).

Good Faith Defense: Modified from Jury Instruction given in *United States v. Whitman*, No. 1:12-CR-00125 (JSR), Doc. #102, at 19 (S.D.N.Y. Aug. 17, 2012).

**40.**   **Count Twelve:  TARP Fraud — Third Element**

The third element that the government must prove beyond a reasonable doubt is that the scheme took place in a form of federal assistance, including through the Troubled Asset Relief Program, an economic stimulus, recovery or rescue plan provided by the government, or the government's purchase of any troubled asset as defined in the Emergency Economic Stabilization Act of 2008.

Here, the government has alleged that the alleged scheme took place in five RMBS bond transactions with TARP-Funded PPIFs.  It is for you to decide whether or not the sales by Jefferies of RMBS bonds to TARP-funded PPIFs were in a form of federal assistance.  Again, those RMBS bond transactions are set forth in Paragraph 58 a-e of the Indictment, a copy of which has been provided to you.

**Authority**

18 U.S.C. § 1031; Modified from 1-18 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 18.02, Instruction 18-12 (Matthew Bender).

**41.     Count Twelve:  TARP Fraud — Fourth Element**

The fourth element that the government must prove beyond a reasonable doubt is that the value of the federal assistance, including through the Troubled Asset Relief Program, an economic stimulus, recovery, or rescue plan provided by the government, or the government's purchase of any troubled asset as defined in the Emergency Economic Stabilization Act of 2008, was at least $1,000,000.

**Authority**

18 U.S.C. § 1031; Modified from 1-18 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 18.02, Instruction 18-13 (Matthew Bender).

**42.    Counts Thirteen through Sixteen:  False Statements to the Government — The Nature of the Offense Charged**

Counts Thirteen through Sixteen of the Indictment each charge that Mr. Litvak knowingly and willfully made and caused to be made a materially false, fictitious, and fraudulent statement and representation to a PPIF Manager for a TARP-Funded PPIF and that this constitutes a false statement in a matter within the jurisdiction of the United States Department of the Treasury.

The four alleged false statements are each set forth as a separate count in Paragraph 60 of the Indictment, a copy of which has been provided to you.

43.     **Counts Thirteen through Sixteen:  False Statements to the Government — the Statute Defining the Offense**

The relevant statute covering these acts is Section 1001 of Title 18 of the United States

Code.  It provides, in part, that:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry
>
> shall be [guilty of a crime].

**Authority**

18 U.S.C. § 1001.

**44.    Counts Thirteen through Sixteen:  False Statements to the Government — Elements of the Offense**

The government alleges that Mr. Litvak "made a materially false, fictitious, and fraudulent statement and representation," which, if proven, would amount to a violation of 18 U.S.C. § 1001(a)(2).  In order to satisfy its burden of proof as to each of Counts Thirteen through Sixteen, the government must establish each of the following four elements beyond a reasonable doubt:

First, on or about the date specified, Mr. Litvak made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the government of the United States.

**Authority**

Modified from 2-36 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 36.01, Instruction 36-9 (Matthew Bender); *United States v. Coplan*, 703 F.3d 46, 78 (2d Cir. 2012) *cert. denied*, No. 12-1299, 2013 WL 1828055 (U.S. Oct. 7, 2013) ("in order to secure a conviction under § 1001(a)(2), the Government must prove that a defendant (1) knowingly and willfully, (2) made a *materially* false, fictitious, or fraudulent statement, (3) in relation to a matter within the jurisdiction of a department or agency of the United States, (4) with knowledge that it was false or fictitious or fraudulent") (emphasis added).

**45.    Counts Thirteen through Sixteen:  False Statements to the Government — First Element**

The first element that the government must prove beyond a reasonable doubt is that Mr. Litvak made a statement or representation.  In this regard, the government need not prove that Mr. Litvak physically made or otherwise personally prepared the statement in question.  It is sufficient if Mr. Litvak caused the statement charged in the Indictment to have been made.

Under this statute, there is no distinction between written and oral statements.

**Authority**

Modified from 2-36 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 36.01, Instruction 36-10 (Matthew Bender).

**46.**   **Counts Thirteen through Sixteen:  False Statements to the Government — Second Element**

The second element that the government must prove beyond a reasonable doubt is that

Mr. Litvak's alleged statement or representation was material.

A false statement is "material" if it is capable of influencing the government's  decisions

or activities.

**Authority**

Modified from 2-36 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 36.01, Instruction 36-11 (Matthew Bender).

*United States v. Ballistrea*, 101 F.3d 827, 835 n.5 (2d Cir. 1996).

**47.    Counts Thirteen through Sixteen:  False Statements to the Government — Third Element**

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious, or fraudulent.  A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to defraud the government agency to which it was submitted.

**Authority**

Modified from 2-36 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 36.01, Instruction 36-12 (Matthew Bender).

**48.   Counts Thirteen through Sixteen:  False Statements to the Government — Fourth Element**

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Litvak acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, and not because of mistake, accident, or some other reason.

An act is done willfully if it is done with an intention to do something the law forbids; that is to say, with a bad purpose to disobey or disregard the law.

**Authority**

Modified from 2-36 Leonard B. Sand, et al*., Modern Federal Jury Instructions-Criminal*, P 36.01, Instruction 36-13 (Matthew Bender); *United States v. Whab*, 355 F.3d 155, 159 (2d Cir. 2004); *United States v. West*, 666 F.2d 16, 20 n.2 (2d Cir. 1981).

**49.    Counts Thirteen through Sixteen:  False Statements to the Government — Fifth Element**

The fifth element that the government must prove beyond a reasonable doubt is that the statement be made with regard to a matter within the jurisdiction of the government of the United States.  Here, in each of counts Thirteen through Sixteen, the government has alleged that Mr. Litvak made materially false statements to a Manager of a TARP-funded PPIF.

There is no requirement that the statement be actually directed to or given to the U.S. Department of Treasury.  All that is necessary is that you find that it was contemplated that the statement was to be utilized in a matter which was within the jurisdiction of the government of the United States.  To be "within the jurisdiction of the government of the United States" means that the statement must concern an authorized function of that department or agency.

It is not necessary for the government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter which was within the jurisdiction of the government of the United States.  It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.

**Authority**

Modified from 2-36 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, P 36.01, Instruction 36-14 (Matthew Bender).

**50.**     **Copy of the Indictment**

I am sending a copy of the Indictment into the jury room for you to have during your

deliberations.  You are reminded, however, that the Indictment is merely an accusation and is not

to be used by you as any proof of the conduct charged.

**51.**     **Juror Notes**

I have now concluded the instructions relating to the specific charge in this case.  In closing, I must add a few general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

52.     **Closing Remarks**

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these Instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.  When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors when all jurors are present.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, and not on anything else.  Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan.  Rather, you are the judges of the facts, and your sole interest is to evaluate the evidence in this case to determine if the government has met its burden of proof beyond a reasonable doubt.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, my law clerks, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in Court.

A Verdict Form has been prepared.  The Verdict Form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law. Your answers must reflect the conscientious judgment of each juror and must be unanimous. The Verdict Form includes instructions to guide you in filling out the form.  I suggest you start at the beginning and work your way through, following the instructions carefully.

You will answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the Verdict Form.  You should then inform the court security officer that you have reached a verdict. I stress that each of you must be in agreement with the verdict as contained in the Verdict Form and announced in court.  Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations.  Please wait to begin deliberations until the Deputy Clerk brings the Verdict Form and exhibits in to you.  It will take a few minutes to gather the exhibits.

If you need any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want.  It can take time to find it, so please consider that.  If you feel you need testimony read back, be as specific as possible in your request.

Any communication with the Court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room.  If you send out a question, I will consult with the parties before answering it, which also may take some time.  You may, if you can, continue your deliberations while waiting for the answer to any question.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the Court, you should not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant, until after you have reached a unanimous verdict.  Never disclose any vote count in any note to the Court.

It is proper to add a final caution.

Nothing that I have said in these Instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you.  At this time I will excuse the alternate jurors and ask them to remain in the courtroom for a moment.  The regular jurors should now accompany the Deputy Clerk to the jury room to consider your verdict.

Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.

Respectfully submitted,

**THE DEFENDANT,**
**JESSE C. LITVAK**


By:____/s/ Ross H. Garber_____
      Ross H. Garber
      Fed. Bar No. ct17689
      SHIPMAN & GOODWIN LLP
      1 Constitution Plaza
      Hartford, Connecticut 06103
      Tel:  (860) 251-5000
      Fax:  (860) 251-5099
      E-mail:  rgarber@goodwin.com

      Patrick J. Smith (admitted *pro hac vice*)
      Sarah B. Zimmer (admitted *pro hac vice*)
      DLA Piper LLP (US)
      1251 Avenue of the Americas, 27th Floor
      New York, New York 10020
      Tel.:  (212) 335-4500
      Fax:  (212) 884-8509
      E-mail:  patrick.smith@dlapiper.com
               sarah.zimmer@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Ross H. Garber
Ross H. Garber