UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | February 5, 2014 |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
CONCERNING THE COURT'S PRETRIAL JURY INSTRUCTIONS AND THE
GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The Government respectfully submits this supplemental memorandum concerning the Court's proposed Pretrial Jury Instructions and the Government's Proposed Jury Instructions.

**I.      Court's Proposed Pretrial Instructions**

The Government respectfully proposes the following revisions to the Court's Preliminary Instructions.

*First*, at page two, second line, the number of false statement counts charged in the Indictment should be changed from "three" to "four." The Indictment charges Mr. Litvak with four counts of false statements in Counts Thirteen through Count Sixteen. *See* Indictment at ¶ 60, at 19-20 [Doc. #1, 1/25/13].

*Second*, at page three, ninth line, the Government proposes that the Court replace the phrase "in connection with" with the word "in."

*Third*, as the Government has indicated in previous filings, it will be proceeding at trial on the second prong of 18 U.S.C. § 1031, namely, Section 1031(a)(2). Thus, the Government proposes that at page three, in the first element of 18 U.S.C. Section 1031, the words "defraud or" should be deleted. In the second element, the phrase "with the specific intent to defraud the United States" should be replaced with "with specific intent to defraud."

**II.     Government's Proposed Jury Instructions**

In light of the Government's decision to proceed on 18 U.S.C. § 1031(a)(2), the Government replaces its Proposed Instructions 21 through 23 (concerning 18 U.S.C. § 1031) in its Proposed Jury Instructions [Doc. #92, 11/15/13] with the following instructions:

PROPOSED INSTRUCTION NO. 21
COUNT TWELVE: TARP FRAUD—ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of the crime charged in Count Twelve, the Government must prove each of the following elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice with intent to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, as described in the Indictment;

*Second*, that the defendant executed or attempted to execute the scheme or artifice knowingly, willfully and with specific intent to defraud;

*Third*, that the defendant executed or attempted to execute the scheme or artifice in any form of Federal assistance, including through the Troubled Asset Relief Program, an economic stimulus, recovery or rescue plan provided by the Government, or the Government's purchase of any troubled asset as defined in the Emergency Economic Stabilization Act of 2008; and

*Fourth*, that the value of such form of Federal assistance, or any constituent part thereof, was $1,000,000 or more.

---

18 U.S.C. § 1031; *see United States v. Nolan*, 223 F.3d 1311, 1314-15 (11th Cir. 2000); 2 Sand, Instructions 44-12, as adapted.

PROPOSED INSTRUCTION NO. 22
COUNT TWELVE: TARP FRAUD—FIRST ELEMENT—THE EXISTENCE OF A SCHEME OR ARTIFICE WITH INTENT TO OBTAIN MONEY OR PROPERTY

The first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, as described in the indictment.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false and fraudulent pretenses, statements and representations.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in making a decision (*e.g.*, with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false and fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated a deprivation of money or property. Such a contemplated deprivation of money or property can include a deprivation of information necessary to make discretionary economic decisions.

However, the government is not required to prove that the defendant himself originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the United States or the Troubled Asset Relief Program actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

The five transactions that the government charges were executed in the scheme are set forth in paragraph 58 of the indictment, which I just read to you.

The representations which the government charges were made as part of the scheme are referred to in paragraphs 33-54 of the indictment. It is not required that every misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme.

---

2 Sand, Instruction 44-4 (wire fraud), as adapted; 2 Sand, Instruction 44-10 (bank fraud) as adapted.  *See also United States v. Carlo*, 507 F.3d 799 (2d Cir. 2007) (*per curiam*) (deprivation of information necessary to make a discretionary economic decision constitutes a loss of money or property); *United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987).

<u>PROPOSED INSTRUCTION NO. 23</u>
<u>COUNT TWELVE: TARP FRAUD—SECOND ELEMENT—KNOWING, WILLFUL</u>
<u>EXECUTION OF THE SCHEME WITH INTENT TO DEFRAUD THE UNITED STATES</u>

The second element the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed,

is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

_____

2 Sand, Instruction 44-11.  See also 18 U.S.C. § 1031.

- 8 -

        Respectfully submitted,

        DEIRDRE M. DALY
        UNITED STATES ATTORNEY

        /s/
        ERIC J. GLOVER
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT23923
        eric.glover@usdoj.gov

        JONATHAN N. FRANCIS
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv05083
        jonathan.francis@usdoj.gov

        157 Church Street, 25th Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700

- 9 -

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

   /s/
   ERIC J. GLOVER
   ASSISTANT UNITED STATES ATTORNEY