UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
|---|---|---|
| v. | : | |
| JESSE C. LITVAK | : | February 5, 2014 |

## GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The Government respectfully submits this Notice of Supplemental Authority concerning the defendant's attempt to put on evidence of the "profitability" of the bonds. Specifically, at pages 4-5 of the Government's Reply Memorandum [Doc. #169, 01/28/14], the Government argued, based on the standard jury instruction in every fraud case, that "'[n]o amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for everyone, or will not cause anyone harm, will excuse fraudulent actions or false representations by him.'" Reply at 4 (quoting 3 Sand, Instruction 57-24). This is the law in the Second Circuit. *See, e.g.*, *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) ("The 'no ultimate harm' instruction given in the present case ensured that jurors would not acquit if they found that the defendants knew the [representation] was a sham but thought it beneficial for the stock price in the long run."); *United States v. Levis*, 488 Fed. Appx. 481 (2d Cir. 2012) ("Taken together, these [jury] instructions accurately state the law of this Circuit: even if Levis meant to cause no ultimate harm to investors because he honestly believed Doral to be properly valued, he intended to cause them 'immediate harm' by denying them the 'right "to control [their] assets by depriving [them] of the information necessary to make discretionary economic decisions."'") (quoting *Ferguson*, 676 F.3d at 280); s*ee also United States v. Berger*, 188 F. Supp. 2d 307, 329 (S.D.N.Y. 2002) (stating in a securities fraud prosecution that if a jury found the defendant to

have intentionally caused others to issue false or misleading statements, "he properly would be found guilty, even if 'firmly believed' that, in the end, his strategy would 'work out'").

In *United States v. Watts*, 934 F. Supp.2d 451, 470 (E.D.N.Y. 2013), the court precluded evidence that "the loans Mr. Watts obtained or attempted to obtain from [the lenders] would be repaid." The court noted that "a defendant's good faith belief in the truth of his statements or representations is very different from a defendant's belief that his untrue statements or representations will ultimately cause no harm." *Id.* "[W]here a defendant intentionally withholds or falsifies material information on a loan application, even if the defendant intends that the lender will be made whole at some future juncture, the defendant will have already exposed the lender or investor to 'immediate harm by denying [the lender] the right to control its assets by depriving [the lender] of the information necessary to make discretionary economic decisions." *Id.* at 471 (quoting *Levis*, 488 Fed.Appx. at 486). Accordingly, the court found that "if the jury concludes that Mr. Watts intentionally deceived" the lenders in seeking loans, "his good-faith belief that the loans would ultimately be repaid would be irrelevant." *Id.*; *see also id.* at 473.

So too here. Any evidence – whether by way of expert testimony or cross-examination of the victim-investors during the Government's case-in-chief -- about how the RMBS bonds fared in the hands of Litvak's victim-investors after he sold the bonds to them is simply irrelevant to the jury's task of assessing Mr. Litvak's actions, statements and intentions at the time he sold them the bonds. The defendants have not cited to a single case that says otherwise, nor can they because, as *Levis* stated, it is simply not the "law of this Circuit." *Levis*, 481 Fed. Appx. at 486.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/
ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT23923
eric.glover@usdoj.gov

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov

157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

      /s/
ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY