UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | February 5, 2014 |

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT'S OBJECTIONS TO CERTAIN EXHIBITS

The Government respectfully submits this memorandum in response to the defendant Jesse C. Litvak's objections to certain of the Government's exhibits [Dkt. #173, 1/31/14].

**A.     Objection to Exhibits Regarding Litvak's compensation**

As Litvak notes, the Court denied the portion of his omnibus motion in limine [Dkt. # 104, 12/3/13] to preclude evidence reflecting his compensation. Litvak merely restates that argument with respect to particular Government exhibits, specifically GX203 and 204.

**B.     Objection to Statutes and Regulations Reflecting Treasury's Jurisdiction Over PPIP**

Litvak objects to the GX331-335, which are portions of the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. § 5201 *et seq*., the Public-Private Investment Program ("PPIP") Improvement and Oversight Act of 2009, 12 U.S.C. § 5231a, and the regulations promulgated by the Department of the Treasury "to implement and administer" EESA, 31 CFR § 31.1 *et seq*.

The Government intends to offer these exhibits to satisfy the jurisdictional elements of the § 1031 and § 1001 charges against Litvak. The Government has the burden of proving—and Litvak has indicated that he intends to contest—that (i) Litvak executed his fraudulent scheme in a form of Federal assistance—including the Troubled Asset Relief Program, an economic stimulus, recovery or rescue plan provided by the Government, and the Government's purchase

of troubled assets as defined in EESA, as required by § 1031, and (ii) Litvak made his false statements in a matter that is within the jurisdiction of Treasury, as required by § 1001. These are issues of fact for the jury to decide, and the statutes and regulations in GX331-335, along with the testimony of the Government's witnesses, will prove each beyond a reasonable doubt.

    **C.**     **Objection to Exhibits Reflecting Litvak's Knowledge of Treasury's Jurisdiction Over PPIP**

Litvak objects to GX301-335, which are documents reflecting Litvak's knowledge that Treasury had jurisdiction over PPIP. As a compromise, Litvak proposed that the Government withdraw 19 of these exhibits. The Government has identified nine exhibits that it is prepared to withdraw: GX301, 304, 315, 320, 324, 325 and 327-328.

The remaining exhibits in the GX300 range are powerful evidence that Litvak was aware that he was committing a fraud in a form of federal assistance and making false statements in a matter within the jurisdiction of Treasury. For instance, GX303 is Litvak forwarding a co-worker at Jefferies' analysis of the anticipated effect of PPIP on the market in which Litvak traded: "as long last . . .ppip. this is a HUGE POSITIVE for the market. . . . another interesting point is the reference to monthly reports to an inspector general (sigtarp) containing all holdings and activity (cusips [bond identification numbers] and prices)[.]"

Similarly, GX317 is an email from a trader at another firm to Litvak attaching SIGTARP's initial quarterly report to Congress regarding PPIP, and noting that "it seems there's still a ton of cash left to be deployed." The attached SIGTARP report reads, in part:

> The investment objective of PPIP is to generate attractive returns for taxpayers and private investors through long-term opportunistic investments in Eligible Assets (as defined below) by following predominantly a buy and hold strategy. Under the program, Treasury will invest up to $30 billion of equity and debt in public-private investment funds ("PPIFs") established by private fund managers for the purpose of purchasing Eligible Assets.

This exhibit shows that Litvak knew that the sudden influx of capital into his market was the result of the Government's intervention through special funds established and funded by Treasury and restricted to buying only certain "Eligible Assets," which included RMBS bonds traded by Litvak.

Moreover, many of the exhibits to which Litvak objects show that he had far more than a general understanding of PPIP, but specifically knew that certain of his customers were trading with PPIP money on behalf of their PPIFs.  Litvak repeatedly refers to the traders at AllianceBernstein, Angelo Gordon, BlackRock, Marathon, Wellington Management and Western Asset Management Company (or "WAMCO") (some of whom will be witnesses in the Government's case) as "ppip guys."  For instance:

- GX305 - "ppip guy from alliance"
- GX306 - referring to "alliance" and trader at Wellington Management each as "ppip guy"
- GX307 - referring to bond purchased by Wellington Management:  "ppip guy bot"
- GX308 - referring to bond purchased by Wellington Management: "flipped it to a ppip guy"
- GX310 - responding to comment from supervisor that "we should hear back from every ppip guy" with information about "alliance" and "brock" [BlackRock]
- GX311 - referring to bond purchased by Wellington Management:  "this went to PPIP guy fwiw [for what it's worth]"
- GX312 - responding to question from supervisor "which ppip guy bought the other half of the bonds?" with "alliance"
- GX313 - after selling certain RMBS bond to Angelo Gordon, answering question from customer "what type of guys buys" that bond with "ppip guy"
- GX314 - "I just want to hear where the ppip guys care . . . wamco/alliance/ marathon and even [trader at Angelo Gordon]"
- GX319 - telling seller of DSLA 2007-AR1 2A1A bond that  Litvak eventually sold to AllianceBernstein's PPIF, "the fish is on the hook on dsla . . .ppip guy . . ..he likes the bond and is just doing some last minute

sht on it"

The remaining evidence in the 300 range is relevant to prove the jurisdictional elements of § 1031 and § 1001, but also to establish Litvak's fraudulent intent through showing his awareness that he was committing a fraud in a form of Federal assistance and making false statements in a matter within the jurisdiction of the Treasury. The Government should be entitled to use this evidence at trial.

    Respectfully submitted,

    DEIRDRE M. DALY
    ACTING UNITED STATES ATTORNEY

    /s/
    JONATHAN N. FRANCIS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv05083
    jonathan.francis@usdoj.gov

    ERIC J. GLOVER
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT23923
    eric.glover@usdoj.gov

    157 Church Street, 25th Floor
    New Haven, CT 06510
    Tel.: (203) 821-3700

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                        /s/
                              JONATHAN N. FRANCIS
                              ASSISTANT UNITED STATES ATTORNEY