UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | March 2, 2014 |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING THE COURT'S PROPOSED JURY INSTRUCTIONS

The Government respectfully submits the following supplemental memorandum responding to the defendant's memorandum on conscious avoidance or willful blindness.

In *United States v. Ferguson*, 676 F.3d 260, 278 (2d Cir. 2011), the Second Circuit addressed "willful blindness" (or "conscious avoidance") after the Supreme Court issued its decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, -- U.S. --, 131 S. Ct. 2060, 2070 (2011). *See Ferguson*, 676 F3d at 278 & n.16.  The Second Circuit did not view the Supreme Court's language about "active efforts" as the defendant does here.  The defendant essentially claims that the predicate for the instruction requires *direct* evidence that Mr. Litvak "took a step to avoid learning the truth."  Litvak Mem. at 1.  But in fact, even after *Global-Tech Appliances*, the Second Circuit rejected such a narrow approach, stating that the instruction may be given (i) "'when a defendant asserts the lack of some specific aspect of knowledge required for conviction,'" and (ii) "'the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and *consciously avoided confirming* that fact.'"  *Ferguson*, 676 F.3d at 278 (emphasis added) (quoting *United States v. Quattrone*, 441 F.3d 153, 181 (2d Cir. 2006)); *United States v. Ebbers*, 458 F.3d 110, 124 (2d Cir. 2006) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and

(b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.").

In practice, the Second Circuit in *Ferguson* stated that "[r]ed flags about the legitimacy of a transaction can be used to show both actual knowledge and conscious avoidance." *Ferguson*, 676 F.3d at 278. There are plenty of red flags about Mr. Litvak's transactions that serve as the predicate for such an instruction. To take just one instance, in Count Eight, Mr. Litvak told Ms. Corso that he "was selling him [the buyer] bonds at 61-8" (GX81F), and in fact Litvak was in communication with the buyer, Jeff Katz at Western Asset Management that same morning, telling him that "seller wants 63-16" (GX82A). Ms. Corso testified that she never said such a thing.

Yet the defense has clearly suggested through its questions at trial and will surely argue in summation that Mr. Litvak did not know that the DSLA bonds were sold to Western Asset Management at the price of 62-12, even though trade tickets for both the purchase and sale reflect Mr. Litvak's trading book number. Surely the jury in this case would be entitled to find that any such claimed lack of knowledge as to the price Ms. Corso's bonds were sold for was clearly because Litvak "studiously sought to avoid knowing what was plain." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir.1995) (holding that a conscious avoidance charge is "not inappropriate merely because the Government has primarily attempted to prove that the defendant had actual knowledge, while urging in the alternative that if the defendant lacked such knowledge it was only because he had studiously sought to avoid knowing what was plain"); *see also United States v. Nektalov*, 461 F.3d 309, 316 (2d Cir. 2006) (approving instruction where defendant "strongly suspected, but was not completely certain" of the fact at issue and

"deliberately avoided asking any questions . . . that might have confirmed his suspicions");

*United States v. Kaplan*, 490 F.3d 110, 127 n.7 (2d Cir. 2007) ("So long as the Government can establish a factual predicate for conscious avoidance, it is free to argue alternative theories of conscious avoidance and actual knowledge.").

In sum, there is a factual predicate for giving the willful blindness or conscious avoidance instruction here.

Finally, it is the Government's position that a single general unanimity instruction is sufficient to instruct the jury about the fact that their verdict must be unanimous.

        Respectfully submitted,

        DEIRDRE M. DALY
        UNITED STATES ATTORNEY

        /s/
        ERIC J. GLOVER
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT23923
        eric.glover@usdoj.gov

        JONATHAN N. FRANCIS
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv05083
        jonathan.francis@usdoj.gov

        157 Church Street, 25th Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/
ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY