**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 13-CR-19 |
| | : | |
| JESSE C. LITVAK, | : | MARCH 5, 2014 |
| Defendant. | : | |

**JURY CHARGE**

1

## Table of Contents

1.    INTRODUCTION ..................................................... 5

2.    ROLE OF JURORS .................................................. 6

3.    ALL PARTIES EQUAL BEFORE THE LAW .............................. 8

4.    PRESUMPTION OF INNOCENCE ....................................... 9

5.    BURDEN OF PROOF BEYOND A REASONABLE DOUBT .................... 10

6.    IMPROPER CONSIDERATIONS ....................................... 12

7.    ROLE OF ATTORNEYS ............................................. 14

8.    MEANING OF "PROVE" AND "FIND" ................................. 15

9.    WHAT IS AND IS NOT EVIDENCE ................................... 16

10.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................ 18

11.   INFERENCES .................................................... 19

12.   WITNESSES ..................................................... 20

13.   IMPEACHMENT OF WITNESSES ...................................... 22

14.   TESTIMONY OF LAW ENFORCEMENT OFFICER .......................... 24

15.   WITNESSES WHO ARE EMPLOYEES OF JEFFERIES & CO. ................ 25

16.   EXPERT WITNESSES .............................................. 27

17.   NUMBER OF WITNESSES ........................................... 28

18.   JURY CAN ACCEPT OR REJECT TESTIMONY ........................... 29

19.   DEFENDANT'S RIGHT NOT TO TESTIFY .............................. 30

20.   PERSONS NOT ON TRIAL .......................................... 31

21.   JURY SHOULD NOT CONSIDER PUNISHMENT ........................... 32

22.   MOTIVE ........................................................ 33

23.   SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED ................ 34

24.   THE INDICTMENT ................................................ 35

25.    SEPARATE COUNTS ................................................................. 36

26.    LIMITED PURPOSE ................................................................. 37

27.    CONSIDER ONLY THE CHARGES ........................................... 38

28.    COMMON SCHEME AND KNOWLEDGE ................................ 39

29.    DATE OF COMMISSION ......................................................... 41

30.    INSTRUCTION ON CHARGES IN THE INDICTMENT ............................ 42

31.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—THE NATURE OF THE OFFENSE CHARGED .......... 43

32.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—THE PURPOSE OF THE SECURITIES FRAUD STATUTE ................................................................. 44

33.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—THE STATUTES DEFINING THE OFFENSE ............. 45

34.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—THE ELEMENTS OF THE OFFENSE ........................ 46

35.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—FIRST ELEMENT ........................................... 47

36.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—SECOND ELEMENT ...................................... 52

37.    COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN: SECURITIES FRAUD—THIRD ELEMENT ......................................... 55

38.    COUNT TWELVE:  TARP FRAUD—THE OFFENSE CHARGED AND THE PURPOSE OF THE GOVERNING STATUTE ................................. 57

39.    COUNT TWELVE:  TARP FRAUD—THE STATUTE DEFINING THE OFFENSE ................................................................. 58

40.    COUNT TWELVE:  TARP FRAUD—THE ELEMENTS OF THE OFFENSE ................................................................. 59

41.    COUNT TWELVE:  TARP FRAUD—FIRST ELEMENT ........................... 60

42.    COUNT TWELVE:  TARP FRAUD—SECOND ELEMENT ...................... 62

43.    COUNT TWELVE:  TARP FRAUD—THIRD ELEMENT........................... 64

44.   COUNT TWELVE:  TARP FRAUD—FOURTH ELEMENT ...................... 66

45.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— THE NATURE OF THE OFFENSE CHARGED ................................... 67

46.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— THE STATUTE DEFINING THE OFFENSE........................................ 68

47.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— THE PURPOSE OF THE STATUTE ................................................. 69

48.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— THE ELEMENTS OF THE OFFENSE ............................................... 70

49.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— FIRST ELEMENT ........................................................................ 71

50.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— SECOND ELEMENT .................................................................... 72

51.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— THIRD ELEMENT ....................................................................... 73

52.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— FOURTH ELEMENT .................................................................... 74

53.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT— FIFTH ELEMENT ....................................................................... 75

54.   COPY OF THE INDICTMENT .................................................. 78

55.   NOTE TAKING ...................................................................... 79

56.   CLOSING REMARKS............................................................. 80

1.      INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of

counsel.  This brings us to the stage in the trial where you will soon undertake your final

function as jurors.  First, however, it is my duty to instruct you concerning the law that

applies to this case.

When you recess to deliberate, you will have a copy of my instructions on the law

for your reference.  You must remember, though, that the instructions as a whole

constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were

intended to serve as an introduction to the trial and to orient you to the particular case

under consideration.  The instructions that I will now give are the final and complete

instructions.  I believe that everything I am going to tell you now is consistent with the

instructions I gave you at the start of the trial, but, if you have any doubt, you should not

rely on anything different that I may have said in the preliminary instructions.  The

instructions I am now giving you must guide your deliberations in this case.

2.      ROLE OF JURORS

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me.  If any attorney or any witness or any exhibit has stated a legal principle different from one that I state to you in these instructions, it is my instructions that you must follow.

Witness testimony concerning the law, if any, was testimony only of that witness's understanding of the law and is to be considered by you only with regard to that witness's understanding or knowledge.  My instructions alone establish the law for your deliberations.   You must take the law as I give it to you.  You must carefully and impartially consider all of the evidence in the case and apply the law as stated by the court to reach a just verdict.

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence.  You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice, or sympathy, solely upon the evidence in the case and the applicable law.  I know that you will do this, and in so doing you will reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate in these Instructions, nor did I mean to indicate at any time during the trial, any opinion as to the facts or as to what your verdict should be.  The rulings I have made during the trial are not any indication of a view of what your decision should be or of whether or not the government has proven its case.  Of course, you will dismiss from your mind completely any evidence which has been stricken or excluded by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any discussion between the court and counsel held out of your hearing.

3.      ALL PARTIES EQUAL BEFORE THE LAW

The fact that this case is brought in the name of the United States of America entitles the government to no greater consideration than that given to any other party to a case.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand equal before the law and are to be treated as equals in this, a court of justice.

4.      PRESUMPTION OF INNOCENCE

I instruct you that you must presume the defendant, Jesse Litvak, to be innocent of the crimes with which he is charged.  Thus, Mr. Litvak, although accused of crimes in the Indictment, begins the trial with a "clean slate," that is, with no evidence against him. The Indictment, as you already know, is not evidence of any kind.

Mr. Litvak is on trial for the crimes charged in Counts One through Six and Eight through Sixteen.  He is not on trial for any other act or crime.

The law permits nothing but legal evidence presented before the jury in court to be considered in support of the charge against the defendant.

The presumption of innocence alone is sufficient to base a finding of not guilty. The presumption of innocence was with Mr. Litvak when the trial began, and it remains with him even now as I speak to you.  The presumption will continue with Mr. Litvak into your deliberations, unless and until you, the jury, are unanimously convinced that the government has proven his guilt beyond a reasonable doubt.

5.      BURDEN OF PROOF BEYOND A REASONABLE DOUBT

I have said that the government must prove Mr. Litvak guilty beyond a

reasonable doubt.  The question naturally is: what is a reasonable doubt?  The words

almost define themselves.  It is a doubt based upon reason and common sense.  It is a

doubt that a reasonable person has after carefully weighing all of the evidence.  It is a

doubt which would cause a reasonable person to hesitate to act in a matter of

importance in his or her personal life.  Proof beyond a reasonable doubt must,

therefore, be proof of such a convincing character that a reasonable person would not

hesitate to rely and act upon it in the most important of his or her own affairs.  A

reasonable doubt is not a caprice or whim; it is not a speculation or a suspicion.  It is not

an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt

beyond a reasonable doubt.  The law does not require that the government prove guilt

beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  The

burden never shifts to a defendant, which means that it is always the government's

burden to prove each of the elements of a crime charged beyond a reasonable doubt.

The law never imposes on a defendant in a criminal case the burden of calling any

witnesses or producing any evidence.  The defendant is not even obligated to produce

any evidence by cross-examining the witnesses for the government.

Unless the government proves, beyond a reasonable doubt, that Mr. Litvak

committed each and every element of an offense charged against him, you must find

him not guilty of that offense.  The Indictment, which I will explain in more detail later,

contains multiple counts against Mr. Litvak.  Therefore, the government must prove all

elements of a count beyond a reasonable doubt before you can find him guilty of the

crime charged in that count.  If, after fair and impartial consideration of all of the evidence or lack of evidence, you unanimously have a reasonable doubt as to any element of a count against him, it is your duty to return a verdict of not guilty on that count.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied unanimously that the government has proven beyond a reasonable doubt all the elements of that count, you should vote to convict him of that count.

6.      IMPROPER CONSIDERATIONS

In reaching your decision as to whether the government sustained its burden of proof, it would be improper for you to consider any personal feeling you may have about the defendant's race, religion, national origin, sex, or age.  All persons are entitled to the presumption of innocence, and the government has the burden of proof beyond a reasonable doubt, as I have instructed you.  It would be equally improper for you to allow any feeling you might have about the nature of the crime charged to interfere with your decision-making process.

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the ultimate question that you must ask yourselves as you sift through the evidence is:  has the government proven Mr. Litvak's guilt beyond a reasonable doubt?

Your verdict must be based solely on admissible evidence presented during the trial.  You are not to take into consideration any evidence which I struck from the record or which I have instructed you to ignore.  Nor are you to take into consideration as evidence any statements or objections on the part of the attorneys in this case. Additionally, you must carefully and scrupulously avoid any reliance in deciding this case on guesses, intuition, surmise, or conjecture which you may have formed apart from the evidence.  In particular, you must completely disregard anything pertaining to this case which you have read in the press or on the internet, seen on television, or heard on the radio.

It is for you alone to decide whether the government has proven that Mr. Litvak is guilty of one or more of the crimes charged, solely on the basis of the evidence or lack of evidence, and subject to the law as I charge you.  If you let fear or prejudice or bias

or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to whether Mr. Litvak is guilty of a particular count, you should not hesitate for any reason to return a verdict of not guilty as to that count.  On the other hand, if you find that the government has met its burden of proving Mr. Litvak's guilt beyond a reasonable doubt on the particular count against him that you are considering, you should not hesitate, because of sympathy or for any other reason, to render a verdict of guilty on that count.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

7.      ROLE OF ATTORNEYS

One cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys.  You are to decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that count.

Furthermore, it is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating my view of what your verdict should be.  Please understand, I have no such view.  As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

8.      MEANING OF "PROVE" AND "FIND"

Throughout these Instructions to you, I use the word "prove" from time to time, with reference to the government's burden.  I also speak of your "finding" various facts as to the elements of the crime charged in this case.

Throughout my Instructions, you should understand that, whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to all of you beyond a reasonable doubt, as I have explained that term to you, even if I do not always repeat all those words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must unanimously find that fact to have been proven by the government beyond a reasonable doubt, even if I simply use the word "find."

9.      WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

It is the witness's answers and not the lawyer's questions that are evidence.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no other evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if a lawyer has described a witness's testimony, you should not accept that description as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their opening statements, their closing arguments, in their objections, or in their questions is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Exhibits which have been marked for identification may not be considered by you as evidence unless and until they have been received in evidence by the court. Materials brought forth only to refresh a witness's recollection are not evidence.

Anything I may have said during the trial, or that I may convey in these Instructions, is not evidence.  My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard outside the courtroom or while the court

was not in session is not evidence and must be entirely disregarded.  You are to decide

the case solely on the evidence received at trial.

10.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he or she saw, heard, or observed.  In other words, when a witness testifies about something he or she knows by virtue of his or her own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proven is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer, on the basis of reason, experience, and common sense, from established facts (in my example, a weather forecast and people with wet umbrellas and raincoats), the existence or non-existence of some other fact (that it has been raining).

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant of a crime, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt based on all of the evidence in the case.

11.    INFERENCES

During the trial you may have heard the term "inference," and in the attorneys' arguments, they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.  In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of Mr. Litvak beyond a reasonable doubt before you may convict him.

12.   WITNESSES

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination. What impression did the witness give you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear? What was the witness's demeanor, that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  In evaluating the testimony of any witness, you may consider, among other things: the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

13.    IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive duty to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credit you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

In evaluating the credibility of a witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of that witness's testimony and accept it with great care.  Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  A witness's interest in a case is just a factor to consider in

22

judging the witness's credibility.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

14.    TESTIMONY OF LAW ENFORCEMENT OFFICER

Some of the testimony that you have heard has been the testimony of a law enforcement officer.  The testimony of a law enforcement officer is entitled to no greater or lesser weight than any other witness's testimony.  A law enforcement officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does.  When you consider a law enforcement officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.  See Sections 12 and 13.

15.     WITNESSES WHO ARE EMPLOYEES OF JEFFERIES & CO.

You have heard evidence that the government has entered into a Non-Prosecution Agreement with Jefferies & Co., Mr. Litvak's former employer.  You have also heard testimony from several current employees of Jefferies.  Counsel have argued about those witnesses and whether or not you should believe them, and about how the Non-Prosecution Agreement might factor into your discussion in that regard.

I have given you some general considerations on credibility already.  See Sections 12 and 13.  I will not repeat those here.  However, let me say a few things that you may want to consider during your deliberations on the subject of the Non-Prosecution Agreement.

The government is permitted to enter into such agreements with persons or with companies, and it is permitted to make the kind of promises that are contained in the Non-Prosecution Agreement with Jefferies.  The government is entitled to call as witnesses persons who work at companies with whom it has made such an agreement. Mr. Litvak may also call such witnesses.  However, you should scrutinize closely the testimony of a witness who is employed at a company that has entered into a Non-Prosecution Agreement with the government to determine whether or not the witness's testimony is colored in such a way to further the witness's own interests.  You should ask yourselves whether such a witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow be better off by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?

In sum, with a witness from Jefferies, as with every witness, you should look at all the evidence in deciding what credence and weight, if any, you will give to the witness's testimony.

16.    EXPERT WITNESSES

The rules of evidence do not permit a witness to testify about his own opinions or conclusions about issues in the case.  An exception to this rule exists for a witness who is described as an "expert witness."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" may state an opinion as to relevant and material matter in the area in which he claims to be an expert.

You should consider the opinion of an expert witness and give it as much weight as you think it deserves.  You should consider the testimony of an expert witness just as you consider other evidence in this case.  As I have told you several times, you—the jury—are the sole judge of the facts in this case.

17.     NUMBER OF WITNESSES

Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Your decision on the facts of this case should not be determined by the number of witnesses testifying.  The weight of the evidence is not necessarily determined by the number of witnesses testifying.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find the testimony of a single witness more credible than the testimony of a number of witnesses.  The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of an offense charged, if you believe that the witness has truthfully and accurately testified about what in fact occurred.

On the other hand, the testimony of a single witness may produce in your minds a reasonable doubt.  Indeed, you may find that the government has not met its burden of proof even if Mr. Litvak had called no witnesses.  Remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

18.     JURY CAN ACCEPT OR REJECT TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

19.    DEFENDANT'S RIGHT NOT TO TESTIFY

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, Mr. Litvak did not testify.  There are many complex reasons why a defendant may choose not to testify, including strategic decisions made with the defendant's lawyer.  You may not attach any significance to the fact that Mr. Litvak did not take the witness stand.  Nor may you draw any adverse inference from this fact. You may not consider the fact that Mr. Litvak did not testify against him in any way in your deliberations in the jury room.

20.    PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, towards the government or the defendant, from the fact that certain persons or entities are not on trial here in the case before you or not charged in this case.  That these persons or entities are not on trial must play no part in your deliberations.

21.    JURY SHOULD NOT CONSIDER PUNISHMENT

You are instructed that the question of possible punishment of Mr. Litvak is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  In the event of a conviction, the duty of imposing sentence rests exclusively with the court—that is, with me, the judge.

The function of the jury is to weigh the evidence in the case and determine whether a defendant is guilty or not guilty solely upon the basis of such evidence. Under your oaths as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Litvak to influence your verdict in any way.

22.   MOTIVE

Proof of motive is not an element of any crime with which Mr. Litvak is charged. Proof of motive does not establish guilt.  Lack of proof of motive also does not mean that the government has not carried its burden.

If the government proves that Mr. Litvak is guilty of a count in the Indictment beyond a reasonable doubt, it is immaterial what the motive for the crime may have been or whether any motive was proven.  Nevertheless, you may consider the presence or absence of motive as a circumstance bearing on your determination of intent, which is an element of each crime charged in the Indictment.

Remember, however, that motive is not an element, nor is any proof of motive a substitute for proof beyond a reasonable doubt of each and every element of a count.

23.    SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED

You need not have, but you might have, thought about whether the government did or did not use certain investigative techniques, or whether the government did or did not exhaustively pursue every piece of information, or even when the government did certain things.  You may consider such things in determining whether the government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the government has proven beyond a reasonable doubt that the defendant is guilty.  However, there is no legal requirement that the government use any specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, based on the evidence, Mr. Litvak's guilt has been proven by the government beyond a reasonable doubt.

24.     THE INDICTMENT

With these general instructions in mind, I will now turn to the charges against Mr. Litvak as contained in the Indictment.  As you know, Mr. Litvak has pled not guilty to the crimes charged against him in Counts One through Six and Eight through Sixteen of the Indictment.

The Indictment itself is not evidence:  it is just the formal way that the government tells a defendant what crimes he is accused of committing.  It may not be considered by you as evidence of Mr. Litvak's guilt.  Mr. Litvak is presumed innocent and begins this trial with absolutely no evidence against him.  In reaching your determination of whether the government has proven Mr. Litvak guilty beyond a reasonable doubt of the crimes charged, you may consider only the evidence introduced against him and reasonable inferences drawn therefrom, or the lack of evidence.

The Indictment is also not a technical or legal statement of what the government must prove in order to carry its burden.  My instructions alone determine the law that you are to apply to this case.  Particular factual allegations in the Indictment do not become elements that the government must prove.  In deciding whether Mr. Litvak is guilty or not guilty of a particular count, you are to consider only whether the government has proven beyond a reasonable doubt each of the elements of the crime charged in that count, as those elements are set forth by the court in these Instructions.

25.    SEPARATE COUNTS

The Indictment contains fifteen counts, or charges.  Each count charges Mr.

Litvak with a different crime.  You must consider each count separately, and you will be

required to return a separate verdict for each count.  Whether you find Mr. Litvak guilty

or not guilty as to one count should not be used by you in deciding your verdict as to

any other count.

26.    LIMITED PURPOSE

At certain points during the trial, I have instructed you that an item of evidence was being admitted for a limited purpose.  I remind you that such evidence must be considered by you only for the purpose that I stated and not for any other purpose.

27.     CONSIDER ONLY THE CHARGES

The defendant is not charged with committing any crime other than the offenses contained in the Indictment.  You have heard evidence of other acts allegedly committed by the defendant.  That evidence was introduced solely for a limited purpose, which I will explain to you in a moment.  I want to emphasize now, however, that you are not to consider this evidence for any other purpose.

28.     COMMON SCHEME AND KNOWLEDGE

You have heard evidence that Mr. Litvak engaged in other conduct which was similar in nature to the conduct charged in the specific transactions in the Indictment.  If you find that Mr. Litvak did engage in that other conduct, and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the acts charged in the Indictment and the other conduct were part of a common plan or scheme committed by Mr. Litvak.

If you find that Mr. Litvak committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, infer that, in doing the acts charged in the Indictment, Mr. Litvak acted knowingly and intentionally and not because of some mistake, accident, or other innocent reason.

As I will explain in detail, all of the crimes charged in the Indictment include an intent element.  In addition, the ten counts of securities fraud and the one count of TARP fraud include as an element, or part of an element, a scheme or artifice.  The evidence of similar conduct is to be considered by you only on the issues of whether there was a common scheme and whether Mr. Litvak acted knowingly and intentionally, rather than negligently or inadvertently.  Such evidence may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that Mr. Litvak is of bad character or has a propensity to commit crime.

Remember, Mr. Litvak is on trial only for the acts charged in the Indictment.  You may not use evidence of similar acts to conclude that, because Mr. Litvak committed these other acts, he must also have committed the acts charged in the Indictment.  Mr. Litvak can only be found guilty of any count in the Indictment if you, the jury, are

satisfied, beyond a reasonable doubt, of each of the elements of the crime charged in that count.

29.    DATE OF COMMISSION

Counts One through Six and Eight through Sixteen of the Indictment include dates or ranges of dates, on or about which the crimes charged in those counts are alleged to have occurred.  Therefore, the government must prove that the crimes occurred on or about the dates or ranges of dates alleged in the Indictment.

However, the government does not have to prove that the crimes charged were committed on the exact dates or ranges of dates alleged, so long as the government proves beyond a reasonable doubt that the crime was committed on dates or ranges of dates reasonably near the ones charged.  It does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the date or range of dates alleged in the Indictment and the date or range of dates proven beyond a reasonable doubt.

30.   INSTRUCTION ON CHARGES IN THE INDICTMENT

Let me now specifically direct your attention to the Indictment, which, I remind you once again, is not evidence.  The Indictment contains fifteen counts, and each count charges a separate crime.  In a moment I will provide you with detailed instructions on the nature and elements of each offense charged in the Indictment.

In brief, Counts One through Six and Counts Eight through Eleven charge Mr. Litvak with committing securities fraud in connection with the purchase and sale of ten separate Residential Mortgage-Backed Securities (or "RMBS") bonds.  Count Twelve charges Mr. Litvak with Troubled Asset Relief Program (or "TARP") fraud.  Counts Thirteen through Sixteen charge Mr. Litvak with making four separate false statements in a matter within the jurisdiction of the United States government, specifically, the United States Department of Treasury.

You will have a copy of the Indictment with you during your deliberations.

Let me turn now to Counts One through Six and Counts Eight through Eleven.

31.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
       SECURITIES FRAUD—THE NATURE OF THE OFFENSE CHARGED

Counts One through Six and Eight through Eleven of the Indictment allege that,

beginning in approximately 2009 and continuing until approximately December 2011,

Mr. Litvak knowingly and willfully "would and did use and employ manipulative and

deceptive devices and contrivances" in connection with the purchase or sale by

Jefferies of the RMBS bonds identified below, each of which is a separate count of the

Indictment:

| Count | Trade Date | Security |
|---|---|---|
| 1 | 3/31/10 | Sale of HVMLT 2006-10 2A1A (HarborView Bond) |
| 2 | 3/31/10 | Sale of LXS 2007-15N 2A1 (Lehman Bond) |
| 3 | 6/22/11 | Sale of HVMLT 2007-7 2A1A |
| 4 | 7/1/10 | Sale of SARM 2005-21 7A1 |
| 5 | 12/23/09 | Sale of WFMBS 2006-AR12 1A1 (Wells Fargo Bond) |
| 6 | 5/28/09 | Sale of INDX 2007-AR7 2A1 |
| 8 | 1/7/10 | Purchase of DSLA 2006-AR1 2A1A |
| 9 | 3/29/10 | Sale of CWALT 2006-OA3 1A1 |
| 10 | 4/1/10 | Sale of LXS 2007-15N 2A1 |
| 11 | 11/22/10 | Sale of FHAMS 2005-AA10 2A1 |

I will instruct you on Counts One through Six and Eight through Eleven together,

because each of these counts charges Mr. Litvak with the same crime, but each is as to

a different securities transaction.  Remember, you must consider each count separately.

32.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
      SECURITIES FRAUD—THE PURPOSE OF THE SECURITIES FRAUD
      STATUTE

In Counts One through Six and Eight through Eleven, Mr. Litvak is charged with

violating the Securities Exchange Act of 1934.  Congress enacted the Securities

Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable

practices by those selling or buying securities on the securities exchanges, in over-the-

counter markets, or in face-to-face transactions.  Among the primary objectives of the

Exchange Act are the maintenance of fair and honest securities markets and the

elimination of manipulative practices.

33.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
      SECURITIES FRAUD—THE STATUTES DEFINING THE OFFENSE

The relevant statutes covering the acts alleged in Counts One through Six and

Eight through Eleven are sections 78j(b) and 78ff of Title 15 of the United States Code

and section 240.10b-5 of Title 17 of the Code of Federal Regulations (also known as

"Rule 10b-5").

Section 78j(b) of Title 15 of the United States Code provides, in relevant part:

> It shall be unlawful for any person, directly or indirectly, by the use
> of any means or instrumentality of interstate commerce or of the
> mails, or of any facility of any national securities exchange—
>
> (b) To use or employ, in connection with the purchase or sale of
> any security . . . any manipulative or deceptive device or
> contrivance in contravention of such rules and regulations as the
> [SEC] may prescribe as necessary or appropriate in the public
> interest or for the protection of investors.

Section 78ff(a) of Title 15 of the United States Code provides, in relevant part:

> Any person who willfully violates any provision of this chapter . . .,
> or any rule or regulation thereunder the violation of which is made
> unlawful or the observance of which is required under the terms of
> this chapter [shall be guilty of a crime].

Rule 10b-5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use
> of any means or instrumentality of interstate commerce, or of the
> mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to
> state a material fact necessary in order to make the statements
> made, in the light of the circumstances under which they were
> made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which
> operates or would operate as a fraud or deceit upon any person,
>
> in connection with the purchase or sale of any security.

34.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
SECURITIES FRAUD—THE ELEMENTS OF THE OFFENSE

In order to prove that Mr. Litvak is guilty of the crime charged in Counts One

through Six and Eight through Eleven, the government must prove beyond a reasonable

doubt the following three elements:

(1) In connection with the purchase or sale of the security identified in that count,

Mr. Litvak—

(a) employed a device, scheme, or artifice to defraud, or

(b) made an untrue statement of a material fact or omitted to state a

material fact which made what was said, under the circumstances,

misleading, or

(c) engaged in an act, practice, or course of business that operated, or

would operate, as a fraud or deceit upon a purchaser or seller;

(2) Mr. Litvak acted willfully, knowingly, and with the intent to defraud; and

(3) Mr. Litvak knowingly used, or caused to be used, the mails or any means or

instruments of transportation or communication in interstate commerce in

furtherance of the fraudulent conduct.

You will need to determine whether the government has proven all three

elements as to each of Counts One through Six and Eight through Eleven, separately.  I

will now explain the elements in greater detail.

46

35.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
      SECURITIES FRAUD—FIRST ELEMENT

The first element of the crime of securities fraud charged in Counts One through Six and Eight through Eleven is that, in connection with the purchase or sale of the RMBS bond identified in the count of the Indictment you are considering, Mr. Litvak did one or more of the following:

(1) employed a device, scheme, or artifice to defraud;

(2) made an untrue statement of material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading; or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

The government need not prove that Mr. Litvak engaged in all three types of unlawful conduct.  One of the three is sufficient.  However, you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt.  In addition, if you find that the only type of fraudulent conduct the government has proven beyond a reasonable doubt is that Mr. Litvak made, or caused to be made, an untrue statement of a material fact, or omitted to state a material fact which made other statements misleading, then you must be unanimous as to at least one such statement or omission that you find to have been materially false or misleading.

A "device, scheme or artifice" is merely a plan for the accomplishment of any objective.  "Fraud" is a general term which embraces all efforts and means individuals devise to take advantage of others.  The law which the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts.

The fraudulent or deceitful conduct alleged need not relate to the investment value of the RMBS bonds involved in this case.  It cannot, however, be tangential to the securities transaction at issue.  Rather, it must relate to the misrepresentation or omission of a "material fact," which I will define for you shortly.

A statement, representation, claim, or document is false if it is untrue when it was made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intent to deceive.  The concealment of material facts in a manner which makes what was said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

You need not find that Mr. Litvak actually participated in any securities transaction if he was engaged in fraudulent conduct that was "in connection with" a purchase or sale.  The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is not a defense to an overall scheme to defraud that Mr. Litvak was not involved in the scheme from the start or played only a minor role with no contact with the sellers and purchasers of the securities in question.  Nor do you need to find that Mr. Litvak was the actual seller or offeror of the securities.  It is sufficient if Mr. Litvak participated in the scheme or fraudulent conduct involving the purchase or sale.

The government need not prove that Mr. Litvak directly or personally made the misrepresentation or omitted the material fact.  It is sufficient if the government proves that Mr. Litvak caused the statement to be made or the fact to be omitted.  With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made and, in the case of alleged omissions, whether the omission was misleading.

 If you find that the government has proven beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated or omitted was material under the circumstances.  A material fact is one which would have been significant to a reasonable investor in making an investment decision.  In order for you to find that a misrepresentation or omission was material, the government must prove beyond a reasonable doubt that a reasonable investor would view the misstated or omitted fact as one which significantly altered the total mix of information available.  A false statement, or an omitted fact that made what was said misleading under the circumstances, is material if there is a substantial likelihood that a reasonable investor would consider it important in making his or her investment decision.  Materiality, however, does not require proof of a substantial likelihood that disclosure of the truth or the omitted fact would have caused a reasonable investor to act differently.

To "significantly alter the total mix of information available" means to affect a reasonable investor's deliberation about whether to buy or sell, and at what price, without necessarily changing his or her ultimate investment decision. To be material, then, a misstated fact or omission need not determine any particular outcome. However, the government must prove beyond a reasonable doubt a substantial

likelihood that the disclosure of the truth or the omitted fact would have assumed actual significance in the deliberations of the reasonable investor.

The securities fraud statute does not prohibit misstatements or omissions that would be minor, trivial, or unimportant to a reasonable investor.  The word "material" is used to distinguish the kinds of statements a reasonable investor would care about from those that would be of no real importance to that investor.

A false statement cannot be material if it constitutes mere puffing or sales talk that no reasonable investor would consider important to the total mix of information available in making an investment decision.

The government need not prove, however, that the misrepresentation would have deceived a person of ordinary intelligence.  If you find a material misrepresentation or omission, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.  Nor does it matter whether the alleged unlawful conduct was successful or whether the defendant profited or received any other benefits as a result of the alleged scheme.  Success is not an element of the crime charged in Counts One through Six and Eight through Eleven.  If, however, you find that Mr. Litvak did profit from the alleged scheme, you may consider that in relation to the element of intent, which is the second element of securities fraud.

The determination of whether something was material requires a delicate assessment of the inferences a reasonable investor would draw from a given set of facts and the significance of those inferences to such an investor.  This assessment is one for you, the jury, to make.

If you find that, as to a count of securities fraud, the government failed to prove beyond a reasonable doubt this first element, then your deliberation with respect to that count is finished, and you must return a verdict of not guilty as to that count.  However, if you find that, as to a count, the government has proven beyond a reasonable doubt the first element, then you should proceed to consider the second element, intent, on which I will now charge you.

36.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
       SECURITIES FRAUD—SECOND ELEMENT

The second element of the crime of securities fraud charged in Counts One

through Six and Eight through Eleven is that Mr. Litvak participated in the scheme to

defraud knowingly, willfully, and with intent to defraud.

"Knowingly" here means to act voluntarily and deliberately, rather than

mistakenly or inadvertently, with an understanding of the nature of his action, and not

because of ignorance, mistake, accident, or carelessness.  Whether Mr. Litvak acted

knowingly may be proven by his conduct and by all of the facts and circumstances

surrounding the case.

"Willfully" here means to act with the intent to do something that the law forbids,

that is to say, with the bad purpose either to disobey or to disregard the law.  The

government need not prove that Mr. Litvak knew he was breaking any particular law or

rule.  The government must prove, however, that he was aware of the generally

unlawful nature of his acts, and that his acts were not due to negligence, inadvertence,

or mistake.

To act with "intent to defraud" here means to act willfully and with the specific

intent to deceive.  An act is intentional only if it is deliberate and purposeful.  That is, to

be intentional, Mr. Litvak's acts must have been the product of his conscious objective,

rather than the product of mistake or accident.  The misrepresentation or omission must

have had the purpose of inducing the victim of the fraud to undertake some action.

The question of whether Mr. Litvak acted knowingly, willfully, and with intent to

defraud is a question of fact for you to determine, like any other fact question.  This

question involves Mr. Litvak's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent.  I instruct you that such direct proof is not required.

Knowledge and intent may be proven by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, whether the evidence is circumstantial or direct, the government must prove the essential elements of the crime charged beyond a reasonable doubt.

Because an essential element of the crime charged in Counts One through Six and Eight through Eleven is intent to defraud, if you find that Mr. Litvak acted in good faith, or held an honest belief that his actions (as charged in a given count) were proper and not in furtherance of any unlawful activity, you cannot convict him of that count.  Mr. Litvak, however, has no burden to prove a defense of good faith.  The burden is on the government to prove beyond a reasonable doubt Mr. Litvak's fraudulent intent.

Under the anti-fraud statutes, false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  If you were to find that Mr. Litvak had an honest belief in the truth of a representation, regardless of how inaccurate the statement may have turned out to be, then the government has not proven fraudulent intent as to that statement.

However, in considering whether or not Mr. Litvak acted in good faith, I instruct you that if you were to find that Mr. Litvak honestly believed that ultimately no one would lose money, or even that everyone would make a profit in the end, such an honest belief will not excuse fraudulent actions or false representations.  No amount of honest belief on Mr. Litvak's part that the scheme would ultimately make a profit for everyone, or that no one would be harmed, will excuse fraudulent actions or false representations by him.

The government can prove that Mr. Litvak acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that Mr. Litvak was actually aware he was making a false statement or causing such a statement to be made.  Alternatively, Mr. Litvak's knowledge may be established by proof that he was aware of a high probability that the statement was false and that, despite this high probability, he deliberately and consciously avoided confirming that falsity, unless the facts show that he actually believed the statement to be true.  This guilty knowledge, however, cannot be proven by demonstrating mere negligence or foolishness on Mr. Litvak's part.

To conclude on this second element of securities fraud, if you find that, as to a count of securities fraud, Mr. Litvak was not a knowing participant in the scheme or lacked the intent to defraud, you must return a verdict of not guilty on that count.  On the other hand, if you find that, as to a count of securities fraud, the government has proven beyond a reasonable doubt not only the first element but also this second element—that Mr. Litvak acted knowingly, willfully, and with intent to defraud—then you should proceed to consider the third element of securities fraud, on which I will now charge you.

37.   COUNTS ONE THROUGH SIX AND EIGHT THROUGH ELEVEN:
      SECURITIES FRAUD—THIRD ELEMENT

The third and final element of the crime of securities fraud charged in Counts

One through Six and Eight through Eleven is that Mr. Litvak knowingly used, or caused

to be used, the mails or any means or instruments of transportation or communication in

interstate commerce in furtherance of the fraudulent conduct.  "Instruments of

communication in interstate commerce" include the mails, interstate wires, and

electronic communications over the internet, such as emails, chats, and messaging.

It is not necessary for the government to prove that Mr. Litvak was personally

involved in any mailing, wire, or internet communication.  If Mr. Litvak was an active

participant in the alleged scheme and took steps or engaged in conduct which he knew

or could reasonably foresee would naturally and probably result in a mailing, wire, or

internet communication, then you may find that he caused the mails, wires, or other

instrument of communication in interstate commerce to be used, and this element would

be proven.

Where a person acts with the knowledge that the use of interstate means of

communication will follow in the ordinary course of business, or where such use can

reasonably be foreseen, even though not actually intended, that person causes such

means to be used.

The items sent through the mails, interstate wires, or internet need not contain

the fraudulent material, or anything criminal or objectionable.  The matter sent or

transmitted may be entirely innocent.  The use of the mails, interstate wires, or internet

need not be central to the execution of the scheme, and may even be incidental to it.

All that is required for the government to prove this element is to prove that the use of

interstate means of communication bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale need not be accompanied or accomplished by the use of interstate means of communication, so long as Mr. Litvak is engaged in actions that are part of a fraudulent scheme and such interstate means are used in furtherance of the scheme.

If you find that, as to a count of securities fraud, the government has failed to prove beyond a reasonable doubt this third element, then you must return a verdict of not guilty as to that count.  However, if you find that, as to a count, the government has proven beyond a reasonable doubt this third element, as well as the first and second elements, then you should return a verdict of guilty as to that count.

Remember, you must consider these three elements of securities fraud, on which I have charged you, with respect to each of Counts One through Six and Eight through Eleven, separately.  My suggestion is that you start with Count One and, once you reach a verdict as to Count One, you proceed to the next count of securities fraud, again considering all three elements, and so on, until you have reached a verdict on each of Counts One through Six and Eight through Eleven.  This is only a suggestion, however.  You are not required to consider the counts in numerical order, and you should consider the counts in the order that makes the most sense to you, as the jury.

I will now charge you on Count Twelve.

38.   COUNT TWELVE:  TARP FRAUD—THE OFFENSE CHARGED AND THE
      PURPOSE OF THE GOVERNING STATUTE

Count Twelve of the Indictment alleges that Mr. Litvak committed Troubled Asset

Relief Program (or "TARP") fraud.  Congress initially passed the Major Fraud Act in

1988 to deter and punish procurement fraud committed against the government.  In

2009, Congress amended the Major Fraud Statute to protect federal funds used in the

Troubled Asset Relief Program (or "TARP").

39.   COUNT TWELVE:  TARP FRAUD—THE STATUTE DEFINING THE OFFENSE

The relevant statute covering the conduct charged in Count Twelve is section

1031 of Title 18 of the United States Code.

Section 1031 provides, in relevant part:

> Whoever knowingly executes, or attempts to execute, any scheme
> or artifice with the intent . . . to obtain money or property by means
> of false or fraudulent pretenses, representations, or promises, in
> any . . . form of Federal assistance, including through the Troubled
> Asset Relief Program, an economic stimulus, recovery or rescue
> plan provided by the Government, or the Government's purchase of
> any troubled asset as defined in the Emergency Economic
> Stabilization Act of 2008 . . . if the value of . . . Federal assistance,
> or any constituent part thereof, is $1,000,000 or more shall . . . be
> [guilty of a crime].

40.    COUNT TWELVE:  TARP FRAUD—THE ELEMENTS OF THE OFFENSE

In order to prove that Mr. Litvak is guilty of the crime charged in Count Twelve, the government must prove beyond a reasonable doubt the following four elements:

(1) There was a scheme or artifice to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, as charged in the Indictment;

(2) This scheme or artifice took place in a form of Federal assistance, including either through the Troubled Asset Relief Program (or "TARP"), an economic stimulus, recovery, or rescue plan provided by the government, or through the Government's purchase of a troubled asset as defined in the Emergency Economic Stabilization Act of 2008;

(3) Mr. Litvak executed or attempted to execute this scheme or artifice (as set forth in paragraphs 1 and 2 above) knowingly, willfully, and with specific intent to defraud; and

(4) The value of such form of Federal assistance, or any constituent part thereof, was at least one million dollars ($1,000,000).

I will now explain each of these four elements to you in greater detail.

41.    COUNT TWELVE:  TARP FRAUD—FIRST ELEMENT

The first element of the crime of TARP fraud charged in Count Twelve is that there was a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises, as alleged in the Indictment.

A "scheme or artifice" is a plan for the accomplishment of some objective.  The scheme with which Mr. Litvak is charged is alleged to have been carried out for the purpose of obtaining money or property, and the scheme is alleged to have been carried out by making false and fraudulent statements and representations.

A statement, representation, claim, or document is false if it is untrue when it was made and was then known to be untrue by the person making it or causing it to be made.  A statement or representation is fraudulent if it was falsely made with the intent to deceive.  Deceitful statements of half-truths, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations.

The false or fraudulent representation must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement to make an investment decision.

This means that, if you find a particular statement of fact to have been false, you must then determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, the government must prove beyond a reasonable doubt that the alleged

scheme contemplated a deprivation of money or property.  Such a contemplated

deprivation of money or property can include a deprivation of material information

necessary to make discretionary economic decisions.

It is not necessary, however, that Mr. Litvak originated the alleged scheme.  Nor

is it necessary that he actually realized any gain from the scheme or that the United

States or the Troubled Asset Relief Program actually suffered any loss.

The five transactions that the government alleges were executed in the scheme

are set forth in paragraph 58 of the Indictment, a copy of which will be provided to you

during your deliberations.  The representations which the government alleges were

made as part of the scheme are described in paragraphs 33 through 54 of the

Indictment.

The government need not prove every misrepresentation charged in the

Indictment.  It is sufficient if the government proves beyond a reasonable doubt that one

of the alleged material misrepresentations was made in furtherance of the alleged

scheme.  However, you must be unanimous as to which of the alleged material

misrepresentations you find the government to have proven beyond a reasonable doubt

was made in furtherance of the alleged scheme.

If you find that the government failed to prove beyond a reasonable doubt this

first element—the existence of a scheme to obtain money or property by means of

material misrepresentations—then your deliberation is finished, and you must return a

verdict of not guilty as to Count Twelve.  However, if you find that the government has

proven beyond a reasonable doubt this first element, then you should proceed to

consider the second element of Count Twelve, on which I will now charge you.

61

42.     COUNT TWELVE:  TARP FRAUD—SECOND ELEMENT

The second element of the crime of TARP fraud charged in Count Twelve is that

this scheme or artifice took place in a form of Federal assistance, including through

TARP, an economic stimulus, recovery, or rescue plan provided by the government, or

the government's purchase of any troubled asset as defined in the Emergency

Economic Stabilization Act of 2008 (or "EESA").

I instruct you that, under EESA, the Secretary of the Treasury may establish

"vehicles that are authorized, subject to supervision by the Secretary, to purchase, hold,

and sell troubled assets."  EESA defines public-private investment funds (or "PPIFs") as

financial vehicles established by the Federal government and funded by a combination

of funds from private investors and funds provided by the Secretary or appropriated

under EESA.  These vehicles were created to purchase troubled assets.

PPIF managers are required to retain all books, documents, and records relating

to the PPIFs, including electronic messages.  And the Special Inspector General of the

Troubled Asset Relief Program (or "SIGTARP") of the Department of Treasury may

access all books and records of the PPIFs, including all records of financial

transactions.  It is the duty of SIGTARP to conduct and coordinate audits and

investigations of the purchase, management, and sale of troubled assets by the

Secretary of the Treasury under the TARP program.

EESA defines "troubled assets" as including residential or commercial mortgage-

backed securities originated or issued on or before March 14, 2008, the purchase of

which the Secretary of the Treasury determines promotes the stability of the financial

markets.

The scheme with which Mr. Litvak is charged in Count Twelve is alleged to have taken place with regard to five RMBS bond transactions involving TARP-funded PPIFs, as set forth in paragraph 58 of the Indictment.  You must determine whether these transactions were executed in a form of Federal assistance, which includes TARP or the government's purchase of any troubled asset.

If you find that the government failed to prove beyond a reasonable doubt this second element—that the scheme took place in a form of Federal assistance, which includes TARP or the government's purchase of any troubled asset—then your deliberation is finished, and you must return a verdict of not guilty as to Count Twelve. However, if you find that the government has proven beyond a reasonable doubt not only the first element—the existence of a fraudulent scheme—but also this second element—that such scheme took place in a form of Federal assistance—then you should proceed to consider the third element of Count Twelve, intent, on which I will now charge you.

43.    COUNT TWELVE:  TARP FRAUD—THIRD ELEMENT

The third element of the crime of TARP fraud charged in Count Twelve is that Mr. Litvak executed or attempted to execute this scheme knowingly, willfully, and with specific intent to defraud.

"Knowingly" here means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" here means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with the bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" here means to act willfully and with the specific intent to deceive, for the purpose of depriving another of money or property, including material information necessary to make discretionary economic decisions

Whether Mr. Litvak acted knowingly, willfully, and with intent to defraud is a fact question for you, like any other fact question.

Direct proof of fraudulent intent is rare, and such proof is not required for the government to carry its burden of proof.  The ultimate facts of knowledge and criminal intent, though subjective, may be proven by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

In addition, the knowledge required to be guilty of TARP fraud encompasses not only the first element—that there was a scheme or artifice to obtain money or property by means of false representations—but also the second element—that the scheme took place in a form of Federal assistance.  In other words, Mr. Litvak must have knowingly

executed this scheme in a form of Federal assistance, which includes TARP or the government's purchase of any troubled asset.

Because an essential element of the crime charged in Count Twelve is intent to defraud, if you find that Mr. Litvak acted in good faith, or held an honest belief that his actions were proper and not in furtherance of any unlawful activity, you cannot convict him of Count Twelve.

If you find that the government has failed to prove this third element—that Mr. Litvak executed or attempted to execute the alleged scheme that took place in a form of Federal assistance knowingly, willfully, and with specific intent to defraud—then your deliberation is finished, and you must return a verdict of not guilty as to Count Twelve. On the other hand, if you find that the government has proven beyond a reasonable doubt this third element, as well as the first and second elements, then you should proceed to consider the fourth element of Count Twelve, on which I will now charge you.

44.    COUNT TWELVE:  TARP FRAUD—FOURTH ELEMENT

The fourth element of the crime of TARP fraud charged in Count Twelve is that the value of the form of Federal assistance in which the scheme took place, or any constituent part thereof, was at least one million dollars ($1,000,000).

The government need not prove that all five transactions involving RMBS bonds had a value of $1,000,000 or more.  One such transaction is sufficient if that transaction had a value of $1,000,000 or more.  However, you must be unanimous as to which of the five transactions you find the government to have proven beyond a reasonable doubt had a value, individually or collectively, of $1,000,000 or more.

If you find that the government failed to prove beyond a reasonable doubt this fourth element—that the value of the form of Federal assistance, or any constituent part thereof, was at least $1,000,000—then you must return a verdict of not guilty.  If, however, you find that the government has proven beyond a reasonable doubt the fourth element, as well as the other three elements of TARP fraud, then you should return a verdict of guilty as to Count Twelve.

I will now charge you on Counts Thirteen through Sixteen.

45.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
      MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—THE
      NATURE OF THE OFFENSE CHARGED

Counts Thirteen through Sixteen of the Indictment allege that Mr. Litvak

knowingly and willfully made a false statement in a matter within the jurisdiction of the

United States Department of Treasury, a department of the United States.  The four

alleged false statements are each set forth as a separate count in paragraph 60 of the

Indictment, a copy of which will be provided to you during your deliberations.

46.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
      MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—THE
      STATUTE DEFINING THE OFFENSE

The relevant statute covering the acts charged in Counts Thirteen through

Sixteen is section 1001 of Title 18 of the United States Code.

Section 1001 provides, in relevant part:

> [W]hoever, in any matter within the jurisdiction of the executive,
> legislative, or judicial branch of the Government of the United
> States, knowingly and willfully . . . makes any materially false,
> fictitious or fraudulent statement or representation . . . shall be
> [guilty of a crime].

47.    COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—THE
PURPOSE OF THE STATUTE

The purpose of section 1001 is to protect the authorized functions of the various

governmental departments from any type of misleading or deceptive practice and from

the adverse consequences which might result from such deceptive practices.

In order to prove a violation of section 1001, the government must prove beyond

a reasonable doubt certain essential elements, as to which I am about to instruct you.  I

want to point out now, however, that the government need not prove anyone was, in

fact, misled as a result of Mr. Litvak's alleged actions.  It does not matter whether

anyone was misled or not, or even whether a government department or agency knew

of the misleading or deceptive act.  Those circumstances would not excuse or justify a

false, fictitious, or fraudulent statement made willfully and knowingly about a matter

within the jurisdiction of the United States government.

48.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—THE
ELEMENTS OF THE OFFENSE

In order to prove Mr. Litvak guilty of the crime charged in Counts Thirteen

through Sixteen, the government must prove beyond a reasonable doubt the following

five elements:

(1) On or about the date specified, Mr. Litvak made a statement or

representation;

(2) This statement or representation was material;

(3) The statement or representation was false, fictitious, or fraudulent;

(4) The false, fictitious, or fraudulent statement was made knowingly and willfully;

and

(5) The statement or representation was made in a matter within the jurisdiction

of the government of the United States.

You will need to determine whether the government has proven all five elements

as to each of Counts Thirteen through Sixteen, separately.  I will now explain these five

elements to you in greater detail.

49.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
       MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—FIRST
       ELEMENT

The first element of the crime charged in Counts Thirteen through Sixteen is that

Mr. Litvak made the statement or representation charged.  The government need not

prove that Mr. Litvak physically made or otherwise personally prepared the statement in

question.  It is sufficient, as to a count, if Mr. Litvak caused the statement charged in

that count to have been made.  Under this statute, there is no distinction between

written and oral statements.

If you find that, as to a count of making a false statement in a matter within the

jurisdiction of the United States government, the government failed to prove beyond a

reasonable doubt this first element—that Mr. Litvak made the statement charged—then

your deliberation is finished, and you must return a verdict of not guilty as to that count.

However, if you find that the government has proven beyond a reasonable doubt the

first element, then you should proceed to consider the second element, on which I will

now charge you.

50.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
       MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—SECOND
       ELEMENT

The second element of the crime charged in Counts Thirteen through Sixteen is

that Mr. Litvak's alleged statement or representation was material.

A false statement is "material" if it has a natural tendency to influence, or is

capable of influencing, the decision of a reasonable decisionmaker in a matter within the

jurisdiction of the United States government.  However, proof of actual reliance on the

statement by the decisionmaker is not required.

If you find that, as to a count of making a false statement in a matter within the

jurisdiction of the United States government, the government failed to prove beyond a

reasonable doubt this second element—that the statement was material—then your

deliberation is finished, and you must return a verdict of not guilty as to that count.

However, if you find that the government has proven beyond a reasonable doubt this

second element, as well as the first element, then you should proceed to consider the

third element, on which I will now charge you.

51.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
        MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—THIRD
        ELEMENT

The third element of the crime charged in Counts Thirteen through Sixteen is that

the statement or representation was false, fictitious, or fraudulent.  A statement or

representation is "false" or "fictitious" if it was untrue when made, and known at the time

to be untrue by the person making it or causing it to be made.   A statement or

representation is "fraudulent" if it was untrue when made and was made or caused to be

made with the intent to deceive.

If you find that, as to a count of making a false statement in a matter within the

jurisdiction of the United States government, the government failed to prove beyond a

reasonable doubt this third element—that the statement charged was false, fictitious, or

fraudulent—then your deliberation is finished, and you must return a verdict of not guilty

as to that count.  However, if you find that the government has proven beyond a

reasonable doubt the third element—that the statement charged was false, fictitious, or

fraudulent—as well as the first and second elements—that Mr. Litvak made the

statement and that the statement was material—then you should proceed to consider

the forth element, on which I will now charge you.

52.    COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
        MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—FOURTH
        ELEMENT

The fourth element of the crime charged in Counts Thirteen through Sixteen is

that Mr. Litvak acted knowingly and willfully.

An act is done "knowingly" here if it is done purposely and voluntarily, as

opposed to mistakenly or accidentally.

An act is done "willfully" here if it is done deliberately, with a bad purpose to do

something the law forbids.

If you find that, as to a count of making a false statement in a matter within the

jurisdiction of the United States government, Mr. Litvak did not act knowingly and

willfully, or if you have a reasonable doubt as to whether he acted knowingly and

willfully, then your deliberation is finished, and you must return a verdict of not guilty as

to that count.  However, if you find that the government has proven beyond a

reasonable doubt this fourth element, that Mr. Litvak acted knowingly and willfully, as

well as the first, second, and third elements, then you should proceed to the fifth and

final element, on which I will now charge you.

53.   COUNTS THIRTEEN THROUGH SIXTEEN:  FALSE STATEMENT IN A
      MATTER WITHIN THE JURISDICTION OF THE GOVERNMENT—FIFTH
      ELEMENT

The fifth element of the crime charged in Counts Thirteen through Sixteen is that

the statement was made with regard to a matter within the jurisdiction of the

government of the United States.  I instruct you that the United States Department of

Treasury is a department of the United States government.

There is no requirement that the statement actually be made, directed, or even

given to the Federal department or agency.  You must, however, find that it was

contemplated that the statement or representation was to be utilized in a matter which

was within the jurisdiction of an agency or department of the United States government.

To be within the jurisdiction of an agency or department of the United States

government means that the statement must concern an authorized function of that

department or agency.  Not everything concerning an agency or department is within

the jurisdiction of the United States.  The phrase "within the jurisdiction" differentiates

the official, authorized functions of an agency or department from matters peripheral to

the business of that body.  A federal department or agency has jurisdiction when it has

the power to exercise authority in a particular situation, regardless of whether the

Federal agency chooses to exercise that authority or not.

A false statement may fall within the jurisdiction of the United States government

even when it is not submitted to a Federal department or agency directly and the

Federal department or agency's role is financial support of a program that it does not

itself directly administer.  The use of federal funds by itself does not put the matter

within the jurisdiction of the United States.  However, where the deception at issue is

made to a private party receiving Federal funds, such deception may be within the

jurisdiction of the United States government if it affected a Federal department or agency because of that department or agency's responsibility to ensure that its funds are properly spent.

It is not necessary for the government to prove that Mr. Litvak had actual knowledge that the false statement was to be utilized in a matter which was within the jurisdiction of the government of the United States.  It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.

If you find that, as to a count of making a false statement in a matter within the jurisdiction of the United States government, the government has failed to prove beyond a reasonable doubt this fifth element—that the statement charged was made with regard to a matter within the jurisdiction of the United States government—then you must return a verdict of not guilty as to that count.  If, however, you find that, as to a count, the government has proven beyond a reasonable all five elements, then you should return a verdict of guilty as to that count.

Remember, you must consider these five elements, on which I have charged you, with respect to each of Counts Thirteen through Sixteen, separately.  My suggestion is that, once you reach a verdict as to Count Thirteen, you proceed to the next count of making a false statement in a matter within the jurisdiction of the United States government, again considering all five elements, and so on, until you have reached a verdict on each of Counts Thirteen through Sixteen.  This is only a suggestion, however.  Again, you are not required to consider the counts in numerical

order, and you should consider the counts in the order that makes the most sense to

you, as the jury.

54.    COPY OF THE INDICTMENT

I am sending a copy of the Indictment into the jury room for you to have during your deliberations.  You are reminded, however, that the Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

55.    NOTE TAKING

I have now concluded the instructions relating to the specific charge in this case. In closing, I must add a few general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

56.    CLOSING REMARKS

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these Instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.  When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors when all jurors are present.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember, you must consider each count separately.  That means that your verdict must be unanimous as to each and every count.  In reaching your verdict as to a count, to find Mr. Litvak guilty of that count, you must be unanimous in finding that the government has proven beyond a reasonable doubt each and every element of that count.  If you are unanimous that the government has not met its burden as to any element of a count, then you must return a verdict of not guilty on that count.  However, if you are unanimous that the government has met its burden as to each and every element of a count, then you should return a verdict of guilty on that count.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, and not on anything else.  Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan.  Rather, you are the judges of the facts, and your sole interest is to evaluate the evidence in this case to determine if the government has met its burden of proof.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not try to do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, my law clerk, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared.  The Verdict Form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law.  Your answers must reflect the conscientious judgment of each juror and must be unanimous.  I suggest you start at the beginning and work your way through, but that is merely a suggestion.

You will answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the Verdict Form.  Then inform the court security officer that you have reached a verdict.  I stress that each of you must be in agreement with the verdict as contained in the Verdict Form and announced in court.  Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations.  Please wait to begin deliberations until the Deputy Clerk brings the Verdict Form and exhibits in to you. It will take a few minutes to gather the exhibits.

If you need any of the testimony read, you must request that.  Please understand that it is not always easy to locate what you might want.  It can take a long time to find it, so please consider that.  If you feel you need testimony read back, be as specific as possible in your request.

Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may, if you can, continue your deliberations while waiting for the answer to any question.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of guilt or lack of guilt of the defendant, until after you have reached a unanimous verdict.  Never disclose any vote count in any note to the court.

It is proper to add a final caution.

Nothing that I have said in these Instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you.  The regular jurors should now accompany the Deputy Clerk to the jury room to consider your verdict.  At this time I ask the alternate jurors to remain in the courtroom for a moment.

Thank you for your service so far and thank you in advance for what I know will be your careful and thoughtful deliberations.