UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | October 8, 2014 |

**GOVERNMENT'S REPLY REGARDING
MOTION FOR ENTRY OF ORDER OF RESTITUTION**

The United States respectfully submits this reply memorandum to withdraw its request that the Court enter an Order of Restitution against defendant Jesse C. Litvak. While the Government contests most of the arguments made by the defendant in his opposition, we nonetheless concede that, under the state of the law and the facts here, an order of restitution would not serve the interests of justice.

First, the Government acknowledges that a restitution award for privately-funded victims of securities fraud under these circumstances is an extension of the law for which there is little precedent. In his opposition memorandum [Dkt. #288, 9/29/14], the defendant correctly argues that while the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires restitution for Title 18 violations such as TARP fraud under 18 U.S.C. § 1031, restitution is not available for securities fraud violations under Title 15. Opp. at 2-4. Thus, the privately-funded victims of fraudulent trades that were charged under Title 15 are not clearly entitled to restitution. The Government has considered whether the MVRA's broad definition of "victim"[1] could be read to

---

[1] 18 U.S.C. § 3663A(a)(2):

> For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or

authorize restitution to all of Litvak's victims, regardless of whether they were TARP-funded or privately-funded. Under that theory, the privately-funded victims would be entitled to restitution because they were the victims of the same scheme, charged under Title 18, that defrauded the TARP-funded victims. Indeed, the defendant did not have separate schemes to commit TARP fraud and securities fraud, but just one scheme to make material misrepresentations that affected his victims' prices to secretly increase Jefferies' commission.

The Government's research reveals numerous cases in which the MVRA's definition of "victim" has been read broadly to authorize restitution to those who incur losses due to a defendant's co-conspirators' conduct or as a result of non-criminal acts taken in furtherance of a criminal scheme. However, we have located no case to support application of the MVRA (or any other restitution statute) in the context of a single scheme with multiple executions that was charged under two different statutes, only one of which is subject to restitution. Accordingly, the Government does not urge such a statutory interpretation on the Court, and withdraws its motion for restitution with respect to the 18 uncompensated trades in which the defendant defrauded privately-funded victims in violation of 15 U.S.C. §§ 78j(b) & 78ff.

Nonetheless, the Government has reason to believe that, in large part, the defendant's victims will be otherwise compensated for their losses. As discussed in the Government's sentencing memorandum, during sentencing hearing and in the Government's motion [Dkt. #285, 9/6/14], the defendant's former employer, Jefferies & Co., Inc. ("Jefferies"), has entered into settlements with the victims of the defendant's fraud which have compensated those victims for their losses. Jefferies continues to enter into such settlements: to wit, on October 2, 2014—after both the Government's

---

pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

motion and the defense's opposition brief—Jefferies agreed to pay Fannie Mae more than the $611,710.34 in loss caused by the defendant's fraud.  (To put that figure in context, this settlement reduced the outstanding amount of uncompensated loss to the defendant's victims by more than 38%, from $1,604,088.47 to $992,378.13.)  Jefferies has represented that it will continue to use its best efforts to make restitution to the victims it has identified, and is even now negotiating additional settlements.  Jefferies has a strong incentive to make such restitution in a timely way; Jefferies has potential civil liability to its customers and its non-prosecution agreement provides a limited window of time during which it may credit a certain amount of restitution against its $25,000,000 penalty.

Of particular importance, the Government understands that that all TARP-funded victims stand to be made whole by Jefferies through such settlements.  Thus, even though restitution is technically authorized against the defendant under the MVRA with respect to the $151,256.59 of loss still owed to victims of his TARP fraud, the Government believes that such restitution is unnecessary because the uncompensated TARP-funded victims will shortly be made whole by Jefferies.  Therefore, the Government withdraws its motion for restitution with respect to the three remaining uncompensated trades in which the defendant defrauded TARP-funded victims in violation of 18 U.S.C. § 1031.

    Respectfully submitted,

    DEIRDRE M. DALY
    UNITED STATES ATTORNEY

    _____/s/_____
    JONATHAN N. FRANCIS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv05083
    jonathan.francis@usdoj.gov
    157 Church Street, 25th Floor
    New Haven, CT  06510
    Tel.: (203) 821-3700

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 8, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

          /s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY