```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

    _____
     United States of America    )November 4, 2016
              Government         )1:01 p.m
           v.                    )
     Jesse C. Litvak             )3:13cr19(JCH)
              Defendant.         )
    _____)


                                      141 Church Street
                                      New Haven, Connecticut

                  TELEPHONIC CONFERENCE


     B E F O R E:
                    THE HONORABLE JANET C. HALL, U.S.D.J.



     A P P E A R A N C E S:

     For The Government  :    William Nardini
                              Heather Cherry
                              U.S. Attorney's Office
                              157 Church St., 23rd floor
                              New Haven, CT 06510


     For the Defendant   :    C. J. Mahoney
                              Adam Harber
                              Williams & Connolly
                              725 12th St., N.W.
                              Washington, DC 20005-5901

                              Michael Chase
                              Shipman & Goodwin
                              One Constitution Plaza
                              Hartford, CT  06103
```

1           THE COURT:  Good afternoon.  This is Judge Hall
2    speaking and I hope I have counsel on the line in the matter
3    of the United States versus Jesse Litvak, 3:13CV19.  If so,
4    could I have appearances please.
5           MS. CHERRY:  Good afternoon, your Honor.  For the
6    Government, Heather Cherry and Bill Nardini.  Also with us is
7    Investigator Bob Marson and Jim O'Connor from SigTarp.
8           THE COURT:  Thank you.
9           MR. MAHONEY:  For the defense, you have C.J. Mahoney
10   and Adam Harber and Michael Chase.  Mr. Litvak is on the line
11   as well.
12          THE COURT:  Good afternoon to everybody.  I actually
13   had scheduled this about I think a week or so ago, maybe not
14   that long, whatever.  Initially I scheduled this I think
15   about a week or so ago when I was wondering about the
16   deadlines and is this case in order, was there going to be a
17   lot more motions and I was trying to figure that out.
18          I realize we had done a lot of pretrial stuff in
19   preparation for what was supposed to be a trial that would
20   have already happened, then it was continued.
21          I have since gotten a motion from the defendant I
22   call it a Brady motion and I think the government's response
23   is not yet due, but I wondered do the parties foresee much
24   additional pretrial motions or practice and I guess if so, of
25   what nature and why, why hadn't we resolved it earlier.  It

1    is kind of a status conference.  I would ask I guess the
2    government first.
3            MR. CHERRY:  I think at this point the Government
4    doesn't have anything additional in mind.  We did prior to
5    this call, Your Honor, speak to defense counsel regarding
6    responses to their motion, the Brady motion to compel and I
7    think we agreed on some response date that being the
8    Government would respond on November 18.  Defense would then
9    respond on November 25, and we would be ready to discuss at
10   the pretrial conference on November 30 if that schedule works
11   for Your Honor.
12           THE COURT:  If that's all right with everyone, it is
13   fine with me.  Is that all right with the defense?
14           MR. MAHONEY:  It is, Your Honor.  So I think I heard
15   Attorney Cherry say she doesn't at this point anticipate
16   motion practice by the government.  How about from the
17   defense?
18           MR. MAHONEY:  Your Honor, the only issue I wanted to
19   raise was that of exhibits.  The parties have conferred. We
20   actually exchanged preliminary objections to exhibit lists
21   and have a meet and confer scheduled for November 10.  I'm
22   not sure if Your Honor wants to deal with, to the extent
23   we're unable to reach agreement on certain exhibits, if you
24   want to deal with that at the pretrial conference or some
25   other time.

1        THE COURT:  I would like to try to.  So I guess that
2   means that I need to get the exhibit lists from both sides.
3   I need to know what are objected to and some short indication
4   of the basis for the objection.  That assumes the parties
5   can't work, whatever the parties can't work out after
6   discussing and conferring about it.  But I can't say that I
7   will be able to resolve them all at a pretrial conference.
8   Some I may have to keep for trial, others I may to think
9   about or do research.  I would hope to be able to resolve
10  some of those issue at the pretrial conference.
11       Can we set dates by which I will get both sides
12  exhibit lists, if there's a defense list and certainly the
13  Government list and with an indication of objections on the
14  list.  And as I say, that should be after you all have had a
15  chance to discuss it and perhaps resolve any.  For example,
16  if there's authentication or foundation objections, I would
17  hope those could be discussed and addressed between the
18  parties unless there's some genuine issue about the
19  authentication of a document or whether it is authentic, if
20  it is a matter of proving it up by business record or
21  otherwise, can there be a stip.  If not, the government would
22  bring in a witness.  I would hope there could be some
23  exploration of the objections to see if they can been
24  resolved.  So if that's built into the time frame, when would
25  I have this exhibit list with objections noted?

1    MR. MAHONEY: Your Honor, this is Mr. Mahoney. We
2 haven't discussed a date. I was looking at the calendar. I
3 think perhaps maybe like the 18th which would be about a week
4 after our meet and confer that would give us some time to go
5 back and forth on.
6    THE COURT: That's fine. What's the number of
7 exhibits that the Government is presently offering or on
8 their list?
9    MS. CHERRY: Your Honor, I apologize. I don't have
10 the exhibit list in front of me.
11    THE COURT: I guess I still would like one paper
12 copy. I think in the past I have asked for two. I was
13 thinking of whether I could go electronic that may be a
14 bridge too far for me so I would ask for a copy so those will
15 have to also be in chambers by the time or at the time I get
16 this list with the objections noted, so I will be able to
17 refer to the exhibits and try to figure out a ruling.
18    MS. CHERRY: Understand, Your Honor.
19    THE COURT: Has the defense disclosed an exhibit
20 list or not?
21    MR. MAHONEY: We have, Your Honor.
22    THE COURT: So obviously I will need your exhibits
23 one copy and I will need the list that reflects any
24 objections by the Government that can't be resolved.
25    MS. CHERRY: Your Honor, I know the defense had

1  offered November 18.  We would ask for a few more days if
2  possible, maybe early the following week the 23.
3          THE COURT:  What date is the pretrial conference?
4  Remind me.
5          MS. CHERRY:  The 30th.
6          THE COURT:  What's the Thanksgiving date?
7          MS. CHERRY:  24.
8          THE COURT:  So I'm out 24, 25, 26, and 27 and so I
9  return to chambers on the 28, and so under this view, I will
10 have the joined motion joined on a day I'm not here.  The
11 court is closed and I'm going to get exhibits which I have no
12 idea how many are objected to, I can only imagine there will
13 be quite a few.  I'm expected to do that in two days.
14         MS. CHERRY: I understand, Your Honor.  We'll go with
15 that 18th.
16         THE COURT:  All right.  Unfortunately you focused
17 me, however, on the briefing.  The 18th is certainly time
18 enough.  I guess I'm trouble by the defendant's response on
19 the 25.  That's a court holiday.  I believe the day after
20 Thanksgiving.  And so technically if I give you that date,
21 you don't have to file until Monday at midnight because the
22 rules are you file on the next court date when a deadline
23 lands on date that is not a court date and, therefore, I
24 would have Tuesday to look at your reply.  I don't think
25 that's a good idea.  So I would ask that --

1        MR. MAHONEY:  We're willing to get it on the 22nd to
2   give your Honor more time.
3        THE COURT:  That would be great.  Thank you very
4   much.  Anything else?
5        MR. MAHONEY:  The only thing from the defense is you
6   currently have the pretrial conference scheduled to begin at
7   1:00 on the 30th and we obviously hope that we can make
8   progress on the meet and confer and limit the number of
9   exhibit issues as much as possible, but we were wondering --
10  we talked with the Government.  I understand the Government
11  would have no objection to moving the status conference to
12  start in the morning on the 30th. Is that possible for Your
13  Honor?
14       THE COURT:  I have a sentencing in the morning, but
15  I presumably could try to move that.  Yeah.  I probably can
16  do that.  I will talk with my assistant and she'll work on
17  moving the sentencing, and we'll move the conference back to
18  10.  But to be honest with you, I mean there's only so long
19  everybody's patience and I underline everybody's not just
20  mine could continue with a pretrial conference from 10 to 5.
21  That seems like a lot of things to talk about and you haven't
22  told me very much that needs to be discussed.  Maybe the
23  number of exhibits I guess we'll slog through maybe that's a
24  reason and I will try to move it to 10:00.
25       MR. MAHONEY:  If that works for Your Honor.  I'm

1  sure we can deal with it either way.
2          THE COURT:  A long, long time ago I think back in
3  May or June or July when we were getting the case ready for
4  trial, whenever that earlier date was, the Government I
5  believe submitted a redacted version of the Indictment for
6  what would be sent to the jury.  Has that been agreed upon
7  with the defense?  Can it be prepared in final format?  I
8  recall seeing a note on it from the Government that this
9  wasn't -- this shows the redacted portions.  In other words,
10 you would have to then create a document cutting and pasting
11 so it wasn't obvious there were things redacted.  Does any of
12 this ring a bell with anyone?  No?
13         MS. CHERRY: It does.  I think it was part of motion
14 in limine and my recollection is that we may have agreed on
15 that final version.
16         THE COURT:  I would ask when you are conferring on
17 exhibits, if you take a look at what you submitted which
18 shows the redactions if the defense agrees or whatever
19 prepare it in the clean version so we can get that checked
20 off the list and obviously if the defendant disagrees, then
21 we'll take it up at the pretrial conference.
22         MS. CHERRY:  Thank you, Your Honor.
23         THE COURT:  The last thing I had and I could have
24 checked this, but I'm asking you to help me to have a sense
25 of when I should get working on this.

1        I believe that you folks have submitted request to
2   charge.  I'm not sure if both of you have.  Did you do that
3   back in the earlier trial time frame, May, June or somewhere
4   in there?
5        MR. MAHONEY:  We did.
6        MS. CHERRY:  We did.
7        THE COURT:  In a nutshell, can somebody tell me, of
8   course, they are different than the first trial.  They don't
9   contain certain counts.  Are there substantial differences in
10  the charge in relation to the counts that will be going to
11  this jury.
12       MR. MAHONEY:  Your Honor, if I can go first, I do
13  think that the defense version of the instructions are
14  probably depart from the prior instructions the most but
15  not -- we've certainly not rewritten them.  The major thing
16  we have done.  Your Honor may recall we raised the issue of
17  the materiality instruction at the motions in limine stage
18  because it bore on one of the potential motions in limine.
19  At the time Your Honor agreed to make a change which then
20  mooted one of our motions in limine.  I think that the
21  materiality instruction, though, is the part -- is the part
22  of our requested instructions that differ the most from the
23  instructions that Your Honor gave in the last trial.  Much of
24  that is due to the Second Circuit's opinion.
25       THE COURT:  Okay. All right.  That's great.  I will

```
 1   look at that.  I will refresh myself on the motion in limine
 2   aspect of it and what I did that mooted it which would also
 3   acknowledge I was going to do something on materiality.
 4   Perhaps if we have time after the all the exhibits and
 5   everything at the pretrial conference, we can have some
 6   discussion about that perhaps so that I can get a better
 7   sense of exactly.  I can get a better sense of each side's
 8   position and then be able, be able to draft what I think is
 9   appropriate and maybe get that to you sooner so we have
10   sometime to be thoughtful about it instead of scrambling at
11   the last minute.  So I will try to take a look at that and be
12   ready myself.  I ask if you likewise could be ready to talk
13   about that as well.  All right.
14           MR. MAHONEY: Yes, Your Honor.
15           MS. CHERRY:  Yes, Your Honor.
16           THE COURT:  Anything else?
17           MS. CHERRY:  Not from government, Your Honor.
18           MR. MAHONEY:  Not from the defense.
19           THE COURT:  Thank you very much.  I apologize for
20   having rescheduled this twice.  I appreciate your patience.
21   I'm glad I didn't bring you to New Haven for this call.  I
22   will see you November 30 at 10 in the morning.  Thank you.
23               (Whereupon, the above proceeding adjourned at
24   1:15 p.m.)
25
```

```
 1
 2
 3
 4
 5   COURT REPORTER'S TRANSCRIPT CERTIFICATE
 6   I hereby certify that the within and foregoing is a true and
 7   correct transcript taken from the proceedings in the
 8   above-entitled matter.
 9
10   /s/   Terri Fidanza
11   Terri Fidanza, RPR
12   Official Court Reporter
13              .
14
15
```