UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:13CR19(JCH) |
| | : | |
| v. | : | |
| | : | |
| JESSE C. LITVAK | : | May 19, 2017 |

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

The United States submits this opposition to the defendant Jesse C. Litvak's motion for release pending appeal [Doc. #551]. Because Litvak has not raised a substantial question of law or fact, and none of his arguments is likely to result in reversal or an order for a new trial, he has not met the statutory requirements for bail pending appeal. His motion should be denied.

**LEGAL STANDARD**

Under 18 U.S.C. § 3143(b), a district court must order a convicted defendant detained pending appeal unless it determines that (1) there is clear and convincing evidence "that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released"; (2) "the appeal is not for purpose of delay"; (3) "the appeal raises a substantial question of law or fact"; and (4) if the appeal is decided in the defendant's favor, it is "likely to result in reversal or an order for a new trial." *See United States v. Randell*, 761 F.2d 122, 124-25 (2d Cir. 1985). A "substantial question" is one that is "close" or "very well could be decided the other way." *Id.* at 125 (quotation marks omitted). If the Court finds that a question to be "substantial," it must then determine "whether that question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* (quotation marks omitted). The defendant bears the burden of establishing all of the criteria for release pending appeal. *Id.*; *see*

*also United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) (recognizing statutory "presumption in favor of detention" following conviction).

## ARGUMENT

In his short memorandum, Litvak merely lists (without arguing) nine purported errors by the Court. Under the applicable standards of review, none is a "close" or "fairly debatable" question of law or fact, and none is likely to result in the Second Circuit reversing or ordering a third trial.

### A. The Government's Evidence Was Sufficient

First, Litvak states that there was insufficient the evidence for his conviction on Count Four. Litvak is wrong, and clearly so.

A defendant bears a "heavy burden" given the "exceedingly deferential standard of review" applied by the Court of Appeals to sufficiency claims. *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014) (citations and quotation marks omitted). After viewing "the evidence in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government," a court "must uphold a conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Anderson*, 747 F.3d at 59-60 (emphasis in original, quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), *inter alia*). "[T]he only question under *Jackson* is whether that finding [of guilt] was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012) (per curiam).

The Government's evidence to convict on Count Four plainly met this standard. The Court evaluated Litvak's motion for judgment of acquittal—which focused exclusively on materiality—in its April 17, 2017 Ruling Re: Motion For Judgment Of Acquittal Or, In The Alternative, A New Trial [Dkt. 533]. The Court's decision summarized the relevant evidence,

applied the appropriate law, and reached a reasoned result.  Given the Second Circuit's prior decision in this case concerning the sort of victim testimony that is sufficient to establish materiality, *United States v. Litvak*, 808 F.3d 160, 175-76 (2d Cir. 2015), Litvak could never overcome his heavy burden of demonstrating that there was insufficient evidence of materiality on this record.

Accordingly, an appeal based on the sufficiency of the evidence will not raise a substantial question of fact or law.

**B.     The Court's Evidentiary Rulings Were Correct**

Next, Litvak states that the Court abused its discretion in four evidentiary rulings: 1) allowing testimony that victims perceived Litvak to be acting as their agent; 2) admitting evidence regarding victims' investors; 3) precluding evidence regarding conduct at other broker-dealers without either the victims' or Litvak's knowledge; and 4) excluding evidence regarding the Government's investigative techniques.  The Court's ruling on each of these was proper, but even if not, any error was harmless.

A district court's evidentiary rulings are afforded great deference in recognition of its "superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010). The Court of Appeals "will reverse an evidentiary ruling only for abuse of discretion, which [it] will identify only if the ruling was arbitrary and irrational." *Id.* (quotations and citations omitted).  "Errors are not grounds for reversal if they are harmless, i.e., if there is 'fair assurance' that the 'judgment was not substantially swayed by the error.'" *United States v. Gonzalez*, 764 F.3d 159, 168 (2d Cir. 2014) (citation omitted).

Litvak's four evidentiary issues were the subject of motions in limine that were analyzed by the Court at length in its June 26, 2016 Ruling Re: Motions In Limine [Dkt. #432].  In each

instance, the Court applied well-established evidentiary law to a set of facts that it was uniquely well-suited to evaluate, given its understanding of the evidence from Litvak's first trial. In some respects, the Court even agreed with Litvak's arguments on these motions, granting each motion in part and denied it in part. None of the Court's rulings was "arbitrary and irrational," but even if any were, none imposed such a grievous handicap on Litvak as to give rise to a "fair assurance" that the jury's verdict was "substantially swayed by the error."

Accordingly, an appeal based on Litvak's evidentiary complaints will not raise a close question, and is unlikely to result in reversal or a new trial.

### C. The Jury Charge Was An Accurate Statement Of The Law

Next, Litvak states that the Court erred in instructing the jury on the elements of securities fraud. At trial, Litvak raised only four objections to the Court's jury charge. *See* Trial Tr. at 1516:4-23. Read as a whole, the Court's jury instructions properly stated the law.

The Court of Appeals reviews jury instructions to which a defendant objected *de novo*. *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). If there is error, the Court of Appeals will vacate a criminal conviction only if the error prejudiced the defendant by misstating the law. *United States v. Ferguson*, 676 F.3d 260, 275 (2d Cir. 2011). Instructions are reviewed in their entirety to determine "whether, on the whole, they provided the jury with an intelligible and accurate portrayal of the applicable law." *United States v. Weintraub*, 273 F.3d 139, 151 (2d Cir. 2001). Even if a particular instruction or portion thereof is deficient, the Court of Appeals reviews "the entire charge to see if the instructions as a whole correctly comported with the law." *United States v. Jones*, 30 F.3d 276, 283 (2d Cir. 1994).

Here, the Court meticulously crafted its charge to the jury. It was based on a charge which the Second Circuit had examined and found (at least in relevant part) to be proper; it incorporated nearly verbatim the statement of the law of materiality from binding cases; it was

the result of an iterative process that accommodated the parties' views. Indeed, the Court even went so far as to create a fourth element of securities fraud to oblige the defense's focus on materiality. Litvak has previously admitted that three of his four arguments are at odds with Second Circuit law. Trial Tr. 686:19 - 692:10. Given the scrutiny applied by the Court and the parties (and the Second Circuit) to these jury instructions, the Court can be confident that the Court of Appeals will read the whole charge as an accurate statement of the law of securities fraud.

Accordingly, an appeal of the Court's jury instruction will not raise a close question, and is not likely to result in reversal or a third trial.

### D. The Court's Sentencing Process and Decision Were Not Erroneous

Finally, Litvak states that the Court erred in three respects in his sentencing: 1) in its guidelines calculations; 2) in failing to take into account the nine counts of acquittal; and 3) in imposing a more severe sentence than it did in 2014. The Court's decisions on these sentencing matters was within its discretion and consistent with the law, and thus did not raise a close question.

On appeal, a district court's sentencing decisions are reviewed for reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Watkins*, 667 F.3d 254, 260 (2d Cir. 2012). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). "A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation . . . or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190. "[W]hen conducting substantive review, [the Second Circuit] take[s] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional

advantages of the district court." *Id.* Appellate "review of a sentence for substantive reasonableness is particularly deferential" in part because of "a district court's unique factfinding position, which allows it to hear evidence, make credibility determinations, and interact directly with the defendant (and, often, with his victims), thereby gaining insights not always conveyed by a cold record." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

Before imposing sentence on Litvak, the Court conducted a nearly five-hour hearing, during which the parties elaborated on the factual and legal arguments raised in their thorough sentencing memoranda. The Court was uniquely suited to find the "facts relevant to sentencing by a preponderance of the evidence," *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005), given its knowledge of the evidence adduced at Litvak's two trials and of the facts that had changed since his first sentencing. The Court applied those facts to determine the applicable sentencing range after deciding the contested guidelines issues, namely whether Litvak's nine acquitted and 65 uncharged fraudulent trades were "relevant conduct," whether he had caused "loss" amounting to more than $6.3 million, and whether he had 35 victims. Based on its consideration of all the facts regarding Litvak's background, character, and conduct, 18 U.S.C. § 3661, and the statutory sentencing factors, 18 U.S.C. § 3553(a), the Court chose to depart dramatically from the guidelines to impose a somewhat more severe sentence than Litvak originally received, based on the new facts which the Court identified. *Wasman v. United States*, 468 U.S. 559, 572 (1984) ("[A] sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceeding."); *United States v. Weingarten*, 713 F.3d 704, 714 (2d Cir. 2013) ("[w]e have previously found no reasonable likelihood of vindictiveness where the sentencing court 'predicated its increased sentence on events which occurred subsequent to the original sentencing

proceeding'"); *United States v. Coke*, 404 F.2d 836, 845 (2d Cir. 1968) ("[A]fter a retrial at the defendant's instance, the court may permissibly increase a sentence, just as it may reduce one, in light of his conduct since sentence was initially passed."). The Court's sentencing was thus procedurally and substantively appropriate.

Accordingly, an appeal of the Court's sentencing will not raise a close question.

## CONCLUSION

None of the nine potential appellate issues identified by Litvak amounts to a substantial question of law or fact, and none is likely to result in a reversal of his conviction or remand for a new trial. Because he has failed to satisfy the required statutory criteria for bail pending appeal, the Government respectfully requests that the Court deny Litvak's motion.

                Respectfully submitted,

                DEIRDRE M. DALY
                UNITED STATES ATTORNEY

                _____/s/_____
                JONATHAN N. FRANCIS
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar No. phv05083
                jonathan.francis@usdoj.gov
                WILLIAM J. NARDINI
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar. No. ct16012
                william.nardini@usdoj.gov
                HEATHER L. CHERRY
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar No. phv07037
                heather.cherry@usdoj.gov
                157 Church Street, 25th Floor
                New Haven, CT  06510
                Tel.: (203) 821-3700

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                               /s/
                                        JONATHAN N. FRANCIS
                                        ASSISTANT UNITED STATES ATTORNEY